IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-738 T
(Judge Marian Blank Horn)

BROWNING-FERRIS INDUSTRIES, INC. &
SUBSIDIARIES,

Plaintiff

v.

THE UNITED STATES,

Defendant

# ANSWER

In answer to the complaint, defendant denies each and every allegation therein that is not admitted below.

Defendant further:

1. Admits the allegations in paragraph 1, except denies that the taxes in dispute were erroneously assessed and collected; denies that plaintiff is entitled to the relief it seeks.

2. Denies that jurisdiction is conferred on this Court by 26 U.S.C. § 7422; admits the remaining allegations in paragraph 2.

3. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in the first sentence of paragraph 3; admits the remaining allegations in paragraph 3.

4. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 4.

5. Admits the allegations in paragraph 5.

6-13. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraphs 6-13.

14. Denies the allegations in paragraph 14.

15. Defendant reincorporates its responses to the allegations contained in paragraphs 1 through 13, above.

16. (a) Admits the allegations in paragraph 16(a).

(b) Admits the allegations in paragraph 16(b), except states that plaintiff paid estimated income taxes of $26,000,000 on September 15, 1997, rather than $26,000,670 as alleged in paragraph 16(b); states that the January 15, 1998, overpayment of $46,086,008 was credited to plaintiff's 1998 income tax account rather than refunded as plaintiff alleges; states that a refund of $32,709,291 in 1997 income taxes was paid to plaintiff on August 2, 1998, rather than August 28, 1998, as plaintiff alleges in paragraph 16(b); avers that after refunds and credits of overpayments, as of August 28, 1998, plaintiff had paid total income taxes for 1997 of $23,704,701, rather than $23,705,371, as alleged in paragraph 16(b).

(c) Admits the allegations in paragraph 16(c).

(d) States that the net tax plaintiff paid for 1997 was $42,783,987, rather than $42,784,657 as alleged by plaintiff in paragraph 16(d).

(e) Admits the allegations of paragraph 16(e), except states that taxes paid for 1997 totaled $42,783,987, rather than $42,784,657 as alleged in paragraph 16(e).

(f)-(g) Admits the allegations in paragraphs 16(f)-(g).

17-18. Denies the allegations in paragraphs 17-18.

19. Defendant reincorporates its responses to the allegations contained in paragraphs 1 through 17, above.

20. (a) Admits the allegations in paragraph 20(a).

(b) Admits the allegations of paragraph 20(b), except states that on January 15, 1998, plaintiff's 1998 account was credited with $46,086,008, which was transferred from plaintiff's 1997 income tax account; states that a refund of $9,498,799 was made on August 2, 2000, rather than August 28, 2000, as alleged in paragraph 20(b).

(c)-(g) Admits the allegations in paragraphs 16(c) through 16(g).

21. Denies the allegations in paragraph 21.

22. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 22.

23. Denies the allegations in paragraph 23.

WHEREFORE, defendant requests that the complaint be dismissed with costs assessed against plaintiff.

Respectfully submitted,

s/ ELIZABETH D. SEWARD
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6508
(202) 514-9440 (fax)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief

December 02 , 2005