**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| BROWNING-FERRIS INDUSTRIES, INC. & SUBSIDIARIES | ) | |
| Plaintiff, | ) | No. 05-738 T |
| v. | ) | Judge Thomas C. Wheeler |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**REPLY TO COUNTERCLAIM**

Pursuant to Rules 7 and 12 of the Rules of the United States Court of Federal Claims, Plaintiff, Browning-Ferris Industries, Inc. & Subsidiaries (hereinafter, "BFI" or the "Plaintiff"), replies to the Counterclaim of the Defendant, the United States of America (hereinafter, the "Defendant"), as follows:

24. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Counterclaim.

25. Plaintiff admits the allegations in paragraph 25 of the Counterclaim

26. Plaintiff admits that, on or about November 23, 2005, it was assessed additional tax, restricted interest, and a penalty in the amounts alleged in paragraph 26 of the Counterclaim, but denies any liability for such assessments and denies that any and all such amounts are due and owing. Plaintiff denies any remaining allegations in paragraph 26 of the Counterclaim.

27. Plaintiff admits the allegations in paragraph 27 of the Counterclaim.

28. Plaintiff denies the allegations in paragraph 28 of the Counterclaim.

29. Plaintiff admits that, on or about November 23, 2005, Defendant provided notice and demanded payment of net assessments totaling $18,183,575.51, but denies any liability for

such assessments and denies that any and all such amounts are due and owing. Plaintiff denies any remaining allegations in paragraph 29 of the Counterclaim.

30. Plaintiff admits it has made no payment in satisfaction of the net assessments, but denies any liability for such assessments and denies that any and all such amounts are due and owing. Plaintiff denies any remaining allegations in paragraph 30 of the Counterclaim.

31. Plaintiff denies the allegations in paragraph 31 of the Counterclaim.

32. Plaintiff admits that the Commissioner's stated bases for the net assessments are its determinations as alleged in paragraph 32, but denies any liability for such assessments and denies that any and all such amounts are due and owing. Plaintiff denies any remaining allegations in paragraph 32 of the Counterclaim.

## AFFIRMATIVE DEFENSES AND OTHER MATTER

Without assuming any burden of proof for which it is not responsible as a matter of law, and without admitting any of the allegations of the Counterclaim other than those expressly admitted herein, Plaintiff hereby asserts the following affirmative defenses and other matter in response to Defendant's Counterclaim, without prejudice to plead additional affirmative defenses as the facts developed in discovery may warrant:

### FIRST

There was no underpayment of tax on which to impose an accuracy-related penalty under 26 U.S.C. section 6662. The capital loss claimed by the Plaintiff -- arising from its 1999 sale of Class B Common Stock in certain liability management companies to environmental and insurance consultants -- represents the proper tax treatment for the transactions pursuant to 26 U.S.C. sections 357(c)(3) and 358(d)(2). In addition, because the Plaintiff had a non-tax

business purpose for entering into the transactions and the transactions had economic substance, the transactions may not be disregarded for federal income tax purposes.

**SECOND**

No accuracy-related penalty applies because there was reasonable cause for, and Plaintiff acted in good faith with respect to, its tax treatment of the transactions that resulted in the alleged underpayment of taxes. As a result, Plaintiff satisfies the reasonable cause exception to the accuracy-related penalty under 26 U.S.C. section 6664(c). In fact, Plaintiff's tax treatment of the transactions was consistent with the Internal Revenue Service's contemporaneous interpretations of applicable law.

**THIRD**

No accuracy-related penalty for a gross valuation misstatement applies because any alleged underpayment of tax was not attributable to a valuation misstatement under 26 U.S.C. sections 6662(a), (b)(3), (e), and (h).

**FOURTH**

No accuracy-related penalty for negligence or disregard of rules or regulations applies because any alleged underpayment of tax was not attributable to negligence or disregard of rules or regulations under 26 U.S.C. sections 6662(a), (b)(1), and (c).

**WHEREFORE,** Plaintiff prays that Defendant's Counterclaim be dismissed in its entirety, that judgment be entered on behalf of Plaintiff and against Defendant, and that this Court grant such other and further relief as it deems just and proper.

Dated this 29th day of December, 2005.

Respectfully submitted,

s/ ROBERT F. DENVIR
Winston & Strawn LLP

35 West Wacker Drive
Chicago, Illinois 60601
Phone: (312) 558-5675
Fax: (312) 558-5700
*Attorney of Record for the Plaintiff*

*Of counsel*:

JAMES M. LYNCH
PETER W. POULOS