IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-738 T
(Judge Wheeler)

BROWNING-FERRIS INDUSTRIES & SUBSIDIARIES,

Plaintiff

v.

THE UNITED STATES,

Defendant

MOTION FOR SUSPENSION OF PROCEEDINGS

Defendant, the United States, moves for a 90-day suspension of proceedings, from February 21 to May 22, 2006. As explained below, a decision by the Federal Circuit is expected within that time in Coltec Industries, Inc. v. United States, 62 Fed. Cl. 716 (2004); Fed. Cir. No. 05-5111, a closely related case. The Federal Circuit's decision is likely to simplify the proceedings in this case, and a short suspension will prevent costly and wasted efforts by the parties and the Court in the interim. Plaintiff's counsel has advised that plaintiff opposes allowance of this motion and will file a response.

BACKGROUND

This tax refund suit involves plaintiff's claim that it had a $900+ million loss from its participation in what the United States has identified as a "contingent liability" tax shelter. These shelters were sold nationwide by advisers to dozens of conglomerates, including plaintiff.

They involve the buyer's assignment of contingent liabilities to a newly formed company in exchange for its stock. The stock is quickly sold, and the claim is that the sale generates an enormous tax loss. The Internal Revenue Service has described these "contingent liability" shelters in Notice 2001-17, 2001-1 Cum. Bull. 730, and concluded that taxpayers are not entitled to the claimed tax losses.

Several taxpayers, including plaintiff, have chosen to litigate the disallowance of their losses. Given the enormous financial stakes, and the designed-in complexity of the transactions to provide the arguments for the claimed losses, the litigation is extremely hard fought, expensive, and time-consuming. In Coltec, the first "contingent liability" case litigated in this forum, readying the case for trial resulted in the production of more than 100,000 pages of discovery, the taking of several dozen depositions, and the presentation of 17 separate expert witness reports. The trial itself took several weeks. Needless to say, both parties devoted an enormous amount of money and staff to that litigation.[1/]

The Court of Federal Claims ruled for the taxpayer, but the United States has appealed to the Federal Circuit. The case was argued on February 7, 2006, and a decision by the Federal Circuit is likely later this spring. In another contingent liability tax shelter, involving Black & Decker Corporation, the Fourth Circuit recently reversed and remanded the judgment in favor of the taxpayer. Black & Decker Corp. v. United States, ___ F.3d ___, 2006 WL 241073 (4th Cir.,

[1/] A quick review of the docket entries in the Coltec case tells much of the tale: The judgment is item number 200 on the docket, and items 1 through 199 include a healthy quantum of motions that were disputed, briefed, argued, and decided by the Court. If this case proceeds without the guidance anticipated in the Federal Circuit's forthcoming decision in Coltec, one would expect a correspondingly large and costly effort; in contrast, if the case proceeds after a decision in Coltec, substantial economies would be likely.

Feb. 2, 2006), *reversing* 340 F.Supp.2d 621 (D. Md. 2004). The Fourth Circuit reached conclusions that are at odds with those reached by the Court of Federal Claims in Coltec. The Federal Circuit's ruling promises to further clarify the legal landscape and significantly streamline the litigation of this case.

ARGUMENT

The Court, of course, has broad discretion to manage the litigation of its docket and "to secure the just, speedy, and inexpensive determination of every action." *See* RCFC 1. The short suspension requested by the United States will accomplish just that.

1. A taxpayer's claim for losses from a contingent liability tax shelter turns on the interaction of a variety of provisions of the Internal Revenue Code and on the application of several judicial doctrines. The parties presented these issues to the Fourth and Federal Circuits in the Coltec and Black & Decker appeals. Essentially similar questions are involved in evaluating the claimed losses in this case.

2. The Federal Circuit's ruling in Coltec almost certainly will resolve many of the parties' disputes in this case. The requested 90-day suspension parallels the expected time within which the Federal Circuit typically seeks to release a decision.

3. In addition, the Federal Circuit's ruling likely will have a significant impact on the nature and volume of the discovery necessary to ready this case for resolution. For example, if the Circuit agrees with defendant's analysis of the statutory provisions governing plaintiff's basis in the stock of the newly formed company, very little factual discovery will be necessary. And if the appellate court were to conclude in taxpayer's favor (contrary to the Fourth Circuit in

Black & Decker) that there is no "economic substance" doctrine, the scope of necessary factual discovery might also be very limited.

4. In the absence of a suspension, the parties will be obliged to proceed with discovery that addresses all of the legal and factual issues that might be presented. That discovery unavoidably will be costly and time consuming. To the extent the appellate decision in Coltec will resolve legal and factual issues, a short suspension to await that decision will avoid the unnecessary expenditure of the parties' resources.

5. The Federal Circuit's decision in Coltec also is likely to materially improve the prospects of settlement. In the event of a settlement, much or all of the work expended in the interim by the parties would be unnecessary.

WHEREFORE, the United States requests the Court to allow its motion for suspension of proceedings.[2/]

Respectfully submitted,

s/ STUART J. BASSIN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6418
(202) 307-2504 (fax)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

February 15, 2006

---

[2/] The parties anticipate filing a Joint Preliminary Status Report setting forth a proposed discovery schedule before the Court resolves this motion. That proposed schedule will reflect the parties' agreement regarding the time required to complete the various phases of anticipated discovery once the discovery process begins. The proposal is based upon the assumption that the Federal Circuit's ruling in Coltec does not alter the legal landscape governing analysis of this case. The Circuit's ruling will almost surely alter that assumption and require rethinking of the proposed schedule.