**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| BROWNING-FERRIS INDUSTRIES, INC. & SUBSIDIARIES | ) | |
| Plaintiff, | ) | No. 05-738 T |
| v. | ) | Judge Thomas C. Wheeler |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**<u>JOINT PRELIMINARY STATUS REPORT</u>**

Pursuant to paragraph 4 of Appendix A to the Rules of the United States Court of Federal Claims (RCFC), the parties submit the following information:

a. <u>Jurisdiction</u>. Plaintiff asserts that jurisdiction is conferred upon the Court by Title 28, United Stations Code, section 1491. Defendant agrees that, to the extent it exists, jurisdiction would be conferred upon the Court by Title 28, United Stations Code, section 1491. A copy of Title 28, United States Code, section 1491, is included in the Appendix for the Court's reference.

b. <u>Consolidation</u>. The parties are unaware of any other case with which this case should be consolidated.

c. <u>Bifurcation of trial</u>. The parties presently believe that separate trials on the questions of liability and damages should be unnecessary in this case. The parties request, however, that the Court first determine the question of liability. If the Court determines that plaintiff has either overpaid or underpaid the amount due, the parties propose that they be given a reasonable amount of time to enter into a stipulation as to the amount. If within that time period the parties find they cannot so stipulate, then the Court would determine the amount of damages based upon the record before it.

d. Deferral of proceedings. The parties know of no case pending before the Court that would justify deferral of proceedings in this case.

e. Remand or suspension. Not applicable.

f. Additional parties. The parties know of no additional parties who should be joined.

g. Dispositive motions. Until this case has been developed further, the parties will be unable to determine whether they will be able to file dispositive motions, or partially dispositive motions, after the close of discovery.

h. Issues. The overall issue in this suit is whether plaintiff has overpaid or underpaid its taxes in the years in suit, and, if so, what is the amount of that overpayment or underpayment. The parties have so far identified the following subsidiary issues:

(1) Capital Loss (Complaint ¶¶ 6-14). Whether plaintiff is entitled to a capital loss in the amount of $901,660,007 for its tax year ended July 30, 1999, for the capital loss claimed on the disposition of stock.

a. i. Whether plaintiff can establish that it had a basis of $902.5 million in the shares of its liability management companies prior to their sale in 1999.

ii. Whether plaintiff's basis in the shares it acquired in its liability management companies must be reduced by the amount of the claimed contingent environmental and self-insurance liabilities assumed pursuant to 28 U.S.C. § 358(d).

b. Whether plaintiff can establish that the Transactions had economic substance and that any losses arising therefrom may properly be deducted for federal income tax purposes.

(2) Penalty (Counterclaim ¶¶ 24-32). Whether plaintiff is liable for an accuracy-related penalty in the amount of $5,935,492 under 26 U.S.C. § 6662 for its tax year ended September 30, 1997, attributable to the capital loss claimed on the disposition of stock.

i. Settlement. Until discovery has been completed, at least in part, the parties cannot determine whether this case can be settled.

j. Trial. If this case cannot be resolved by dispositive motion, a trial will be necessary. The parties request that the trial in this case be held in Washington, D.C.

k. Electronic Case Management Needs. The parties are not aware at this time of any special issues regarding electronic case management needs.

l. Other Information. On February 15, 2006, defendant filed a motion seeking a 90-day suspension of proceedings to allow the Federal Circuit to resolve the pending appeal in resolution of a case, which was argued on February 7. *Coltec Industries, Inc. v. United States*, 62 Fed. Cl. 716 (2004); Fed. Cir. No. 05-5111. Plaintiff intends to oppose that motion. The parties are not aware of any other information of which the Court should be aware at this time.

m. Proposed Discovery Plan Because of the pending motion for suspension of proceedings, the parties disagree regarding whether discovery should commence at this time. The parties agree, however, regarding the time intervals which will be required to complete pretrial development of this case once discovery begins. The parties recommend that the Court issue a scheduling order providing that --

(1) The parties shall exchange the information described in Fed. R. Civ. Proc. 26(a)(1), within 21 days of the issuance of the Court's scheduling order.

(2) The parties shall complete factual discovery within 10 months of the issuance of the Court's scheduling order.

(3) Expert discovery will occur as follows:

(a) No later than 30 days before the close of fact discovery, the parties will exchange designations of expert witnesses, including resumes and a brief description of the topic(s) upon which the expert(s) will testify.

(b) No later than 30 days after the close of fact discovery, the parties will exchange designations of rebuttal expert witnesses, including resumes and a brief description of the topic(s) upon which the expert(s) will testify.

(c) No later than 60 days after the close of fact discovery, the parties will exchange expert reports.

(d) No later than 105 days after the close of fact discovery, the parties will exchange rebuttal expert reports (not to exceed 20 double-spaced pages, including attachments).

(e) No later than 165 days after the close of fact discovery, the parties will complete expert witness discovery.

(4) If either party perceives that additional time is required, that party shall so inform the Court and propose a modification of the schedule.

Respectfully submitted,

s/ ROBERT F. DENVIR
Attorney of Record
Winston & Strawn LLP
35 West Wacker Drive
Chicago, Illinois 60601
Phone: (312) 558-5675
Fax: (312) 558-5700
JAMES M. LYNCH
PETER W. POULOS
Of counsel
Attorneys for Plaintiff

s/ STUART J. BASSIN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Phone: (202) 307-6418
Fax: (202) 307-2504

Attorneys for Defendant