IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-738 T
(Judge Wheeler)

BROWNING-FERRIS INDUSTRIES & SUBSIDIARIES,

Plaintiff

v.

THE UNITED STATES,

Defendant

# REPLY IN SUPPORT OF THE MOTION OF THE UNITED STATES FOR SUSPENSION OF PROCEEDINGS

The fundamental question presented by the instant motion is whether the Court should order a 90-day suspension of proceedings in this case in anticipation of a decision by the Federal Circuit in Coltec Industries, Inc. v. United States, 62 Fed. Cl. 716 (2004); Fed. Cir. No. 05-5111. As discussed below, the parties do not substantially disagree regarding the relationship between this case and Coltec; rather, they disagree regarding the action the Court should take in light of that relationship. While this is ultimately a matter within the discretion of the Court, allowance of the requested suspension is the better course.

The close relationship between the fact pattern and legal issues presented in this case and the Coltec appeal is not in dispute. Both cases involve transactions described in Internal Revenue Service Notice 2001-17 and, according to the United States, both transactions fail to provide the tax benefits claimed by the taxpayers for the reasons described in the Notice.

Plaintiff acknowledges as much, but correctly points out that the cases are factually intensive and that some legal issues related to imposition penalties are presented here, but not in Coltec.

Likewise, the legal standards relating to motions for suspension are not in serious dispute. Plaintiff recognizes that the Court has discretion in managing the conduct of litigation on its docket, and the United States recognizes that, all other things being equal, the parties should move into the discovery phase of litigation soon after the initial pleadings are filed. What the parties disagree about is whether the Court should, under the specific circumstances presented here, order the short suspension of proceedings requested by the United States.[1/]

Four factors make suspension the preferable course at this time. First, substantial uncertainty exists regarding the law governing this case–the taxpayers in this case (as did the taxpayers in Coltec) disagree with the United States on many legal issues. Second, a Federal Circuit decision resolving many of those disputed legal issues should be forthcoming within a matter of a few weeks or months–it is now five weeks since oral argument on the Coltec appeal. Third, the scope of the discovery which will be required in this case diverges widely depending upon the substance of the Federal Circuit's opinion–very broad discovery will be required if the Federal Circuit makes certain rulings, while more narrow discovery will be required if the

[1/] Plaintiff's citation to Landis v. North American Co., 299 U.S. 248 (1936), does not alter the analysis. While that case cautioned against ordering a suspension which requires a party to stand aside while another party litigates a common legal issue, it has no application here. Coltec has already been argued in the Federal Circuit; it will be decided before this case can be developed, tried, and decided–regardless of whether a short suspension is ordered at this time. *See also* Commonwealth Edison v. United States, 46 Fed. Cl. 29, 33-34 (2000) (providing a summary of the law on suspension in the Court of Federal Claims).

Federal Circuit makes other rulings.[2/] Fourth, a significant (but unknowable) portion of the discovery that the parties conduct before the Federal Circuit rules is likely to prove worthless. In sum, the benefits of allowing the parties and the Court to incorporate the lessons of the Federal Circuit's Coltec ruling in their conduct of discovery here outweighs the cost of the relatively short delay requested by defendant.

WHEREFORE, the United States requests the Court to allow its motion for suspension of proceedings.

Respectfully submitted,

s/ STUART J. BASSIN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6418
(202) 307-2504 (fax)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief, Court of Federal Claims Section

March 13, 2006

[2/] Plaintiff's observation (at 2) that the United States will "put plaintiff to the proof regarding its facts" regardless of the Federal Circuit's ruling misses the larger point. The Coltec decision will determine which of plaintiff's facts matter and which facts plaintiff will be required to prove.