# In the United States Court of Federal Claims

No. 05-738T

(Filed: March 15, 2006)

| | |
|---|---|
| ****************************************** | * |
| | * |
| BROWNING FERRIS INDUSTRIES, INC. & SUBSIDIARIES, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |
| | * |
| ****************************************** | * |

ORDER ON MOTION FOR SUSPENSION OF PROCEEDINGS AND SCHEDULING ORDER

On February 15, 2006, Defendant filed with the Court a Motion For Suspension of Proceedings requesting a 90-day stay while a similar case, Coltec Industries, Inc. v. United States, 62 Fed. Cl. 716 (2004), is being considered at the U.S. Court of Appeals for the Federal Circuit (Docket No. 05-5111). Plaintiff opposed Defendant's Motion in a Response filed March 1, 2006. Defendant filed its Reply on March 13, 2006. The Coltec case has been fully briefed on appeal, and the Federal Circuit heard oral argument on February 7, 2006. The issue presented is whether proceedings in the present case should be suspended for 90 days pending the Federal Circuit's expected decision in Coltec.

After considering the arguments of the parties, the Court concludes that the potential but uncertain benefits of suspending proceedings in this case would be outweighed by a delay of three months. The parties have not agreed that the outcome in Coltec will be dispositive of the issues in the present case. Moreover, there is no assurance that the Federal Circuit's decision in Coltec will mark the end of proceedings in that case. While Coltec is under appellate review, the parties are free to proceed with discovery and other pretrial efforts in whatever manner they deem most efficient, perhaps saving for later, if they desire, those efforts that would be directly affected by the decision in Coltec. Accordingly, Defendant's Motion for Suspension of Proceedings is DENIED.

The parties may proceed with discovery pursuant to the schedule proposed in their Joint Preliminary Status Report, dated February 21, 2006. Specifically:

1. The parties shall exchange Initial Disclosures under RCFC 26(a)(1) on or before April 5, 2006;

2. The parties shall complete fact discovery on or before January 15, 2007;

3. Expert discovery shall proceed as follows:

   (a) On or before December 18, 2006, the parties shall exchange designations of their expert witnesses, including a copy of each expert's resume and a brief description of the subject matter of their anticipated testimony;

   (b) On or before February 12, 2007, the parties shall exchange designations of their rebuttal expert witnesses, including a copy of each rebuttal expert's resume and a brief description of the subject matter of their anticipated testimony;

   (c) On or before March 12, 2007, the parties shall exchange expert reports;

   (d) On or before April 23, 2007, the parties shall exchange rebuttal expert reports in no case exceeding twenty pages in length, double spaced, including attachments;

   (e) All expert discovery shall be complete on or before June 18, 2007.

The parties are invited to contact the Court if they believe that the above schedule should be accelerated or otherwise adjusted following the Federal Circuit's decision in Coltec.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge