# United States Court of Federal Claims

| | | |
|---|---|---|
| BROWNING-FERRIS INDUSTRIES, INC. & SUBSIDIARIES, | ) | |
| Plaintiff, | ) | No. 05-738T |
| v. | ) | Judge Thomas C. Wheeler |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO RCFC 41(a)(2) AND FOR DISMISSAL OF COUNTERCLAIM PURSUANT TO RCFC 12(b)(1)**

Plaintiff respectfully moves for voluntary dismissal of its federal tax refund suit without prejudice and for dismissal of defendant's counterclaim. As reasons for the within motion, plaintiff submits as follows:

1. The Court's jurisdiction over this tax refund action is predicated on the filing of valid refund claims for the tax years in suit, 1997 and 1998. Here, the entity that filed the refund claims purporting to satisfy the jurisdictional prerequisite, Browning-Ferris Industries, Inc., was actually liquidated before such claims were filed in its name on behalf of the consolidated group of companies of which it had been the common parent before liquidation.

Under the applicable law, Browning-Ferris Industries, Inc. was not the proper agent to file the claims on behalf of the consolidated group, and the claims it attempted to file as such were invalid. This created a jurisdictional defect under Internal Revenue Code § 7422, which provides that "[n]o suit shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, *according to the provisions of law in that regard,*

*and the regulations of the Secretary established in pursuance thereof."* 26 U.S.C. § 7422 (emphasis added). Because this defect cannot be waived and can be raised "at any stage in the litigation, even after trial and the entry of judgment," *Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235, 1240 (2006), plaintiff seeks dismissal of the action without prejudice.

The proper agent for the consolidated group, BFI Waste Systems of North America, Inc, is the entity duly designated by the members of the BFI consolidated group pursuant to Treas. Reg. § 1.1502-77A(d) and Rev. Proc. 2002-43, 2002-2 C.B. 99. The designation of BFI Waste Systems of North America, Inc. as the agent for the BFI consolidated group was approved by the Internal Revenue Service. BFI Waste Systems of North America, Inc. is the only entity authorized to file refund claims on behalf of the BFI consolidated group for the 1997 and 1998 taxable years. In its capacity as such, it has recently filed proper refund claims for the 1997 and 1998 taxable years, which will satisfy the jurisdictional prerequisites for BFI Waste Systems of North America, Inc. to bring a refund suit against defendant for such years after the requisite waiting period required by Internal Revenue Code §6532(a)(1).

RCFC 41(a)(2) permits a plaintiff to seek voluntary dismissal without prejudice by court order when, as here, dismissal is no longer available as of right under RCFC 41(a)(1)(i) and the plaintiff cannot obtain consent to a stipulated dismissal under RCFC41(a)(1)(ii). Courts generally allow voluntary dismissal -- without regard to the plaintiff's motives -- unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. Wright & Miller, *Federal Practice & Procedure: Civil 2d* § 2364 (1995). Where, however, the court lacks subject matter jurisdiction, dismissal should be allowed as a matter of right. *See* RCFC 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). *See also Arbaugh,* 126 S. Ct. at 1240.

2. This motion also seeks dismissal of defendant's counterclaim pursuant to RCFC 12(b)(1). Voluntary dismissal under RCFC 41(a)(2) generally is not allowed if a defendant has interposed a counterclaim that cannot remain pending for independent adjudication by the court. Here, defendant has made a counterclaim for penalties, which cannot be adjudicated independently from the underlying tax refund action. However, if the Court concludes that it lacks subject matter jurisdiction, the counterclaim exception in RCFC 41(a)(2) will not operate to prevent the dismissal. In such an instance, dismissal of the counterclaim for lack of subject matter jurisdiction is appropriate under RCFC 12(b)(1).

WHEREFORE, for the foregoing reasons as well as those set forth in more detail in the legal brief accompanying this motion, plaintiff respectfully requests that the motion be granted and that the court, lacking subject matter jurisdiction over this suit, should dismiss the action, including defendant's counterclaims, without prejudice. A proposed order is attached.

Respectfully submitted,

*/s/ Philip Karter*

PHILIP KARTER
Miller & Chevalier Chartered
300 Conshohocken State Road, Suite 570
West Conshohocken, PA 19428
610/729-7820 Telephone
610/729-7805 Facsimile
*Attorney of Record for Plaintiff*

HERBERT ODELL
Miller & Chevalier Chartered
300 Conshohocken State Road, Suite 570
West Conshohocken, PA 19428
610/729-7810 Telephone
610/729-7805 Facsimile
*Of Counsel*

Dated: September 12, 2006

**CERTIFICATE OF SERVICE**

It is hereby certified that service of the foregoing PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO RCFC 41(a)(2) AND FOR DISMISSAL OF COUNTERCLAIM PURSUANT TO RCFC 12(b)(1) was made on this 12th day of September, 2006, by electronically filing a copy of the same with the Court under the CM/ECF system with notification of such filing to Defendant's counsel, Stuart J. Bassin.

*/s/ Philip Karter*

PHILIP KARTER
Miller & Chevalier Chartered
300 Conshohocken State Road, Suite 570
West Conshohocken, PA 19428
610/729-7820 Telephone
610/729-7805 Facsimile