# United States Court of Federal Claims

| | | |
|---|---|---|
| BROWNING-FERRIS INDUSTRIES, INC. & SUBSIDIARIES, Plaintiff, | ) | No. 05-738T |
| v. | ) | Judge Thomas C. Wheeler |
| UNITED STATES OF AMERICA, Defendant. | ) | |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO RCFC 41(a)(2) AND FOR DISMISSAL OF COUNTERCLAIM PURSUANT TO RCFC 12(b)(1)**

PHILIP KARTER
Miller & Chevalier Chartered
300 Conshohocken State Road, Suite 570
West Conshohocken, PA 19428
610/729-7820 Telephone
610/729-7805 Facsimile
*Attorney of Record for Plaintiff*

HERBERT ODELL
Miller & Chevalier Chartered
300 Conshohocken State Road, Suite 570
West Conshohocken, PA 19428
610/729-7810 Telephone
610/729-7805 Facsimile
*Of Counsel*

September 12, 2006

# TABLE OF CONTENTS

**Page**


Table of Authorities ........ ii

Statement of the Question Involved ........ 1

Statement of the Case ........ 1

Statement of Facts ........ 4

Argument ........ 6

A. The Consolidated Return Regulations Govern Which Entities May Act on Behalf of the Consolidated Return Group ........ 6

B. Under the Controlling Consolidated Return Regulations, a Common Parent that Terminates Control Cannot Act on Behalf of a Consolidated Group ........ 7

C. The Liquidation of BFI, Inc. Constituted a Termination of the Common Parent's Existence Under Treas. Reg. § 1.1502-77A(d), Rendering BFI, Inc. Unable to File Valid Refund Claims on Behalf of the BFI Group ........ 11

D. The Court Lacks Subject Matter Jurisdiction Because the Claims for Refund Purportedly Filed by BFI, Inc. Were Invalid ........ 13

Conclusion ........ 14

Appendix ........ APP-1

Exhibits

1. Certificate of Conversion of BFI, Inc. to BFI, LLC ........ EX-01

2. Certificate of Formation of BFI, LLC ........ EX-03

3. Treas. Reg. § 1.332-6(b) Disclosure ........ EX-05

4. Rev. Proc. 2002-43 ........ EX-06

5. IRS Letter Approving Designation of BFI Waste Systems of North America Inc. as Agent for Consolidated Group ........ EX-18

6. 1997 Refund Claim ........ EX-19

7. 1998 Refund Claim ........ EX-21

# TABLE OF AUTHORITIES

## CASES

*Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235 (2006)........ 3

*Buckeye Power, Inc. v. United States*, 38 Fed. Cl. 154 (Ct. Cl. 1997) ........ 11

*Interlake Corp. v. Comm'r*, 112 T.C. 103 (1999)........ 7, 8, 12

*McKnight v. Comm'r*, 58 T.C.M. (CCH) 1390 (1990) ........ 11

*Rosenberg v. United States*, 2006 U.S. Claims LEXIS 236 (Ct. Cl. 2006) ........ 13

*Sams v. Beech Aircraft Corp.*, 625 F.2d 73 (9th Cir. 1980)........ 3

*Southern Pacific Co. v. Comm'r*, 84 T.C. 395 (1985) ........ 7, 8

*Stelco Holding Co. v. United States*, 42 Fed. Cl. 101 (Ct. Cl. 1998)........ 13

*Union Oil Co. of Calif. v. Comm'r*, 101 T.C. 130 (1993)........ 7

## STATUTES

Del. Code Ann. tit. 8, § 266........ 4

28 U.S.C . § 1491........ 2

26 U.S.C. § 1502........ 6, 7, 9

26 U.S.C. § 332........ 4

26 U.S.C. § 6532(a)(1)........ 2, 3

26 U.S.C. § 7422........ 1, 2, 13

## TAX MATERIALS

65 Fed. Reg. 57755 (Sept. 26, 2000) ........ 9, 10, 12

2001 NSAR 126, 2001 WL 34056128 (Mar. 12, 2001) ........ 10

2001 NSAR 142, 2001 WL 34056134 (Oct. 22, 2001) ........ 10

FSA 200027026 (April 10, 2000)........ 11

FSA 200210012 (Nov. 19, 2001)........................................................................................ 10

Rev. Proc. 2002-43, 2002-2 C.B. 99.........................................................................................6, 9

Rev. Rul. 2004-59, 2004-1 C.B. 1050 ......................................................................................... 11

## REGULATIONS

Treas. Reg. § 1.1502-77 ........................................................................................................ 5, 10

Treas. Reg. § 1.1502-77(d) ..................................................................................................... 9, 10

Treas. Reg. § 1.1502-77(h) ......................................................................................................... 9

Treas. Reg. § 1.1502-77A .................................................................................................. passim

Treas. Reg. § 1.1502-77A(a)........................................................................................................ 7

Treas. Reg. § 1.1502-77A(d) ........................................................................................ 6, 8, 10, 12

Treas. Reg. § 1.1502-77A(e)(2)..................................................................................................... 8

Treas. Reg. § 1.1502-77A(e)(3)..................................................................................................... 8

Treas. Reg. § 1.1502-77A(g) ......................................................................................................... 9

Treas. Reg. § 1.1502-77T ...................................................................................................... 9, 10

Treas. Reg. § 1.332-6(b) ............................................................................................................... 5

Treas. Reg. § 301.7701-3(b)(1)(ii)................................................................................................ 11

Treas. Reg. § 301.7701-3(c) ........................................................................................................ 11

Treas. Reg. § 301.7701-3(g)(1)..................................................................................................... 11

Treas. Reg. § 301.7701-3(g)(1)(iii)................................................................................................ 11

## RULES

RCFC 12(h)(3) .......................................................................................................... 3

RCFC 41(a)(1)(i) ....................................................................................................... 3

RCFC 41(a)(1)(ii) ......................................................................................................3

RCFC 41(a)(2) ....................................................................................................... 3, 4

## MISCELLANEOUS

8 *Moore's Federal Practice* ¶ 41.40[8][c] (3d ed. 2006) ............................................................ 3

Wright & Miller, *Federal Practice & Procedure: Civil 2d* § 2364 (1995) ................................... 3

# United States Court of Federal Claims

| | | |
|---|---|---|
| BROWNING-FERRIS INDUSTRIES, INC. & SUBSIDIARIES, | ) | |
| Plaintiff, | ) | No. 05-738T |
| v. | ) | Judge Thomas C. Wheeler |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO RCFC 41(a)(2) AND FOR DISMISSAL OF COUNTERCLAIM PURSUANT TO RCFC 12(b)(1)

## STATEMENT OF THE QUESTION INVOLVED

Where the putative plaintiff in a federal tax refund action liquidated prior to the commencement of the action and prior to its filing of tax refund claims for the taxable years in suit, and as a consequence, is not the proper agent duly authorized to file such refund claims under applicable law, should the court dismiss the action for lack of subject matter jurisdiction on the ground that 26 U.S.C. § 7422 has not been satisfied?

## STATEMENT OF THE CASE

The Court's subject matter jurisdiction over this federal tax refund suit is predicated on the filing of valid tax refund claims for the taxable years at issue, 1997 and 1998, which can only be filed on behalf of the appropriate taxpayer. That jurisdictional prerequisite was thought to have been satisfied when refund claims were filed by an entity known as Browning-Ferris Industries, Inc. (hereinafter "BFI, Inc.") in May of 2005, on behalf of the consolidated group of companies of which it had been the common parent.

In fact, BFI, Inc. had been liquidated prior to the May 2005 filing. As a consequence of this liquidation, under the applicable Treasury regulations pertaining to consolidated returns, BFI, Inc. was not the proper agent to file the claim on behalf of the consolidated return group, rendering the subsequently filed claims defective.

Subject matter jurisdiction for a federal tax refund is predicated on 28 U.S.C. § 1491 and 26 U.S.C. § 7422. Section 7422(a) of the Internal Revenue Code provides in pertinent part that "[n]o suit shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, *according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."* [Emphasis added.][1]

In this case, the filing of the original refund claims that were alleged to have satisfied the jurisdictional prerequisites for maintaining the within action was not done in accordance with the applicable law. Therefore, this action is jurisdictionally defective. To correct the defect, the filing of valid refund claims by the proper duly authorized agent for the consolidated group is required. After the earlier of the expiration of six months from the date of filing or a denial of the refund claims as required by § 6532(a)(1), a tax refund suit for the 1997 and 1998 years can be properly commenced, and jurisdiction over such suit can be properly maintained.

It is well-established law that a jurisdictional defect cannot be waived and can be raised "at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H*

---

[1] Unless otherwise stated, all citations to the "Code" or "sections" refer to the Internal Revenue Code of 1986 (26 U.S.C.), as amended and applicable to the taxable periods involved. Unless otherwise stated, all references to "Treasury Regulations" or "Regulations" or Treasury Regulation sections" are to the Treasury Regulations operative in the taxable periods involved. Section 7422(a) is reproduced in its entirety in the Appendix immediately following this brief.

*Corp.*, 126 S. Ct. 1235, 1240 (2006). Therefore plaintiff seeks dismissal of the complaint without prejudice, pursuant to RCFC 41(a)(2), in order that the correct legally authorized taxpayer can file a jurisdictionally proper refund suit after the requisite waiting period required by § 6532(a)(1).

RCFC 41(a)(2) permits a plaintiff to seek voluntary dismissal without prejudice by court order when, as here, dismissal is no longer available as of right under RCFC 41(a)(1)(i) and the plaintiff cannot obtain consent to a stipulated dismissal under RCFC41(a)(1)(ii). Courts generally allow voluntary dismissal -- without regard to the plaintiff's motives -- unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. Wright & Miller, *Federal Practice & Procedure: Civil 2d* § 2364 (1995). Where, however, the court lacks subject matter jurisdiction, dismissal should be allowed as a matter of right. RCFC 12(h)(3) provides: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." *See also Arbaugh*, 126 S. Ct. at 1240.

Plaintiff's motion also seeks dismissal of defendant's counterclaim. (*See* Defendant's First Amended Answer and Counterclaim, Docket Item No. 13). Under RCFC 41(a)(2). voluntary dismissal generally is not allowed if defendant has interposed a counterclaim that cannot remain pending for independent adjudication by the court. Defendant's counterclaim in this case cannot be adjudicated independently from the underlying tax refund action. However, an action may be voluntarily dismissed despite the pendency of a counterclaim if the counterclaim, like the claim itself, is jurisdictionally defective. *See* 8 *Moore's Federal Practice* ¶ 41.40[8][c] (3d ed. 2006). As the Ninth Circuit explained in *Sams v. Beech Aircraft Corp.*, 625 F.2d 73, 277 (9th Cir. 1980), "an objection premised upon an improper counterclaim (that is, in

the sense that the court lacks subject matter jurisdiction over it) cannot prevent dismissal under Rule 41(a) (2) because the counterclaim is not entitled to independent adjudication." Accordingly, if the Court concludes that it lacks subject matter jurisdiction, the counterclaim exception will not operate to prevent the dismissal.

## STATEMENT OF FACTS

On or about June 16, 1998, and June 15, 1999, BFI, Inc. timely filed its original tax returns for the consolidated group of which it was the common parent (the "BFI Group") for the years 1997 and 1998, respectively, with the IRS in Houston, Texas. On July 30, 1999, Allied Waste North America, Inc. ("AWNA") acquired substantially all of the outstanding stock of BFI, Inc. As a result of the acquisition, BFI, Inc. became a wholly-owned subsidiary of AWNA, which was and remains a wholly owned subsidiary of Allied Waste Industries, Inc. ("Allied"). Allied is the common parent of the consolidated group that includes AWNA (the "Allied Group"). At the time of the acquisition, all of the members of the BFI group became members of the Allied Group.

On December 31, 2004, BFI, Inc. converted from a Delaware corporation to a Delaware limited liability company known as Browning-Ferris Industries, LLC ("BFI, LLC") pursuant to § 266 of the Delaware General Corporation Law. Del. Code Ann. tit. 8, § 266. A copy of the Certificate of Conversion of BFI, Inc. to a limited liability company is attached as Exhibit 1. The newly formed entity, BFI, LLC, in turn, executed and filed a Certificate of Formation pursuant to the Delaware Limited Liability Company Act on that same date. A copy of the Certificate of Formation is attached as Exhibit 2. As a result of that conversion, BFI, Inc. liquidated for tax purposes into AWNA in a transaction that qualified under § 332 of the Code. A copy of the

disclosure attached to Allied's 2004 tax return pursuant to Treas. Reg. § 1.332-6(b) is attached as Exhibit 3.

Approximately four months after the liquidation of BFI, Inc., on or about April 25, 2005, payments of $19,079,286 and $3,519,979 were made to the IRS with respect to the BFI Group's 1997 and 1998 tax years, respectively. On or about May 5, 2005, BFI, Inc., as the putative agent for the BFI Group, attempted to file formal refund claims for the consolidated taxable years 1997 and 1998 of the BFI Group. (Copies of the attempted claims are attached to the Complaint, Docket Item No. 1, as Exhibits A and C.) On May 10, 2005, the IRS sent a notice of claim disallowance to BFI, Inc. with respect to these attempted refund claims.

On July 8, 2005, a complaint for the refund of taxes for BFI, Inc.'s 1997 and 1998 tax years was filed in this Court in the name of "Browning-Ferris Industries, Inc. & Subsidiaries," as the putative plaintiff. The complaint erroneously alleged that BFI, Inc. is a Delaware corporation and is an authorized agent for the group under Treas. Reg. § 1.1502-77.[2] In fact, both the refund claims and the subsequently filed refund suit were improperly filed in the name of BFI, Inc., whose existence as the common parent of the BFI Group had ended on December 31, 2004.

In August of 2006, in the course of its own due diligence, current counsel for Allied, who had been retained a few months earlier to represent the company in the instant action, discovered the error and advised Allied to file corrected refund claims in the name of the proper designee of

---

[2] Treas. Reg. § 1.1502-77, which applies to consolidated tax years beginning on or after June 28, 2002, authorizes the common parent of a consolidated group to act as the sole agent for each member in the group. Because the tax years at issue in this suit precede the effective date of this regulation, the jurisdictional issue raised in this motion is controlled by Treas. Reg. § 1.1502-77A, the regulation in effect for tax years ending prior to such date. Relevant portions of Treas. Reg. § 1.1502-77A and Treas. Reg. § 1.1502-77 are set out in the Appendix immediately following this brief.

the BFI Group pursuant to applicable regulations. On or about August 24, 2006, members of the BFI Group designated BFI Waste Systems of North America, Inc. ("BFI Waste Systems") as substitute agent for the BFI Group pursuant to Treas. Reg. § 1.1502-77A(d) and the procedures for designation set forth in Rev. Proc. 2002-43, 2002-2 C.B. 99. A copy of Rev. Proc. 2002-43 is attached as Exhibit 4. On August 31, 2006, the IRS approved the designation. A copy of the IRS's approval of BFI Waste Systems of North America, Inc. as the proper designee under § 1.1502-77A(d) is attached as Exhibit 5.

As the duly authorized agent, BFI Waste Systems filed claims for refund for the consolidated tax years 1997 and 1998 for the BFI Group on or about August 24, 2006.[3] Copies of Form 1120X of the 1997 and 1998 refund claims are attached as Exhibits 6 and 7, respectively.[4]

## ARGUMENT

### A. The Consolidated Return Regulations Govern Which Entities May Act on Behalf of the Consolidated Return Group.

The consolidated return regulations prescribe which entities may act on behalf of the consolidated return group. The United States Treasury promulgated the consolidated return regulations under the express authority Congress granted to Treasury in Code § 1502, which provides:

> The Secretary shall prescribe such regulations as he may deem necessary in order that the tax liability of any affiliated group of corporations making a consolidated

---

[3] BFI Waste Systems also filed a refund claim for 1999, a taxable year not subject to this action.

[4] Form 1120X is the refund claim itself. For administrative convenience, attachments to the refund claim have been omitted from the exhibits because of their length. Full copies of the refund claims with all attachments were provided to counsel on August 31, 2006.

> return and of each corporation in the group, both during and after the period of affiliation, may be returned, determined, computed, assessed, collected, and adjusted, in such manner as clearly to reflect the income tax liability and the various factors necessary for the determination of such liability, and in order to prevent avoidance of such tax liability. In carrying out the preceding sentence, the Secretary may prescribe rules that are different from the provisions of chapter 1 that would apply if such corporations filed separate returns.

Therefore, the consolidated return regulations are legislative in character and have the force and effect of law. *See Southern Pacific Co. v. Comm'r*, 84 T.C. 395, 400 (1985); *Union Oil Co. of Calif. v. Comm'r*, 101 T.C. 130, 137-38 (1993).

Courts have observed that "[a] central feature of the consolidated return regulations is the role of the common parent as the exclusive agent for the consolidated group with respect to all procedural matters." *Interlake Corp. v. Comm'r*, 112 T.C. 103, 113 (1999); *see also Southern Pacific Co.*, 84 T.C. at 401. Pursuant to the express statutory authority granted by § 1502, Treas. Reg. § 1.1502-77A sets forth the scope of agency of the common parent of a consolidated group for consolidated tax years beginning before June 28, 2002. The common parent of a consolidated group is "the sole agent for each subsidiary in the group, duly authorized to act in its own name in all matters relating to the tax liability for the consolidated return year." Treas. Reg. § 1.1502-77A(a). Except for the filing of certain elections, "no subsidiary shall have authority to act for or to represent itself in any such matter." *Id*. Of particular importance here, the regulation provides that the "common parent will file claims for refund or credit, and any refund will be made directly to and in the name of the common parent." *Id*.

### B. <u>Under the Controlling Consolidated Return Regulations, a Common Parent that Terminates Cannot Act on Behalf of a Consolidated Group.</u>

If the existence of the common parent terminates, it is no longer authorized to act on behalf of the consolidated group. Interpreting the consolidated return regulations in *Southern Pacific*, the Tax Court concluded that the common parent remained as the consolidated group's

agent only so long as it did not terminate. 84 T.C. at 401 ("Obviously, if the existence of the common parent were to terminate after the filing of a consolidated return for a particular year, the agency relationship would terminate, and the group would, in the absence of any provision in the regulations, be left without an agent to act on its behalf in any subsequent dispute over its liability for that year."); *see also Interlake*, 112 T.C. at 114 ("Of course, if the common parent ceases to exist, its authority to act for the group terminates.")

The consolidated return regulations provide procedures for authorizing a new agent to act on behalf of the group in the event of a termination of the common parent. If the common parent is about to be dissolved, "or if for any other reason its existence is about to terminate," the common parent can designate another member to act as agent for the consolidated group. Treas. Reg. § 1.1502-77A(d). Such a designation by the common parent is supposed to be made before the existence of the common parent terminates. *Id.* However, if the common parent does not designate a new agent for the consolidated group before its existence terminates, the regulation provides that "the remaining members may, subject to the approval of the Commissioner, designate another member to act as such agent, and notice of such designation shall be given to the Commissioner." *Id.*

Apart from this designation procedure, Treas. Reg. § 1.1502-77A does not authorize any corporation to act as agent for a consolidated group whose common parent's existence has terminated. The regulations provide that certain specified entities may serve as alternative agents, but only for the limited purposes of receiving notices of deficiencies and waiving the statute of limitations. *See* Treas. Reg. § 1.1502-77A(e)(2) and (e)(3) .

Where the common parent terminates without designating a new agent, the remaining members of the consolidated group *must* designate one such remaining member to be the sole

agent for the group. The IRS has taken the position that this designation "may be filed at any time after the common parent's existence terminates." Rev. Proc. 2002-43 § 8.02.

In 2000, the Treasury proposed new regulations under § 1502 in order to provide for a more comprehensive regime to address the scope of common parent agency. These new regulations, which were finalized in 2002, apply *prospectively* to consolidated tax years beginning on or after June 28, 2002. *See* Treas. Reg. § 1.1502-77(h). The agent for the BFI Group's 1997 and 1998 tax years, which are at issue here, is therefore determined according to the prior regulations. *See* Treas. Reg. § 1.1502-77A(g).

Although the new regulations do not apply in this instance, the preamble to these regulations when they were proposed in 2000 confirms Treasury's own acknowledgement under the then existing law of the loss of agency authority by the former common parent of a consolidated group, *to wit*:

> . . . issues arise about who has the authority to act on behalf of the group for consolidated return years where the common parent has ceased to exist (*e.g.*, due to a merger or liquidation) or where, while continuing to exist, it has ceased to be the common parent of the group (*e.g.*, as a result of being acquired by another corporation).

65 Fed. Reg. 57755, 57756 (Sept. 26, 2000). The Treasury acknowledged that the existing regulations (i.e., Treas. Reg. § 1.1502-77A) provide for an alternative agent in certain circumstances but noted:

> However, an alternative agent provided by § 1.1502-77T [current § 1.1502-77A(e)] is the agent for the group only for purposes of mailing notices of deficiency or for executing consents to extend periods of limitations. Under § 1.1502-77T [current § 1.1502-77A(e)], an alternative agent has no authority to act as the group's agent for other purposes (*e.g.*, *filing a refund claim*, receiving refund payments or executing a closing agreement). As a result, under the current rules, absent a designation of one of the remaining members to act as agent under § 1.1502-77(d) [current § 1.1502-77A(d)], the IRS may have no option other than to deal separately with each remaining member for any purpose not covered by § 1.1502-77T [current § 1.1502-77A(e)].

*Id.* (emphasis added).

In order to ensure that a consolidated group would always have an agent, the new regulations applicable for consolidated tax years beginning on or after June 28, 2002, provide for a substitute agent that has expansive authority, including the authority to file refund claims, for a consolidated group whose common parent has terminated. *See* Treas. Reg. § 1.1502-77. No comparable provision, and consequently no comparable authority, exists under the pre-June 28, 2002 law that applies to this case. The regulatory activity undertaken by the Treasury and IRS therefore confirms that, with respect to tax years prior to June 28, 2002, when the common parent of a consolidated group terminates without designating an agent for the group, the only alternatives are for the remaining members to designate one such remaining member agent under Treas. Reg. § 1.1502-77A(d) or for the IRS "to deal separately with each remaining member for any purpose not covered by § 1.1502-77T," *e.g.*, filing claims for refund. 65 Fed. Reg. at 57756.

Consistent with the view taken by the preamble to the new regulations, the IRS has concluded in written determinations, including Field Service Advices ("FSAs") and Non Docketed Service Advice Reviews ("NSARs") that the designation procedure contained in Treas. Reg. § 1.1502-77A is the exclusive procedure for determining what entity is authorized to act on behalf of a consolidated group whose parent has terminated, and absent such designation, the IRS is left with no choice but to deal with each group member individually. *See*, *e.g.*, FSA 200210012 (Nov. 19, 2001) (where common parent's existence terminated, the consolidated group has "no agent" until the remaining members designate a new agent); 2001 NSAR 142, 2001 WL 34056134 (Oct. 22, 2001) (remaining members of consolidated group whose common parent terminated must designate an agent to file claims for refund); 2001 NSAR 126, 2001 WL 34056128 (Mar. 12, 2001) (the remaining members of a group whose common parent merged

into another corporation must designate a new agent to sign a closing agreement with the IRS); FSA 200027026 (April 10, 2000) (the remaining members of a group whose common parent merged into another corporation must designate a new agent to claim credits).[5]

**C. The Liquidation of BFI, Inc. Constituted a Termination of the Common Parent's Existence Under Treas. Reg. § 1.1502-77A(d), Rendering BFI, Inc. Unable to File Valid Refund Claims on Behalf of the BFI Group.**

BFI, LLC is a single-member limited liability company that is disregarded as an entity separate from its owner for federal tax purposes. For federal tax purposes, a domestic entity other than a corporation, a joint-stock company or association, an insurance company, a bank, a government-owned entity or certain foreign entities is "[d]isregarded as an entity separate from its owner if it has a single owner." *See* Treas. Reg. § 301.7701-3(b)(1)(ii). Such a disregarded entity may elect to be treated as a corporation for tax purposes under Treas. Reg. § 301.7701-3(c), but BFI, LLC has not made an election to be classified other than its default classification as a disregarded entity.

When a corporation becomes a disregarded entity, the following is "deemed to occur" for federal tax purposes: the corporation distributes all of its assets and liabilities to its single owner in "liquidation." Treas. Reg. § 301.7701-3(g)(1)(iii); *see also* Rev. Rul. 2004-59, 2004-1 C.B. 1050 (effect of conversion of a partnership into a corporation pursuant to state conversion statute is determined by Treas. Reg. § 301.7701-3(g)(1)). BFI, Inc. therefore liquidated for federal tax purposes as a result of its conversion into BFI, LLC under Delaware law. BFI, Inc. was deemed

---

5 Although IRS administrative pronouncements such as FSAs and NSARs are not binding precedent, they can be taken into account as persuasive authority. *See, e.g.*, *Buckeye Power, Inc. v. United States*, 38 Fed. Cl. 154 (Ct. Cl. 1997) (finding that a technical advice memorandum demonstrates "the strength of [the taxpayer's] evidentiary position"); *McKnight v. Comm'r*, 58 T.C.M. (CCH) 1390, 1393 (1990) (in following the reason of a technical advice memorandum, the court noted that it "may, in the absence of authority to the contrary, accept the reasoning of a technical advice memorandum as persuasive").

to distribute all of its assets and liabilities to its sole owner AWNA in complete liquidation. Allied Waste properly reported the conversion of BFI, Inc. into BFI, LLC as a liquidation of BFI, Inc. on the 2004 consolidated tax return of the Allied Group. *See again*, Exhibit 3. This liquidation of BFI, Inc. constitutes a termination of its existence as the common parent of the BFI Group for purposes of the federal tax law. As a result of its liquidation, BFI, Inc. ceased to be a member of the BFI Group.

In *Interlake Corp. v. Commissioner*, 112 T.C. 103 (1999), the Tax Court considered the authority of a former common parent, Acme, to receive tentative refunds when it had been spun off and had therefore ceased to be a member of the consolidated group. The court determined that "Acme's authority to act for the group . . . terminated when its affiliation with the group terminated. With respect to the group, it is as though Acme ceased to exist." *Id.* at 114-15. Similarly, BFI, Inc.'s authority to act for the BFI Group terminated when it liquidated and ceased to be a member of the consolidated group.

The IRS and Treasury Department also have acknowledged that a liquidation constitutes a termination of common parent agency. In the preamble to the consolidated return regulations proposed in 2000, the Treasury stated that a common parent ceases to exist when it is liquidated and that, in such circumstances, the only way for the group to have an agent is for the remaining members to designate one pursuant to Treas. Reg. § 1.1502-77A(d). *See* 65 Fed. Reg. at 57756 (designation of an agent is required "where the common parent has ceased to exist (*e.g.*, due to a merger or *liquidation*)") (emphasis added).

Finally, the IRS itself confirmed that "Browning-Ferris Industries, Inc. has terminated," in its August 31, 2006 approval of the BFI Group's designation of BFI Waste Systems of North America, Inc. *See again*, Exhibit 5.

As a result of its liquidation, BFI, Inc. is not authorized to file refund claims on behalf of the BFI Group. Thus, the claims for refund that BFI, Inc. attempted to file in its own name for the tax years of the BFI Group at issue in this suit, 1997 and 1998, are invalid.

**D. <u>The Court Lacks Subject Matter Jurisdiction Because the Claims for Refund Purportedly Filed by BFI, Inc. Were Invalid.</u>**

As the Court observed in *Stelco Holding Co. v. United States*, "[i]t is firmly settled that a *properly filed* administrative claim for refund is the indispensable prerequisite to this court's exercise of jurisdiction over a taxpayer's suit for refund." 42 Fed. Cl. 101, 104 (Ct. Cl. 1998) (emphasis added). *See also Rosenberg v. United States*, 2006 U.S. Claims LEXIS 236 (Ct. Cl. 2006) (citing § 7422) ("Before the United States Court of Federal Claims can exercise jurisdiction over a tax refund claim, the plaintiff must first file a tax refund claim with the IRS").

As noted at the outset, § 7422 itself requires that the claim have "been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." That did not occur here and, as a consequence, the refund claims that were filed in May of 2005 in the name of BFI, Inc. -- a taxpayer that no longer exists under the federal tax law -- were invalid. BFI, Inc., pursuant to the consolidated return regulations, no longer had authority to act on behalf of the consolidated return group. Because jurisdiction necessarily depends on a taxpayer's satisfaction of the requirements of § 7422, the failure to satisfy the statutory requirements constitutes a failure to satisfy the jurisdictional prerequisites to maintain this action.

**CONCLUSION**

For the foregoing reasons, the court lacks subject matter jurisdiction over this suit and should dismiss the action, including defendant's counterclaims, without prejudice.

Respectfully submitted,

*/s/ Philip Karter*

PHILIP KARTER
Miller & Chevalier Chartered
300 Conshohocken State Road, Suite 570
West Conshohocken, PA 19428
610/729-7820 Telephone
610/729-7805 Facsimile
*Attorney of Record for Plaintiff*

HERBERT ODELL
Miller & Chevalier Chartered
300 Conshohocken State Road, Suite 570
West Conshohocken, PA 19428
610/729-7810 Telephone
610/729-7805 Facsimile
*Of Counsel*

Dated: September 12, 2006

# United States Court of Federal Claims

| | | |
|---|---|---|
| BROWNING-FERRIS INDUSTRIES, INC. & SUBSIDIARIES, | ) | |
| Plaintiff, | ) | No. 05-738T |
| v. | ) | Judge Thomas C. Wheeler |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

---

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO RCFC 41(a)(2) AND FOR DISMISSAL OF COUNTERCLAIM PURSUANT TO RCFC 12(b)(1)**

---

**APPENDIX**

---

PHILIP KARTER
Miller & Chevalier Chartered
300 Conshohocken State Road, Suite 570
West Conshohocken, PA 19428
610/729-7820 Telephone
610/729-7805 Facsimile
*Attorney of Record for Plaintiff*

HERBERT ODELL
Miller & Chevalier Chartered
300 Conshohocken State Road, Suite 570
West Conshohocken, PA 19428
610/729-7810 Telephone
610/729-7805 Facsimile
*Of Counsel*

September 12, 2006

## 26 U.S.C. § 7422(a)

§ 7422. Civil actions for refund.

(a) No suit prior to filing claim for refund. No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

## 26 C.F.R. 1.1502-77A

§ 1.1502-77A. Common parent agent for subsidiaries applicable for consolidated return years beginning before June 28, 2002.

(a) Scope of agency of common parent corporation. The common parent, for all purposes (other than the making of the consent required by paragraph (a)(1) of § 1.1502-75, the making of an election under section 936(e), the making of an election to be treated as a DISC under § 1.992-2, and a change of the annual accounting period pursuant to paragraph (b)(3)(ii) of § 1.991-1) shall be the sole agent for each subsidiary in the group, duly authorized to act in its own name in all matters relating to the tax liability for the consolidated return year. Except as provided in the preceding sentence, no subsidiary shall have authority to act for or to represent itself in any such matter. For example, any election available to a subsidiary corporation in the computation of its separate taxable income must be made by the common parent, as must any change in an election previously made by the subsidiary corporation; all correspondence will be carried on directly with the common parent; the common parent shall file for all extensions of time including extensions of time for payment of tax under section 6164; notices of deficiencies will be mailed only to the common parent, and the mailing to the common parent shall be considered as a mailing to each subsidiary in the group; notice and demand for payment of taxes will be given only to the common parent and such notice and demand will be considered as a notice and demand to each subsidiary; the common parent will file petitions and conduct proceedings before the Tax Court of the United States, and any such petition shall be considered as also having been filed by each such subsidiary. The common parent will file claims for refund or credit, and any refund will be made directly to and in the name of the common parent and will discharge any liability of the Government in respect thereof to any such subsidiary; and the common parent in its name will give waivers, give bonds, and execute closing agreements, offers in compromise, and all other documents, and any waiver or bond so given, or agreement, offer in compromise, or any other document so executed, shall be considered as having also been given or executed by each such subsidiary. Notwithstanding the provisions of this paragraph, any notice of deficiency, in respect of the tax for a consolidated return year, will name each corporation which was a member of the group during any part of such period (but a failure to include the name of any such member will not affect the validity of the notice of deficiency as to

the other members); any notice and demand for payment will name each corporation which was a member of the group during any part of such period (but a failure to include the name of any such member will not affect the validity of the notice and demand as to the other members); and any levy, any notice of a lien, or any other proceeding to collect the amount of any assessment, after the assessment has been made, will name the corporation from which such collection is to be made. The provisions of this paragraph shall apply whether or not a consolidated return is made for any subsequent year, and whether or not one or more subsidiaries have become or have ceased to be members of the group at any time. Notwithstanding the provisions of this paragraph, the Commissioner may, upon notifying the common parent, deal directly with any member of the group in respect of its liability, in which event such member shall have full authority to act for itself.

(b) Notification of deficiency to corporation which has ceased to be a member of the group. If a subsidiary has ceased to be a member of the group and if such subsidiary files written notice of such cessation with the Commissioner, then the Commissioner upon request of such subsidiary will furnish it with a copy of any notice of deficiency in respect of the tax for a consolidated return year for which it was a member and a copy of any notice and demand for payment of such deficiency. The filing of such written notification and request by a corporation shall not have the effect of limiting the scope of the agency of the common parent provided for in paragraph (a) of this section and a failure by the Commissioner to comply with such written request shall not have the effect of limiting the tax liability of such corporation provided for in § 1.1502-6.

(c) Effect of waiver given by common parent. Unless the Commissioner agrees to the contrary, an agreement entered into by the common parent extending the time within which an assessment may be made or levy or proceeding in court begun in respect of the tax for a consolidated return year shall be applicable:

(1) To each corporation which was a member of the group during any part of such taxable year, and

(2) To each corporation the income of which was included in the consolidated return for such taxable year, notwithstanding that the tax liability of any such corporation is subsequently computed on the basis of a separate return under the provisions of § 1.1502-75.

(d) Effect of dissolution of common parent corporation. If the common parent corporation contemplates dissolution, or is about to be dissolved, or if for any other reason its existence is about to terminate, it shall forthwith notify the Commissioner of such fact and designate, subject to the approval of the Commissioner, another member to act as agent in its place to the same extent and subject to the same conditions and limitations as are applicable to the common parent. If the notice thus required is not given by the common parent, or the designation is not approved by the Commissioner, the remaining members may, subject to the approval of the Commissioner, designate another member to act as such agent, and notice of such designation shall be given to the Commissioner. Until a notice in writing designating a new agent has been approved by the Commissioner, any notice of deficiency or other communication mailed to the common parent shall be considered as having been properly mailed to the agent of the group; or, if the

Commissioner has reason to believe that the existence of the common parent has terminated, he may, if he deems it advisable, deal directly with any member in respect of its liability.

(e) General rules --

(1) Scope. This section applies if the corporation that is the common parent of the group ceases to be the common parent, whether or not the group remains in existence under § 1.1502-75(d).

(2) Notice of deficiency. A notice of deficiency mailed to any one or more corporations referred to in paragraph (a)(4) of this section is deemed for purposes of § 1.1502-77 to be mailed to the agent of the group. If the group has designated an agent that has been approved by the Commissioner under § 1.1502-77(d), a notice of deficiency shall be mailed to that designated agent in addition to any other corporation referred to in paragraph (a)(4) of this section. However, failure by the Commissioner to mail a notice of deficiency to that designated agent shall not invalidate the notice of deficiency mailed to any other corporation referred to in paragraph (a)(4) of this section.

(3) Waiver of statute of limitations. A waiver of the statute of limitations with respect to the group given by any one or more corporations referred to in paragraph (a)(4) of this section is deemed to be given by the agent of the group.

(4) Alternative agents. The corporations referred to in paragraph (a) (2) and (3) of this section are--

(i) The common parent of the group for all or any part of the year to which the notice or waiver applies,

(ii) A successor to the former common parent in a transaction to which section 381(a) applies,

(iii) The agent designated by the group under § 1.1502-77(d), or

(iv) If the group remains in existence under § 1.1502-75(d) (2) or (3), the common parent of the group at the time the notice is mailed or the waiver given.

(f) Cross-reference. For further rules applicable to groups that include insolvent financial institutions, see § 301.6402-7 of this chapter.

(g) Effective date. This section applies to taxable years beginning before June 28, 2002, except paragraph (e) of this section applies to statutory notices and waivers of the statute of limitations for taxable years for which the due date (without extensions) of the consolidated return is after September 7, 1988, and which begin before June 28, 2002.

**26 C.F.R. § 1.1502-77**

§ 1.1502-77 Agent for the group.

(a) Scope of agency --

(1) In general --

(i) Common parent. Except as provided in paragraphs (a)(3) and (6) of this section, the common parent (or a substitute agent described in paragraph (a)(1)(ii) of this section) for a consolidated return year is the sole agent (agent for the group) that is authorized to act in its own name with respect to all matters relating to the tax liability for that consolidated return year, for --

(A) Each member in the group; and

(B) Any successor (see paragraph (a)(1)(iii) of this section) of a member.

(ii) Substitute agents. For purposes of this section, any corporation designated as a substitute agent pursuant to paragraph (d) of this section to replace the common parent or a previously designated substitute agent acts as agent for the group to the same extent and subject to the same limitations as are applicable to the common parent, and any reference in this section to the common parent includes any such substitute agent.

(iii) Successor. For purposes of this section only, the term successor means an individual or entity (including a disregarded entity) that is primarily liable, pursuant to applicable law (including, for example, by operation of a state or Federal merger statute), for the tax liability of a member of the group. Such determination is made without regard to § 1.1502-1(f)(4) or 1.1502-6(a). (For inclusion of a successor in references to a subsidiary or member, see paragraph (c)(2) of this section.)

(iv) Disregarded entity. If a subsidiary of a group becomes, or its successor is or becomes, a disregarded entity for Federal tax purposes, the common parent continues to serve as the agent with respect to that subsidiary's tax liability under § 1.1502-6 for consolidated return years during which it was included in the group, even though the entity generally is not treated as a person separate from its owner for Federal tax purposes.

(v) Transferee liability. For purposes of assessing, paying and collecting transferee liability, any exercise of or reliance on the common parent's agency authority pursuant to this section is binding on a transferee (or

subsequent transferees) of a member, regardless of whether the member's existence terminates prior to such exercise or reliance.

(vi) Purported common parent. If any corporation files a consolidated return purporting to be the common parent of a consolidated group but is subsequently determined not to have been the common parent of the claimed group, that corporation is treated, to the extent necessary to avoid prejudice to the Commissioner, as if it were the common parent.

(2) Examples of matters subject to agency. With respect to any consolidated return year for which it is the common parent --

(i) The common parent makes any election (or similar choice of a permissible option) that is available to a subsidiary in the computation of its separate taxable income, and any change in an election (or similar choice of a permissible option) previously made by or for a subsidiary, including, for example, a request to change a subsidiary's method or period of accounting;

(ii) All correspondence concerning the income tax liability for the consolidated return year is carried on directly with the common parent;

(iii) The common parent files for all extensions of time, including extensions of time for payment of tax under section 6164, and any extension so filed is considered as having been filed by each member;

(iv) The common parent gives waivers, gives bonds, and executes closing agreements, offers in compromise, and all other documents, and any waiver or bond so given, or agreement, offer in compromise, or any other document so executed, is considered as having also been given or executed by each member;

(v) The common parent files claims for refund, and any refund is made directly to and in the name of the common parent and discharges any liability of the Government to any member with respect to such refund;

(vi) The common parent takes any action on behalf of a member of the group with respect to a foreign corporation, for example, elections by, and changes to the method of accounting of, a controlled foreign corporation in accordance with § 1.964-1(c)(3);

(vii) Notices of claim disallowance are mailed only to the common parent, and the mailing to the common parent is considered as a mailing to each member;

(viii) Notices of deficiencies are mailed only to the common parent (except as provided in paragraph (b) of this section), and the mailing to the common parent is considered as a mailing to each member;

(ix) Notices of final partnership administrative adjustment under section 6223 with respect to any partnership in which a member of the group is a partner may be mailed to the common parent, and, if so, the mailing to the common parent is considered as a mailing to each member that is a partner entitled to receive such notice (for other rules regarding partnership proceedings, see paragraphs (a)(3)(v) and (a)(6)(iii) of this section);

(x) The common parent files petitions and conducts proceedings before the United States Tax Court, and any such petition is considered as also having been filed by each member;

(xi) Any assessment of tax may be made in the name of the common parent, and an assessment naming the common parent is considered as an assessment with respect to each member; and

(xii) Notice and demand for payment of taxes is given only to the common parent, and such notice and demand is considered as a notice and demand to each member.

(3) Matters reserved to subsidiaries. Except as provided in this paragraph (a)(3) and paragraph (a)(6) of this section, no subsidiary has authority to act for or to represent itself in any matter related to the tax liability for the consolidated return year. The following matters, however, are reserved exclusively to each subsidiary --

(i) The making of the consent required by § 1.1502-75(a)(1);

(ii) Any action with respect to the subsidiary's liability for a federal tax other than the income tax imposed by chapter 1 of the Internal Revenue Code (including, for example, employment taxes under chapters 21 through 25 of the Internal Revenue Code, and miscellaneous excise taxes under chapters 31 through 47 of the Internal Revenue Code);

(iii) The making of an election under section 936(e);

(iv) The making of an election to be treated as a DISC under § 1.992-2; and

(v) Any actions by a subsidiary acting as tax matters partner under sections 6221 through 6234 and the accompanying regulations (but see paragraph (a)(2)(ix) of this section regarding the mailing of a final partnership administrative adjustment to the common parent).

(4) Term of agency --

(i) In general. Except as provided in paragraph (a)(4)(iii) of this section, the common parent for the consolidated return year remains the agent for the group with respect to that year until the common parent's existence terminates, regardless of whether one or more subsidiaries in that year cease to be members of the group, whether the group files a consolidated return for any subsequent year, whether the common parent ceases to be the common parent or a member of the group in any subsequent year, or whether the group continues pursuant to § 1.1502-75(d) with a new common parent in any subsequent year.

(ii) Replacement of substitute agent designated by Commissioner. If the Commissioner replaces a previously designated substitute agent pursuant to paragraph (d)(3)(ii) of this section, the replaced substitute agent ceases to be the agent after the Commissioner designates another substitute agent.

(iii) New common parent after a group structure change. If the group continues in existence with a new common parent pursuant to § 1.1502-75(d) during a consolidated return year, the common parent at the beginning of the year is the agent for the group through the date of the § 1.1502-75(d) transaction, and the new common parent becomes the agent for the group beginning the day after the transaction, at which time it becomes the agent for the group with respect to the entire consolidated return year (including the period through the date of the transaction) and the former common parent is no longer the agent for that year.

(5) Identifying members in notice of a lien. Notwithstanding any other provisions of this paragraph (a), any notice of a lien, any levy or any other proceeding to collect the amount of any assessment, after the assessment has been made, must name the entity from which such collection is to be made.

(6) Direct dealing with a member --

(i) Several liability. The Commissioner may, upon issuing to the common parent written notice that expressly invokes the authority of this provision, deal directly with any member of the group with respect to its liability under § 1.1502-6 for the consolidated tax of the group, in which event such member has sole authority to act for itself with respect to that liability. However, if the Commissioner believes or has reason to believe that the existence of the common parent has terminated, he may, if he deems it advisable, deal directly with any member with respect to that member's liability under § 1.1502-6 without giving the notice required by this provision.

(ii) Information requests. The Commissioner may, upon informing the common parent, request information relevant to the consolidated tax liability from any member of the group. However, if the Commissioner believes or has reason to believe that the existence of the common parent has terminated, he may request such information from any member of the group without informing the common parent.

(iii) Members as partners in partnerships. The Commissioner generally will deal directly with any member in its capacity as a partner of a partnership that is subject to the provisions of sections 6221 through 6234 and the accompanying regulations (but see paragraph (a)(2)(ix) of this section regarding the mailing of a final partnership administrative adjustment to the common parent). However, if requested to do so in accordance with the provisions of § 301.6223(c)-1(b) of this chapter, the Commissioner may deal with the common parent as agent for such member on any matter related to the partnership, except in regards to a settlement under section 6224(c) and except to the extent the member acts as tax matters partner of the partnership.

(b) Copy of notice of deficiency to entity that has ceased to be a member of the group. An entity that ceases to be a member of the group during or after a consolidated return year may file a written notice of that fact with the Commissioner and request a copy of any notice of deficiency with respect to the tax for a consolidated return year during which the entity was a member, or a copy of any notice and demand for payment of such deficiency, or both. Such filing does not limit the scope of the agency of the common parent provided for in paragraph (a) of this section. Any failure by the Commissioner to comply with such request does not limit an entity's tax liability under § 1.1502-6. For purposes of this paragraph (b), references to an entity include a successor of such entity.

(c) References to member or subsidiary. For purposes of this section, all references to a member or subsidiary for a consolidated return year include --

(1) Each corporation that was a member of the group during any part of such year (except that any reference to a subsidiary does not include the common parent);

(2) Except as indicated otherwise, a successor (as defined in paragraph (a)(1)(iii) of this section) of any corporation described in paragraph (c)(1) of this section; and

(3) Each corporation whose income was included in the consolidated return for such year, notwithstanding that the tax liability of such corporation should have been computed on the basis of a separate return, or as a member of another consolidated group, under the provisions of § 1.1502-75.

(d) Termination of common parent --

(1) Designation of substitute agent by common parent.

(i) If the common parent's existence terminates, it may designate a substitute agent for the group and notify the Commissioner, as provided in this paragraph (d)(1).

(A) Subject to the Commissioner's approval under paragraph (d)(1)(ii) of this section, before the common parent's existence terminates, the common parent may designate, for each consolidated return year for which it is the common parent and for which the period of limitations either for assessment, for collection after assessment, or for claiming a credit or refund has not expired, one of the following to act as substitute agent in its place --

(1) Any corporation that was a member of the group during any part of the consolidated return year and, except as provided in paragraph (e)(3)(ii) of this section, has not subsequently been disregarded as an entity separate from its owner or reclassified as a partnership for Federal tax purposes; or

(2) Any successor (as defined in paragraph (a)(1)(iii) of this section) of such a corporation or of the common parent that is a domestic corporation (and, except as provided in paragraph (e)(3)(ii) of this section, is not disregarded as an entity separate from its owner or classified as a partnership for Federal tax purposes), including a corporation that will become a successor at the time that the common parent's existence terminates.

(B) The common parent must notify the Commissioner in writing (under procedures prescribed by the Commissioner) of the designation and provide the following --

(1) An agreement executed by the designated corporation agreeing to serve as the group's substitute agent; and

(2) If the designated corporation was not itself a member of the group during the consolidated return year (because the designated corporation is a successor of a member of the group for the consolidated return year), a statement by the designated corporation acknowledging that it is or will be primarily liable for the consolidated tax as a successor of a

member.

(ii) A designation under paragraph (d)(1)(i)(A) of this section does not apply unless and until it is approved by the Commissioner. The Commissioner's approval of such a designation is not effective before the existence of the common parent terminates.

(2) Default substitute agent. If the common parent fails to designate a substitute agent for the group before its existence terminates and if the common parent has a single successor that is a domestic corporation, such successor becomes the substitute agent for the group upon termination of the common parent's existence. However, see paragraph (d)(4) of this section regarding the consequences of the successor's failure to notify the Commissioner of its status as default substitute agent in accordance with procedures established by the Commissioner.

(3) Designation by the Commissioner.

(i) In the event the common parent's existence terminates and no designation is made and approved under paragraph (d)(1) of this section and the Commissioner believes or has reason to believe that there is no successor of the common parent that satisfies the requirements of paragraph (d)(2) of this section (or the Commissioner believes or has reason to believe there is such a successor but has no last known address on file for such successor), the Commissioner may, at any time, with or without a request from any member of the group, designate a corporation described in paragraph (d)(1)(i)(A) of this section to act as the substitute agent. The Commissioner will notify the designated substitute agent in writing of its designation, and the designation is effective upon receipt by the designated substitute agent of such notice. The designated substitute agent must give notice of the designation to each corporation that was a member of the group during any part of the consolidated return year, but a failure by the designated substitute agent to notify any such member of the group does not invalidate the designation.

(ii) At the request of any member, the Commissioner may, but is not required to, replace a substitute agent previously designated under paragraph (d)(3)(i) of this section with another corporation described in paragraph (d)(1)(i)(A) of this section.

(4) Absence of designation or notification of default substitute agent. Until a designation of a substitute agent for the group under paragraph (d)(1) of this section has become effective, the Commissioner has received notification in accordance with procedures established by the Commissioner that a successor qualifying under paragraph (d)(2) of this section has become the substitute agent by default, or the Commissioner has designated a substitute agent under paragraph (d)(3) of this section --

(i) Any notice of deficiency or other communication mailed to the common parent, even if no longer in existence, is considered as having been properly mailed to the agent for the group; and

(ii) The Commissioner is not required to act on any communication (including, for example, a claim for refund) submitted on behalf of the group by any person other than the common parent (including a successor of the common parent qualifying as a default substitute agent under paragraph (d)(2) of this section).

(e) Termination of a corporation's existence --

(1) In general. For purposes of paragraphs (a)(1)(v), (a)(4)(i), and (d) of this section, the existence of a corporation is deemed to terminate if --

(i) Its existence terminates under applicable law; or

(ii) Except as provided in paragraph (e)(3) of this section, it becomes, for Federal tax purposes, either --

(A) An entity that is disregarded as an entity separate from its owner; or

(B) An entity that is reclassified as a partnership.

(2) Purported agency. If the existence of the agent for the group terminates under circumstances described in paragraph (e)(1)(ii) of this section, until the Commissioner has approved the designation of a substitute agent for the group pursuant to paragraph (d)(1) of this section or the Commissioner designates a substitute agent and notifies the designated substitute agent pursuant to paragraph (d)(3) of this section, any post-termination action by that purported agent on behalf of the group has the same effect, to the extent necessary to avoid prejudice to the Commissioner, as if the agent's corporate existence had not terminated.

(3) Exceptions where no eligible corporation exists.

(i) For purposes of the common parent's term as agent under paragraph (a)(4)(i) of this section and the term as agent of the substitute agent designated under paragraph (d) of this section, if a corporation either becomes disregarded as an entity separate from its owner or is reclassified as a partnership for Federal tax purposes, its existence is not deemed to terminate if the effect of such termination would be that no corporation remains eligible to serve as the substitute agent for the group's consolidated return year.

(ii) Similarly, for purposes of paragraph (d) of this section, an entity that is either disregarded as an entity separate from its owner or reclassified as a partnership for Federal tax purposes is not precluded from designation as a substitute agent merely because of such classification if the effect of the inability to make such designation would be that no corporation remains eligible to serve as the substitute agent for the group's consolidated return year.

(iii) Any entity described in paragraphs (e)(3)(i) or (ii) of this section that remains or becomes the agent for the group is treated as a corporation for purposes of this section.

(4) Exception for section 338 transactions. Notwithstanding section 338(a)(2), a target corporation for which an election is made under section 338 is not deemed to terminate for purposes of this section.

(f) Examples. The following examples illustrate the principles of this section. Unless otherwise indicated, each example addresses the question of which corporation is the proper party to execute a consent to waive the statute of limitations for Years 1 and 2 or the more general question of which corporation may be designated as a substitute agent for the group for Years 1 and 2. In each example, as of January 1 of Year 1, the P group consists of P and its two subsidiaries, S and S-1. P, as the common parent of the P group, files consolidated returns for the P group in Years 1 and 2. On January 1 of Year 1, domestic corporations S-2, U, V, W, W-1, X, Y, Z and Z-1 are not related to P or the members of the P group. All corporations are calendar year taxpayers. For none of the tax years at issue does the Commissioner exercise the authority under paragraph (a)(6) of this section to deal with any member separately. Any surviving corporation in a merger is a successor as described in paragraph (a)(1)(iii) of this section. Any notification to the Commissioner of the designation of the P group's substitute agent also contains a statement signed on behalf of the designated agent that it agrees to act as the group's substitute agent and, in the case of a successor, that it is primarily liable as a successor of a member. The examples are as follows:

Example 1. Disposition of all group members. On December 31 of Year 1, P sells all the stock of S-1 to X. On December 31 of Year 2, P distributes all the stock of S to P's shareholders. P files a separate return for Year 3. Although P is no longer a common parent after Year 2, P remains the agent for the P group for Years 1 and 2. For as long as P remains in existence, only P may execute a waiver of the period of limitations on assessment on behalf of the group for Years 1 and 2.

Example 2. Acquisition of common parent by another group. The facts are the same as in Example 1, except on January 1 of Year 3, all of the outstanding stock of P is acquired by Y. P thereafter joins in the Y group consolidated return as a member of Y group. Although P is a member of Y group in Year 3, P remains the agent for the P group for Years 1 and 2. For as long as P remains in existence, only P may execute a waiver of the period of limitations on assessment on behalf of the P group for Years 1 and 2.

Example 3. Merger of common parent-designation of remaining member as substitute agent. On December 31 of Year 1, P sells all the stock of S-1 to X. On July 1 of Year 2, P acquires all the stock of S-2. On November 30 of Year 2, P distributes all the stock of S to P's shareholders. On January 1 of Year 3, P merges into Y corporation. Just before the merger, P notifies the Commissioner in writing of the planned merger and of its designation of S as the substitute agent for the P group for Years 1 and 2. S is the only member that P can designate as the substitute agent for both Years 1 and 2 because it is the only subsidiary that was a member of the P group during part of both years. Although S-2 is the only remaining subsidiary of the P group when P merges into Y, S-2 was a member of the P group only in Year 2. For that reason, S-2 cannot be the substitute agent for the P group for Year 1. Alternatively, P could designate a different substitute agent for each year, selecting S or S-1 as the substitute agent for Year 1, and S or S-2 as the substitute agent for Year 2. P could also designate its successor Y as the substitute agent for both Years 1 and 2.

Example 4. Forward triangular merger of common parent. On January 1 of Year 3, P merges with and into Z-1, a subsidiary of Z, in a forward triangular merger described in section 368(a)(1)(A) and (a)(2)(D). The transaction constitutes a reverse acquisition under § 1.1502-75(d)(3)(i) because P's shareholders receive more than 50% of Z's stock in exchange for all of P's stock. Just before the merger, P notifies the Commissioner in writing of the planned merger and its designation of Z-1, the corporation that will survive the planned merger, as the substitute agent of the P group for Years 1 and 2. Because Z-1 will be P's successor (within the meaning of paragraph (a)(1) of this section) after the planned merger, P may designate Z-1 as the substitute agent for the P group for Years 1 and 2, pursuant to paragraph (d)(1) of this section. Alternatively, P could have designated S or S-1 as the substitute agent for the P group for Years 1 and 2. Although Z is the new common parent of the P group, which continues pursuant to § 1.1502-75(d)(3)(i), P may not designate Z as the substitute agent for Years 1 and 2 because Z was not a member of the group during any part of Years 1 or 2 and is not a successor of P or any other member of P group.

Example 5. Reverse triangular merger of common parent. On March 1 of Year 3, W-1, a subsidiary of W, merges into P, in a reverse triangular merger described in section 368(a)(1)(A) and (a)(2)(E). P survives the merger with W-1. The transaction constitutes a reverse acquisition under § 1.1502-75(d)(3)(i) because P's shareholders receive more than 50% of W's stock in exchange for all of P's stock. Under paragraph (a) of this section, P remains the agent for the P group for Years 1 and 2, even though the P group continues with W as its new common parent pursuant to § 1.1502-75(d)(3)(i). Because the transaction constitutes a reverse acquisition, the P group is treated as remaining in existence with W as its common parent. Before March 2 of Year 3, P is the agent for the P group for Year 3. Beginning on March 2 of Year 3, W becomes the agent for the P group with respect to all of Year 3 (including the period through March 1) and subsequent consolidated return years. For as long as P remains in existence, P remains the agent of the P group under paragraph (a) of this section for Years 1 and 2, and therefore only P may execute a waiver of the period of limitations on assessment on behalf of the P group for Years 1 and 2.

Example 6. Reverse triangular merger of common parent-subsequent spinoff of common parent. The facts are the same as in Example 5, except that on April 1 of Year 4, in a transaction unrelated to the Year 3 reverse acquisition, P distributes the stock of its subsidiaries S and S-1 to W, and W then distributes the stock of P to the W shareholders. Beginning on March 2 of Year 3, W becomes the agent for the P group with respect to Year 3 (including the period through March 1) and subsequent consolidated return years. Although P is no longer a member of the P group after the Year 4 spinoff, P remains the agent for the P group under paragraph (a) of this section for Years 1 and 2. Thus, for as long as P remains in existence, only P may execute a waiver of the period of limitations on assessment on behalf of the P group for Years 1 and 2.

Example 7. Qualified stock purchase and section 338 election. On March 31 of Year 2, V purchases the stock of P in a qualified stock purchase (within the meaning of section 338(d)(3)), and V makes a timely election pursuant to section 338(g) with respect to P. Although section 338(a)(2) provides that P is treated as a new corporation as of the beginning of the day after the acquisition date for purposes of subtitle A, paragraph (e)(4) of this section provides that P's existence is not deemed to terminate for purposes of this section notwithstanding the general rule of section 338(a)(2). Therefore, the election under section 338(g) does not result in a termination of P under paragraph (e) of this section, and new P remains the agent of the P group for Year 1 and the period ending March 31 of Year 2 (short Year 2). For as long as new P remains in existence, only new P may execute a waiver of the period of limitations on assessment on behalf of the P group for Year 1 and short Year 2.

Example 8. Fraudulent conveyance of assets. On March 15 of Year 2, P files a consolidated return that includes the income of S and S-1 for Year 1. On December 1 of Year 2, S-1 transfers assets having a fair market value of $ 100x to U in exchange for $ 10x. This transfer of assets for less than fair market value constitutes a fraudulent conveyance under applicable state law. On March 1 of Year 5, P executes a waiver extending to December 31 of Year 6 the period of limitations on assessment with respect to the group's Year 1 consolidated return. On February 1 of Year 6, the Commissioner issues a notice of deficiency to P asserting a deficiency of $ 30x for the P group's Year 1 consolidated tax liability. P does not file a petition for redetermination in the Tax Court, and the Commissioner makes a timely assessment against the P group. P, S and S-1 are all insolvent and are unable to pay the deficiency. On February 1 of Year 8, the Commissioner sends a notice of transferee liability to U, which does not file a petition in the Tax Court. On August 1 of Year 8, the Commissioner assesses the amount of the P group's deficiency against U. Under section 6901(c), the Commissioner may assess U's transferee liability within one year after the expiration of the period of limitations against the transferor S-1. By operation of section 6213(a) and 6503(a), the issuance of the notice of deficiency to P and the expiration of the 90-day period for filing a petition in the Tax Court have the effect of further extending by 150 days the P group's limitations period on assessment from the previously extended date of December 31 of Year 6 to May 30 of Year 7. Pursuant to paragraph (a)(1)(v) of this section, the waiver executed by P on March 1 of Year 5 to extend the period of limitations on assessment to December 31 of

Year 6 and the further extension of the P group's limitations period to May 30 of Year 7 (by operation of sections 6213(a) and 6503(a)) have the derivative effect of extending the period of limitations on assessment of U's transferee liability to May 30 of Year 8. By operation of section 6901(f), the issuance of the notice of transferee liability to U and the expiration of the 90-day period for filing a petition in the Tax Court have the effect of further extending the limitations period on assessment of U's liability as a transferee by 150 days, from May 30 of Year 8 to October 27 of Year 8. Accordingly, the Commissioner may send a notice of transferee liability to U at any time on or before May 30 of Year 8 and assess the unpaid liability against U at any time on or before October 27 of Year 8. The result would be the same even if S-1 ceased to exist before March 1 of Year 5, the date P executed the waiver.

(g) Cross-reference. For further rules applicable to groups that include insolvent financial institutions, see § 301.6402-7 of this chapter.

(h) Effective date --

(1) Application --

(i) In general. This section applies with respect to taxable years beginning on or after June 28, 2002.

(ii) Election to apply for prior taxable years. Notwithstanding paragraphs (h)(1)(i) and (h)(2) of this section, the common parent may elect to apply paragraph (d)(1) of this section in lieu of § 1.1502-77A(d) in designating a substitute agent for taxable years beginning before June 28, 2002. The common parent makes such an election by expressly referring to the election under this paragraph (h)(1)(ii) in notifying the Commissioner of the designation of the substitute agent. Once made, such election applies to any subsequent designation of a substitute agent for the consolidated return year(s) subject to the election.

(2) Prior law. For taxable years beginning before June 28, 2002, see § 1.1502-77A.

(i) [Reserved]

(j) Designation by Commissioner if common parent is treated as a domestic corporation under section 7874 or section 953(d) [Reserved]. For further guidance, see § 1.1502-77T(j).

Plaintiff's Exhibit

1

# Delaware

PAGE 1

The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE DO HEREBY CERTIFY THAT THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF CONVERSION OF A DELAWARE CORPORATION UNDER THE NAME OF "BROWNING-FERRIS INDUSTRIES, INC." TO A DELAWARE LIMITED LIABILITY COMPANY, CHANGING ITS NAME FROM "BROWNING-FERRIS INDUSTRIES, INC." TO "BROWNING-FERRIS INDUSTRIES, LLC", FILED IN THIS OFFICE ON THE THIRTY-FIRST DAY OF DECEMBER, A.D. 2004, AT 9:03 O'CLOCK A.M.

A FILED COPY OF THIS CERTIFICATE HAS BEEN FORWARDED TO THE NEW CASTLE COUNTY RECORDER OF DEEDS.

Harriet Smith Windsor

Harriet Smith Windsor, Secretary of State

0764126 8100V

AUTHENTICATION: 3589834

040956463

DATE: 12-31-04

**CERTIFICATE OF CONVERSION**

**FROM A CORPORATION TO A LIMITED LIABILITY COMPANY**

**PURSUANT TO SECTION 266 OF THE DELAWARE GENERAL CORPORATION LAW**

1. The name of the corporation is Browning-Ferris Industries, Inc.
2. The name under which the corporation was originally incorporated is BFI, Inc.
3. The date on which the original Certificate of Incorporation was filed with the Secretary of State is October 26, 1970.
4. The name of the limited liability company into which the corporation is herein being converted is Browning-Ferris Industries, LLC.
5. The conversion has been approved in accordance with the provisions of Section 266.

Dated: December 31, 2004

By: /s/ Jo Lynn White
Name: Jo Lynn White
Title: Secretary

State of Delaware
Secretary of State
Division of Corporations
Delivered 10:47 AM 12/31/2004
FILED 09:03 AM 12/31/2004
SRV 040956463 - 0764126 FILE

NY983191.1

Plaintiff's Exhibit

2

# Delaware

PAGE 2

The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE DO HEREBY CERTIFY THAT THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF FORMATION OF "BROWNING-FERRIS INDUSTRIES, LLC" FILED IN THIS OFFICE ON THE THIRTY-FIRST DAY OF DECEMBER, A.D. 2004, AT 9:03 O'CLOCK A.M.

A FILED COPY OF THIS CERTIFICATE HAS BEEN FORWARDED TO THE NEW CASTLE COUNTY RECORDER OF DEEDS.

Harriet Smith Windsor, Secretary of State

0764126 8100V

AUTHENTICATION: 3569834

040956463

DATE: 12-31-04

CERTIFICATE OF FORMATION
OF
BROWNING-FERRIS INDUSTRIES, LLC

This Certificate of Formation of Browning-Ferris Industries, LLC (the "LLC"), dated as of December 31, 2004, is being duly executed and filed by Jo Lynn White, as an authorized person, to form a limited liability company under the Delaware Limited Liability Company Act (6 Del. C. §18-101, et.seq.).

FIRST: The name of the limited liability company formed hereby is Browning-Ferris Industries, LLC.

SECOND: The address of the registered office of the LLC in the State of Delaware is c/o The Corporation Trust Company, 1209 Orange Street, in the City of Wilmington, County of New Castle, 19801.

THIRD: The name and address of the registered agent for service of process on the LLC in the State of Delaware is The Corporation Trust Company, 1209 Orange Street, in the City of Wilmington, County of New Castle, 19801.

IN WITNESS WHEREOF, the undersigned has executed this Certificate of Formation as of the date first above written.

/s/ Jo Lynn White
Jo Lynn White
Authorized Person

State of Delaware
Secretary of State
Division of Corporations
Delivered 10:47 AM 12/31/2004
FILED 09:03 AM 12/31/2004
SRV 040956463 - 0764126 FILE

NY\983199.1

Plaintiff's Exhibit
3

**ALLIED WASTE INDUSTRIES, INC. AND SUBSIDIARIES**
**EIN: 88-0228636**

**A STATEMENT REGARDING**
**DISTRIBUTIONS RECEIVED IN COMPLETE LIQUIDATION**
**FOR THE YEAR ENDED DECEMBER 31, 2004**

---

Pursuant to Reg. 1.332-6(b), the taxpayer submits the following information regarding distributions received in complete liquidation of Browning Ferris Industries, Inc. (EIN: 76-1673682).

(1) STATEMENT OF PROPERTIES RECEIVED

No properties were received in complete liquidation.

(2) STATEMENT OF INDEBTEDNESS

There existed no indebtedness of liquidating corporation to taxpayer on the date the plan of liquidation was adopted.

(3) STATEMENT OF OWNERSHIP OF ALL CLASSES OF STOCK

All classes of stock of the liquidating corporation as of the date of adoption of the plan, and at all times since, to, and including the date of distribution in liquidation, were owned by Allied Waste North America, Inc. (EIN: 86-0843596).

Plaintiff's Exhibit

4

C

Internal Revenue Service (I.R.S.)

Revenue Procedure

AGENT FOR THE GROUP

Released: June 29, 2002

Published: July 15, 2002

Section 1502.--Regulations (Consolidated Returns)., 26 CFR 1.1502-77.--Agent for the group. 26 CFR 1.1502-77A.--Common parent agent for subsidiaries applicable for consolidated return years beginning before June 28, 2002.

26 CFR 601.105: Examination of returns and claims for refund, credit, or abatement; determination of correct tax liability.

Agent for the group. This procedure provides instructions relating to the determination of a substitute agent to act on behalf of a consolidated group, pursuant to sections 1.1502-77(d) or 1.1502-77A(d) of the regulations. Procedures are provided for automatic approval of requests by a terminating common parent to designate its qualifying successor as substitute agent.

Determination of Substitute Agent for a Consolidated Group When the Common Parent Ceases to Exist

Table of Contents

SECTION 1. PURPOSE

SECTION 2. GENERAL BACKGROUND

SECTION 3. SPECIFIC BACKGROUND INFORMATION REGARDING DIFFERENT MEANS OF DETERMINING A SUBSTITUTE AGENT

SECTION 4. SCOPE

SECTION 5. WHERE TO FILE

SECTION 6. DESIGNATION BY A TERMINATING COMMON PARENT OF ITS QUALIFYING SUCCESSOR AS SUBSTITUTE AGENT

SECTION 7. DESIGNATION BY A TERMINATING COMMON PARENT OF A CORPORATION OTHER THAN ITS QUALIFYING SUCCESSOR AS SUBSTITUTE AGENT

SECTION 8. DESIGNATION BY REMAINING MEMBERS OF THE GROUP UNDER § 1.1502- 77A(d)

SECTION 9. NOTIFICATION BY DEFAULT SUBSTITUTE AGENT UNDER § 1.1502- 77(d)(2)

SECTION 10. MEMBER'S REQUEST FOR THE IRS TO DESIGNATE A SUBSTITUTE AGENT UNDER § 1.1502-77(d)(3)(i)

SECTION 11. REQUEST THAT IRS REPLACE A PREVIOUSLY DESIGNATED SUBSTITUTE AGENT

SECTION 12. EFFECTIVE DATE

SECTION 13. PAPERWORK REDUCTION ACT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

SECTION 14. INQUIRIES

SECTION 1. PURPOSE

This revenue procedure provides instructions for all communications relating to the determination of a substitute agent to act on behalf of a consolidated group pursuant to § 1.1502-77(d) or § 1.1502-77A(d) of the Income Tax Regulations. This revenue procedure is the exclusive procedure under § § 1.1502-77(d) and 1.1502-77A(d) for submitting the communications identified in section 3 of this revenue procedure. This revenue procedure also provides for the automatic approval of requests by a terminating common parent to designate its qualifying successor as substitute agent.

SECTION 2. GENERAL BACKGROUND

In general, the corporation that is the common parent of a consolidated group for a taxable year is the sole agent for the group with regard to the group's income tax liability for that taxable year. The original common parent generally remains the agent for the group for that taxable year, even if another corporation is the common parent of the group in a later year or the group later terminates. However, the original common parent cannot act as sole agent if its own existence terminates. In that case, the group may require a substitute agent to function with respect to prior open taxable years for which the original common parent was the group's agent. Sections 1.1502-77(d) and 1.1502-77A(d) provide rules regarding a substitute agent to replace a terminating or terminated common parent. This revenue procedure sets forth the procedures under those rules. These procedures also apply when a substitute agent's existence terminates. In this revenue procedure, references to a terminating or terminated common parent include a substitute agent going out of existence.

SECTION 3. SPECIFIC BACKGROUND INFORMATION REGARDING DIFFERENT MEANS OF DETERMINING A SUBSTITUTE AGENT

.01 Sections 1.1502-77(d)(1) and 1.1502-77A(d) provide for several different means of determining a substitute agent to act on behalf of a consolidated group. Each method is described below. Some can apply only to consolidated return years beginning on or after June 28, 2002, some can apply only to years beginning before June 28, 2002, and some can apply to any or all open years. If the terminating common parent is agent for any open years beginning before June 28, 2002, the Internal Revenue Service (IRS) recommends that the terminating common parent designate a substitute agent, because that is the only single procedure applicable to all open years. Designation by the terminating common parent affords the group the greatest choice as to the selection of its substitute agent and ensures the least interruption of communication with the IRS.

.02 A terminating common parent may designate a substitute agent. See § § 1.1502-77(d)(1) and 1.1502-77A(d). Designation by a terminating common parent is available for any and all taxable years for which the terminating common parent is agent for the group. This revenue procedure provides different procedures depending on whether the terminating common parent designates its qualifying successor (see section 6 of this revenue procedure) or another corporation (see section 7 of this revenue procedure).

(1) If the terminating common parent designates its qualifying successor in accordance with the procedures of this revenue procedure, that designation is automatically approved without further communication from the IRS, and will be effective on the later of the termination of the common parent or the filing of the designation with the IRS. See section 6.02 of this revenue procedure for the definition of a qualifying successor. Designation by the terminating common parent of its qualifying successor as substitute agent is generally available for any consolidated return year.

(2) The terminating common parent may also designate certain corporations other

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

than its qualifying successor as substitute agent (see section 7 of this revenue procedure). Such a designation is subject to approval by the IRS. Designation of a corporation other than the terminating common parent's qualifying successor as substitute agent is generally available for any consolidated return year.

.03 If the terminating common parent does not designate a substitute agent, the remaining members may designate a substitute agent, but only for consolidated return years beginning before June 28, 2002. See § 1.1502- 77A(d). The designation must be filed in the manner specified in section 8 of this revenue procedure, and is not effective until the IRS approves the designation.

.04 If the terminating common parent does not designate a substitute agent, its qualifying successor, if any, may notify the IRS that it is the substitute agent by default, but only for consolidated return years beginning on or after June 28, 2002. See § 1.1502-77(d)(2). IRS approval is not required, but the IRS is not required to send communications to, or act on communications from, the successor until it provides notification to the IRS of its status as a default substitute agent under section 9 of this revenue procedure.

.05 If the terminating common parent does not designate a substitute agent and has no qualifying successor, one or more members of the group may request the IRS to designate a substitute agent, but only for consolidated return years beginning on or after June 28, 2002. See § 1.1502-77(d)(3)(i). The request is made pursuant to section 10 of this revenue procedure. If the group does not request designation of a substitute agent in this situation, the IRS may nevertheless (if it has reason to believe there is no default substitute agent) designate any group member or successor of a member as the substitute agent for the group.

.06 If the IRS designated a substitute agent for consolidated return years beginning on or after June 28, 2002, one or more members of the group may request that the IRS replace the previously designated substitute with another member (or successor of a member), in accordance with the procedures of section 11 of this revenue procedure.

SECTION 4. SCOPE

.01 In general. This revenue procedure applies to any designation of a substitute agent under § § 1.1502-77(d)(1) or 1.1502-77A(d), notification of the existence of a default substitute agent under § 1.1502-77(d)(2), request under § 1.1502-77(d)(3)(i) for the designation of a substitute agent, and request under § 1.1502-77(d)(3)(ii) for replacement of a previously designated substitute agent.

.02 References to IRS. References in this revenue procedure to the IRS include any official to whom the Commissioner's authority under § § 1.1502- 77(d) or 1.1502-77A(d) has been duly delegated.

SECTION 5. WHERE TO FILE

Except as provided in section 11 of this revenue procedure, all documents described in this revenue procedure are filed at the following address:

Ogden Submission Processing Center
P.O. Box 9941
Mail Stop 4912
Ogden, UT 84409

SECTION 6. DESIGNATION BY A TERMINATING COMMON PARENT OF ITS QUALIFYING SUCCESSOR AS SUBSTITUTE AGENT

.01 In general. A terminating common parent may designate a substitute agent. See § § 1.1502-77(d)(1), 1.1502-77(h)(1)(ii), and 1.1502-77A(d). Designation by a terminating common parent is available for any and all taxable years for which the terminating common parent is agent for the group. If the terminating common parent designates its qualifying successor in accordance with the procedures of this section 6, that designation is automatically approved without further communication

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

from the IRS, and no written approval will be provided. Such designation will be effective on the later of the termination of the common parent or the filing of the designation with the IRS. Designation by a terminating common parent of its qualifying successor as substitute agent with respect to consolidated return years beginning before June 28, 2002, requires the terminating common parent to elect to apply § 1.1502-77(d)(1) pursuant to § 1.1502-77(h)(1)(ii) in accordance with subsection .04(5) of this section 6. A designation by a common parent, before its existence terminates, of its qualifying successor as substitute agent for the group must be filed in accordance with the requirements set forth in this section 6.

.02 Qualifying Successor. For purposes of this revenue procedure, a "qualifying successor" must be (i) the sole entity that is primarily liable under applicable law (without regard to § § 1.1502-1(f)(4) or 1.1502-6(a)) for the common parent's Federal income tax liability and (ii) a domestic corporation for Federal income tax purposes. Qualifying successors usually result from the merger of a terminating common parent into another domestic corporation.

.03 When to file. (1) In general. A terminating common parent's designation of its qualifying successor as substitute agent must be executed by the common parent before its existence terminates and, except as provided in paragraph (2) of this subsection .03, filed promptly.

(2) Special rule. If the qualifying successor does not come into existence before the common parent's existence terminates, the common parent must still execute the designation before its existence terminates, and the qualifying successor must promptly complete the designation after it comes into existence by executing the statement required in subsection .04(9) of this section 6 and filing the designation.

.04 Contents. The terminating common parent's designation of its qualifying successor as substitute agent must be in writing and contain the following information:

(1) The heading "REV. PROC. 2002-43: COMMON PARENT'S DESIGNATION OF ITS QUALIFYING SUCCESSOR AS SUBSTITUTE AGENT" must be typed or legibly printed at the top of the designation;

(2) Name, address, and employer identification number of the common parent making the designation;

(3) Name, address, and employer identification number of the common parent's qualifying successor and the consolidated return year(s) for which the designation applies (or a statement that it applies to all consolidated return years ending on or before the date of termination of the common parent);

(4) The name and employer identification number of the common parent under which the return(s) for which the designation applies was (were) filed, if different from the common parent named in paragraph (2) of this subsection .04;

(5) If the designation applies to any consolidated return year(s) beginning before June 28, 2002, a statement that the common parent elects pursuant to § 1.1502-77(h)(1)(ii) to apply § 1.1502-77(d)(1) with respect to such year(s);

(6) The Internal Revenue Service Center where the consolidated return(s) was (were) or will be filed, as the case may be, for the year(s) for which the designation applies;

(7) The expected date of termination of the common parent;

(8) The name, address, and phone number of any Examination Team Manager, Appeals Officer or Counsel Attorney who currently has jurisdiction of consolidated return year(s) for which the designation applies; and

(9) A statement on behalf of the qualifying successor in which it:

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(a) Agrees to serve as the group's substitute agent pursuant to the common parent's designation; and

(b) If it was not a member of the group during the consolidated return year(s) for which it is designated, acknowledges that it is or will be primarily liable as a successor of the common parent of the group for the consolidated tax liability for such consolidated return year(s).

.05 Signature requirements. (1) The terminating common parent's designation of its qualifying successor as substitute agent must contain the following declaration, signed by a duly authorized officer of the common parent: Under penalties of perjury, I declare that I am authorized to make this designation on behalf of the common parent and that, to the best of my knowledge, the information provided is true, correct, and complete.

(2) The statement required under subsection .04(9) of this section 6 must contain the following declaration, signed by a duly authorized officer of the terminating common parent's qualifying successor: Under penalties of perjury, I declare that I am authorized to sign this statement on behalf of the qualifying successor and that, to the best of my knowledge, the information provided is true, correct, and complete.

SECTION 7. DESIGNATION BY A TERMINATING COMMON PARENT OF A CORPORATION OTHER THAN ITS QUALIFYING SUCCESSOR AS SUBSTITUTE AGENT

.01 In general. A terminating common parent may designate a substitute agent. See § § 1.1502-77(d)(1), 1.1502-77(h)(1)(ii), and 1.1502-77A(d). Designation by a terminating common parent is available for any and all taxable years for which the terminating common parent is agent for the group. If the terminating common parent designates a corporation other than its qualifying successor as substitute agent, that designation is subject to approval by the IRS and is not effective unless and until it is approved. The designation must be made in accordance with the procedures of this section 7. The terminating common parent may designate:

(1) Any corporation that was a member of the group during any part of the consolidated return year for which the designation applies and has not subsequently been disregarded as an entity separate from its owner or reclassified as a partnership for Federal tax purposes; or

(2) Any successor of such a corporation, if such successor is a domestic corporation and is not disregarded as an entity separate from its owner or classified as a partnership for Federal tax purposes, including a corporation that will become a successor at the time that the common parent's existence terminates. The designation of a successor of a member as substitute agent is available for consolidated return years beginning before June 28, 2002, only if the terminating common parent elects to apply § 1.1502-77(d)(1) pursuant to § 1.1502-77(h)(1)(ii) in accordance with subsection .03(5) of this section 7. (See section 6 of this revenue procedure regarding the terminating common parent's designation of its qualifying successor as substitute agent.)

.02 When to file. (1) In general. A terminating common parent's designation of a corporation other than its qualifying successor as substitute agent under § § 1.1502-77(d)(1) or 1.1502-77A(d) must be executed by the common parent before its existence terminates and, except as provided in paragraph (2) of this subsection .02, filed promptly.

(2) Special rule. If the substitute agent designated by the terminating common parent under this section 7 does not come into existence before the common parent's existence terminates, the common parent must still execute the designation before its existence terminates, and the designated substitute agent must promptly complete the designation after it comes into existence by executing the statement required in subsection .03(10) of this section 7 and filing the designation.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

.03 Contents. The terminating common parent's designation of a corporation other than its qualifying successor as substitute agent must be in writing and contain the following information:

(1) The heading "REV. PROC. 2002-43: DESIGNATION OF SUBSTITUTE AGENT BY COMMON PARENT" must be typed or legibly printed at the top of the designation;

(2) Name, address, and employer identification number of the common parent making the designation;

(3) Name, address, and employer identification number of the designated substitute agent and the consolidated return year(s) for which the designation applies (or a statement that it applies to all consolidated return years ending on or before the date of termination of the common parent);

(4) The name and employer identification number of the common parent under which the return(s) for which the designation applies was (were) filed, if different from the common parent named in paragraph (2) of this subsection .03;

(5) If the common parent elects pursuant to § 1.1502-77(h)(1)(ii) to apply § 1.1502-77(d)(1) with respect to consolidated return years beginning before June 28, 2002, a statement making an election;

(6) The Internal Revenue Service Center where the consolidated return(s) was (were) or will be filed, as the case may be, for the year(s) for which the designation applies;

(7) The expected date of termination of the common parent;

(8) The name and address of the corporation(s) (or other person(s)) that have (or will have) custody of the books and records with respect to the consolidated return year(s) for which the designation applies, if different from the designated substitute agent named in paragraph (3) of this subsection .03, and if so, a description of the arrangements available to the designated substitute agent for access to the books and records;

(9) The name, address, and phone number of the Examination Team Manager, Appeals Officer or Counsel Attorney, if any, who currently has jurisdiction of the consolidated return year(s) for which the designation applies; and

(10) A statement on behalf of the substitute agent in which it:

(a) Agrees to serve as the group's substitute agent pursuant to the common parent's designation; and

(b) If it was not a member of the group during the consolidated return year(s) for which it is designated, acknowledges that it is or will be primarily liable as a successor of a member of the group for the consolidated tax liability for such consolidated return year(s).

.04 Signature requirements. (1) The terminating common parent's designation of a corporation other than its qualifying successor as substitute agent must contain the following declaration, signed by a duly authorized officer of the common parent: Under penalties of perjury, I declare that I am authorized to make this designation on behalf of the common parent and that, to the best of my knowledge, the information provided is true, correct, and complete.

(2) The statement required under subsection .03(10) of this section 7 must contain the following declaration, signed by a duly authorized officer of the substitute agent: Under penalties of perjury, I declare that I am authorized to sign this statement on behalf of the designated substitute agent and that, to the best of my knowledge, the information provided is true, correct, and complete.

.05 Designations solely for consolidated return years subject to § 1.1502-

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

77A(d). If the designation applies only to one or more consolidated return years beginning before June 28, 2002, and the designated substitute agent was a member (but not a successor of a member) of the group for the year(s) for which the designation applies, the election in paragraph (5) of subsection .03 and the statement signed on behalf of the designated substitute agent in paragraph (10) of subsection .03 are not applicable and are therefore not required.

.06 Approval. (1) The IRS may approve or disapprove for any reason a designation of a substitute agent under this section 7. Approval of such designation is in the sole discretion of the IRS.

(2) No designation by a terminating common parent under this section 7 applies unless and until it is approved by the IRS. Approval of a terminating common parent's designation under this section 7 will not be effective before the existence of the common parent making the designation terminates.

(3) The IRS will approve or disapprove any designation under this section 7 in writing to the terminating common parent and the substitute agent. Unless written approval is received from the IRS, taxpayers may not assume that the substitute agent has the authority to act on behalf of the group.

SECTION 8. DESIGNATION BY REMAINING MEMBERS OF THE GROUP UNDER § 1.1502- 77A(d).

.01. In general. If a terminating common parent does not designate a substitute agent for any consolidated return year(s) beginning before June 28, 2002, the remaining members of the group may designate a substitute agent pursuant to § 1.1502-77A(d) for such year(s). The remaining members may designate as substitute agent any corporation that was a member of the group for any part of a consolidated return year for which the designation applies. The designation must be filed in accordance with the requirements set forth in this section 8.

.02 When to file. The designation of a substitute agent by the remaining members of the group under § 1.1502-77A(d)(1) may be filed at any time after the common parent's existence terminates.

.03 Contents. The remaining members' designation of a substitute agent must be in writing and contain the following information:

(1) The heading "REV. PROC. 2002-43: DESIGNATION BY GROUP MEMBERS UNDER § 1.1502-77A(d)" must be typed or legibly printed at the top of the designation;

(2) Name, address, and employer identification number of the terminated common parent for which a substitute agent is being designated;

(3) Name, address, and employer identification number of the designated substitute agent and the consolidated return year(s) for which the designation applies (or a statement that it applies to all consolidated return years ending on or before the date of termination of the common parent);

(4) The name and employer identification number of the common parent under which the return(s) for which the designation applies was (were) filed, if different from the common parent named in paragraph (2) of this subsection .03;

(5) The Internal Revenue Service Center where the consolidated return(s) was (were) or will be filed, as the case may be, for the year(s) for which the designation applies;

(6) The date of termination of the common parent;

(7) The name and address of the corporation(s) (or other person(s)) that have (or will have) custody of the books and records with respect to the consolidated return year(s) for which the designation applies, if different from the designated substitute agent named in paragraph (3) of this subsection .03, and if so, a description of the arrangements available to the designated substitute agent for

access to the books and records;

(8) A representation that the corporations signing the designation constitute all of the remaining members of the group; and

(9) The name, address, and phone number of the Examination Team Manager, Appeals Officer or Counsel Attorney, if any, who currently has jurisdiction of the consolidated return year(s) for which the designation applies.

.04 Signature requirements. The designation must contain the following declaration, signed by a duly authorized officer of each remaining member of the group for the consolidated return year(s) for which the designation applies: Under penalties of perjury, I declare that I am authorized to make this designation on behalf of the named member of the group and that, to the best of my knowledge, the information provided is true, correct, and complete. For purposes of this subsection .04, the designation may be submitted as a single document containing all required signatures or as multiple documents each signed by a duly authorized officer of a remaining member of the group.

.05 Approval. (1) The IRS may approve or disapprove for any reason a designation of a substitute agent under this section 8. Approval of such designation is in the sole discretion of the IRS.

(2) No designation under this section 8 applies unless and until it is approved by the IRS.

(3) The IRS will approve or disapprove any designation under this section 8 in writing to the member designated as substitute agent in subsection .03(3) of this section 8. Unless written approval is received from the IRS, taxpayers may not assume that the substitute agent has the authority to act on behalf of the group.

SECTION 9. NOTIFICATION BY DEFAULT SUBSTITUTE AGENT UNDER § 1.1502-77(d)(2)

.01 In general. If a terminating common parent that does not designate a substitute agent pursuant to § 1.1502-77(d)(1) has a qualifying successor (as defined in section 6.02 of this revenue procedure), such qualifying successor is the default substitute agent under § 1.1502-77(d)(2) for consolidated return years beginning on or after June 28, 2002. Such default substitute agent must provide notification to the IRS pursuant to the filing requirements set forth in this section 9 to insure that it will receive communications from the IRS to the group and to insure that the IRS will act on its communications to the IRS on behalf of the group.

.02 When to file. Notification by the default substitute agent should be filed promptly after the existence of the common parent terminates.

.03 Contents. The notification by the default substitute agent under § 1.1502-77(d)(2) must be in writing and contain the following information:

(1) The heading "REV. PROC. 2002-43: NOTIFICATION BY DEFAULT SUBSTITUTE AGENT UNDER § 1.1502-77(d)(2)" must be typed or legibly printed at the top of the notification;

(2) Name, address, and employer identification number of the terminated common parent;

(3) Name, address, and employer identification number of the default substitute agent and the consolidated return year(s) for which it is the substitute agent;

(4) The name and employer identification number of the common parent under which the return(s) for which the default substitute agent is the substitute agent was (were) filed, if different from the common parent named in paragraph (2) of this subsection .03;

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(5) The Internal Revenue Service Center where the consolidated return(s) was (were) or will be filed, as the case may be, for the consolidated return year(s) for which the default substitute agent is the substitute agent;

(6) The date of termination of the common parent;

(7) The name, address, and phone number of the Examination Team Manager, Appeals Officer or Counsel Attorney, if any, who currently has jurisdiction of the consolidated return year(s) for which the default substitute agent is the substitute agent; and

(8) A statement in which the default substitute agent:

(a) Agrees to serve as the group's substitute agent; and

(b) If it was not a member of the group during the consolidated return year(s) for which it is the default substitute agent, acknowledges that it is primarily liable as a successor of the former common parent of the group for the consolidated tax liability for such consolidated return year(s).

.04 Signature requirements. The notification by a default substitute agent must contain the following declaration, signed by a duly authorized officer of the default substitute agent: Under penalties of perjury, I declare that I am authorized to submit this notification on behalf of the default substitute agent and that, to the best of my knowledge, the information provided is true, correct, and complete.

.05 No approval required. IRS approval is not required for a default substitute agent, but the IRS is not required to send communications to, or act on communications from, a default substitute agent until it provides notification under this section 9.

SECTION 10. MEMBER'S REQUEST FOR THE IRS TO DESIGNATE A SUBSTITUTE AGENT UNDER § 1.1502-77(d)(3)(i)

.01 In general. If a terminating common parent does not designate a substitute agent and there is no default substitute agent under § 1.1502- 77(d)(2), one or more members of the group may request that the IRS designate a substitute agent pursuant to § 1.1502-77(d)(3)(i) for consolidated return years beginning on or after June 28, 2002. Such request may (but is not required to) propose a member (or a successor of a member) for the IRS to designate as substitute agent.

.02 When to file. A request by a member of the group that the IRS designate a substitute agent may be filed at any time after the common parent's existence terminates and before the IRS designates a substitute agent.

.03 Contents. A request for designation of a substitute agent must be in writing and contain the following information:

(1) The heading "REV. PROC. 2002-43: REQUEST FOR DESIGNATION OF SUBSTITUTE AGENT UNDER § 1.1502-77(d)(3)" must be typed or legibly printed at the top of the designation;

(2) Name, address, and employer identification number of the terminated common parent;

(3) Name, address, and employer identification number of the proposed substitute agent, if any, and the consolidated return year(s) for which the designation is requested;

(4) The name and employer identification number of the common parent under which the return(s) for which the designation is requested was (were) filed, if different from the common parent named in paragraph (2) of this subsection .03;

(5) The Internal Revenue Service Center where the consolidated return(s) was

(were) or will be filed, as the case may be, for the year(s) for which the designation is requested;

(6) The date the common parent's existence terminated and the circumstances under which it terminated (e.g., dissolution under state law or merger into a limited liability company);

(7) The name and address of the corporation(s) (or other person(s)) that have custody of the books and records with respect to the consolidated return year(s) for which the designation is requested, if different from any proposed substitute agent named in paragraph (3) of this subsection .03, and if so, a description of the arrangements available to the proposed substitute agent for access to the books and records; and

(8) The name, address, and phone number of the Examination Team Manager, Appeals Officer or Counsel Attorney, if any, who currently has jurisdiction of the consolidated return year(s) for which the designation is requested.

.04 Signature requirement. A request under this section 10 must contain the following declaration, signed by a duly authorized officer of at least one of the requesting members which was a member of the group for the consolidated return year(s) for which the designation is requested: Under penalties of perjury, I declare that I am authorized to make this request on behalf of the named member of the group and that, to the best of my knowledge, the information provided is true, correct, and complete.

.05 Designation by the IRS. (1) In response to a request under this section 10, the IRS may, in its sole discretion, designate as the substitute agent the member (or successor of the member) proposed by the request, if any, or another member (or successor of another member).

(2) The IRS will notify in writing the designated substitute agent.

SECTION 11. REQUEST THAT IRS REPLACE A PREVIOUSLY DESIGNATED SUBSTITUTE AGENT

.01 In general. If the IRS designates a substitute agent pursuant to § 1.1502-77(d)(3)(i), one or more members of the group may request pursuant to § 1.1502-77(d)(3)(ii) that the IRS replace the previously designated substitute agent with another member (or successor of another member). Such request may (but is not required to) propose a substitute agent to replace the previously designated substitute agent.

.02 When to file. A request by a member of the group that the IRS replace a previously designated substitute agent may be filed at any time after the IRS designates the substitute agent that the request seeks to have replaced.

.03 Contents. A request that the IRS replace a previously designated substitute agent must be in writing and contain the following information:

(1) The heading "REV. PROC. 2002-43: REQUEST FOR IRS TO REPLACE PREVIOUSLY DESIGNATED SUBSTITUTE AGENT UNDER § 1.1502-77(d)(3)" must be typed or legibly printed at the top of the designation;

(2) Name, address, and employer identification number of the previously designated substitute agent;

(3) Name, address, and employer identification number of the proposed substitute agent, if any, to replace the previously designated substitute agent and the consolidated return year(s) for which the replacement designation is requested;

(4) The name and employer identification number of the common parent under which the return(s) for which the replacement designation is requested was (were) filed;

(5) The Internal Revenue Service Center where the consolidated return(s) was

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(were) or will be filed, as the case may be, for the year(s) for which the replacement designation is requested;

(6) The date the common parent's existence terminated and the circumstances under which it terminated (e.g., dissolution under state law or merger into a limited liability company);

(7) The name and address of the corporation(s) (or other person(s)) that have custody of the books and records with respect to the consolidated return years for which the replacement designation is requested, if different from the proposed replacement substitute agent named in paragraph (3) of this subsection .03, and if so, a description of the arrangements available to the proposed replacement substitute agent for access to the books and records;

(8) The name, address, and phone number of the Examination Team Manager, Appeals Officer or Counsel Attorney, if any, who currently has jurisdiction of the consolidated return years for which the replacement designation is requested; and

(9) The reason(s) for the request to replace the previously designated substitute agent.

.04 Signature requirement. A request under this section 11 must contain the following declaration, signed by a duly authorized officer of at least one of the requesting members which was a member of the group for the consolidated return year(s) for which the replacement designation is requested: Under penalties of perjury, I declare that I am authorized to make this request on behalf of the named member of the group and that, to the best of my knowledge, the information provided is true, correct, and complete.

.05 Where to file. Notwithstanding the instructions in section 4 of this revenue procedure, a request under this section 11 must be filed with the office that made the designation of the substitute agent that the request seeks to replace.

.06 Designation by the IRS. (1) In response to a request under this section 11, the IRS may, in its sole discretion, replace the previously designated substitute agent with the member (or successor of the member) proposed by the request or another member (or successor of another member).

(2) If the IRS replaces the previously designated substitute agent, it will notify in writing the previously designated substitute agent and the replacement substitute agent of the change in the substitute agent.

SECTION 12. EFFECTIVE DATE

This revenue procedure applies to designations of substitute agents and notifications of the existence of default substitute agents, and to requests for designation of a substitute agent or for replacement of a previously designated substitute agent made after June 28, 2002.

SECTION 13. PAPERWORK REDUCTION ACT

The collection of information contained in this revenue procedure has been reviewed and approved by the Office of Management and Budget in accordance with the Paperwork Reduction Act (44 U.S.C. 3507) under control numbers 1545-1699 and 1545-1793.

An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless the collection of information displays a valid OMB control number.

The collections of information in this revenue procedure are in sections 6 through 11. These collections of information are required (i) for the common parent to notify the IRS of the designation of a substitute agent for the consolidated group when the common parent's existence is about to terminate and for the designated

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

corporation to confirm that it agrees to serve as the group's substitute agent and qualifies to be the group's substitute agent, (ii) for the common parent's successor to notify the IRS that it qualifies as a default substitute agent, or (iii) for a member of a consolidated group to request that the IRS designate a substitute agent or replace a previously designated substitute agent. This information will be used (i) to determine whether to approve the designation of the substitute agent, (ii) to update IRS records with the name of the substitute agent, or (iii) to designate or replace a substitute agent. The collections of information are required to obtain a benefit in the case of a designation by the common parent or notification by a default substitute agent, and voluntary in the case of requests by members to designate or replace a substitute agent. The likely respondents are business or other for-profit institutions.

The estimated total annual reporting burden is 400 hours.

The estimated annual burden per respondent varies from one hour to 3 hours, depending on individual circumstances, with an estimated average of two hours. The estimated number of respondents is 200.

The estimated annual frequency of responses is on occasion.

Books or records relating to a collection of information must be retained as long as their contents may become material in the administration of any internal revenue law. Generally tax returns and tax return information are confidential, as required by 26 U.S.C. 6103.

SECTION 14. INQUIRIES

Inquiries regarding this revenue procedure may be addressed to the Commissioner of Internal Revenue, ATTN: CC:CORP:BO2, P.O. Box 7604, Ben Franklin Station, Washington, D.C. 20044.

DRAFTING INFORMATION

The principal authors of this revenue procedure are George R. Johnson and Gerald B. Fleming of the Office of Associate Chief Counsel (Corporate). For further information regarding this revenue procedure, contact Mr. Johnson at (202) 622-7930 or Mr. Fleming at (202) 622-7770 (not toll-free numbers).

Rev. Proc. 2002-43, 2002-28 I.R.B. 99, 2002 WL 1398472 (IRS RPR), 2002-2 C.B. 99

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

LARGE AND MID-SIZE BUSINESS DIVISION

Plaintiff's Exhibit
5

Date: August 31, 2006

Dale Barker, Vice President
BFI Waste Systems of North America, Inc.
15880 N. Greenway-Hayden Loop, Suite 100
Scottsdale, AZ 85260

Re: Rev. Proc. 2002-43: Designation by Group Members under §1.1502-77A(d)

Terminated Common Parent: Browning-Ferris Industries, Inc., EIN: 74-1673682
Designated Substitute Agent: BFI Waste Systems of North America, Inc.
EIN: 41-1696636
Tax Years: All consolidated return years ending on or before December 30, 2004

Dale Barker:

We have received the Designation by Group Members, filed pursuant to section 8 of Rev. Proc. 2002-43, designating BFI Waste Systems of North America, Inc. for the consolidated group whose common parent Browning-Ferris Industries Inc., has terminated.

In accordance with section 8.05 of Rev. Proc. 2002-43, this is to inform you that the designation is approved as of August 31, 2006.

If you have any questions, please contact Michael Ouchi, Revenue Agent, at (801) 620-5027.

Sincerely,

Dan G. Hammer
Chief, Planning and Special Programs
Ogden, Utah

SEP 2006
RECEIVED
Corp. Tax Dept

Plaintiff's Exhibit 6

Form **1120X** (Rev. December 2004) Department of the Treasury Internal Revenue Service

# Amended U.S. Corporation Income Tax Return

OMB ...

For ta... ▶ 09/30/97 (Enter month and year.)

| Please Type or Print | |
|---|---|
| Name: BFI Waste Systems of North America, Inc. Designee for Consolidated Group f/k/a Browning Ferris Industries, Inc. and Subsidiaries | Employer identification number: 41-1696636 |
| Number street and room or suite no. (If a P O box see instructions): 15880 N. Greenway-Hayden Loop Suite 100 | |
| City or town state and ZIP code: Scottsdale, Arizona 85260 | Telephone number (optional): 480-627-2700 |

Enter name and address used on original return (If same as above write "Same."): Browning-Ferris Industries, Inc. & Subsidiaries, 757 N. Eldridge, Houston TX 77079

Internal Revenue Service Center where original return was filed ▶ Austin, TX

## Fill in applicable items and use Part II on the back to explain any changes

**Part I** **Income and Deductions** (see instructions)

| | | Line | (a) As originally reported or as previously adjusted | (b) Net change—increase or (decrease)—explain in Part II | (c) Correct amount |
|---|---|---|---|---|---|
| 1 | Total income (Form 1120 or 1120-A, line 11) | 1 | 4,389,800,149 | 0 | 4,389,800,149 |
| 2 | Total deductions (total of lines 27 and 29c, Form 1120, or lines 23 and 25c, Form 1120-A) | 2 | 4,234,964,403 | 80,923,602 | 4,315,888,005 |
| 3 | Taxable income Subtract line 2 from line 1 | 3 | 154,835,746 | (80,923,602) | 73,912,144 |
| 4 | Tax (Form 1120, line 31, or Form 1120-A, line 27) | 4 | 42,784,657 | (18,549,092) | 24,235,565 |

**Payments and Credits** (see instructions)

| | | Line | (a) | (b) | (c) |
|---|---|---|---|---|---|
| 5a | Overpayment in prior year allowed as a credit | 5a | 0 | 0 | 0 |
| b | Estimated tax payments | 5b | 102,500,670 | 0 | 102,500,670 |
| c | Refund applied for on Form 4466 | 5c | 32,709,291 | 0 | 32,709,291 |
| d | Subtract line 5c from the sum of lines 5a and 5b | 5d | 69,791,379 | 0 | 69,791,379 |
| e | Tax deposited with Form 7004 | 5e | | 0 | |
| f | Credit from Form 2439 | 5f | | 0 | |
| g | Credit for Federal tax on fuels | 5g | | 0 | |
| 6 | Tax deposited or paid with (or after) the filing of the original return | 6 | | | 19,079,286 |
| 7 | Add lines 5d through 6, column (c) | 7 | | | 88,870,665 |
| 8 | Overpayment, if any, as shown on original return or as later adjusted | 8 | | | 46,086,008 |
| 9 | Subtract line 8 from line 7 | 9 | | | 42,784,657 |

**Tax Due or Overpayment** (see instructions)

| | | Line | Amount |
|---|---|---|---|
| 10 | **Tax due.** Subtract line 9 from line 4, column (c). If paying by check, make it payable to the **"United States Treasury"** ▶ | 10 | 0 |
| 11 | **Overpayment.** Subtract line 4, column (c), from line 9 ▶ | 11 | 18,549,092 |
| 12 | Enter the amount of line 11 you want: **Credited to 20__ estimated tax** ▶ **Refunded** ▶ | 12 | 18,549,092 |

**Sign Here**

Under penalties of perjury I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

▶ [signature] Signature of officer | 6/22/06 Date | ▶ VP Title

**Paid Preparer's Use Only**

Preparer's signature ▶ | Date | Check if self-employed ☐ | Preparer's SSN or PTIN

Firm's name (or yours if self-employed) address, and ZIP code ▶ | EIN | Phone no.

**For Privacy Act and Paperwork Reduction Act Notice, see page 4.** Form **1120X** (Rev 12-2004)

ISA STF FED4298F 1

EXH-19

**Part II** **Explanation of Changes to Items in Part I** (Enter the line number from page 1 for the items you are changing, and give the reason for each change. Show any computation in detail. Also, see **What To Attach** on page 3 of the instructions.)

If the change is due to a net operating loss carryback, a capital loss carryback, or a general business credit carryback, see **Carryback Claims** on page 3, and check here ▶ ☑

Total Deductions (line 2) increased due to an additional net operating loss carryback from the taxable year ended July 30, 1999. Please refer to Attachment I for an explanation of the change in Total Deductions.

Taxable Income (line 3) has decreased due to the additional net operating loss carryback included in line 2 as explained above.

Federal Income Tax (line 4) has decreased due to the additional net operating loss carryback as explained above.

Plaintiff's Exhibit 7

Form **1120X** (Rev December 2004) Department of the Treasury Internal Revenue Service

# Amended U.S. Corporation Income Tax Return

OMB

For t: ▶ 09/30/98 (Enter month and year.)

| | | |
|---|---|---|
| Please Type or Print | Name: BFI Waste Systems of North America, Inc. Designee for Consolidated Group f/k/a Browning Ferris Industries, Inc and Subsidiaries | Employer identification number: 41-1696636 |
| | Number street and room or suite no (If a P O box, see instructions): 15880 N. Greenway-Hayden Loop Suite 100 | |
| | City or town, state and ZIP code: Scottsdale, Arizona 85260 | Telephone number (optional): 480-627-2700 |

Enter name and address used on original return (If same as above write "Same."): Browning-Ferris Industries, Inc. & Subsidiaries, 757 N. Eldridge, Houston TX 77079

Internal Revenue Service Center where original return was filed ▶ Austin, TX

**Fill in applicable items and use Part II on the back to explain any changes**

**Part I** **Income and Deductions** (see instructions)

| | | | (a) As originally reported or as previously adjusted | (b) Net change—increase or (decrease)—explain in Part II | (c) Correct amount |
|---|---|---|---|---|---|
| 1 | Total income (Form 1120 or 1120-A, line 11) | 1 | 4,409,436,882 | 0 | 4,409,436,882 |
| 2 | Total deductions (total of lines 27 and 29c, Form 1120, or lines 23 and 25c, Form 1120-A) | 2 | 3,948,907,315 | 0 | 3,948,907,315 |
| 3 | Taxable income. Subtract line 2 from line 1 | 3 | 460,529,567 | 0 | 460,529,567 |
| 4 | Tax (Form 1120, line 31, or Form 1120-A, line 27) | 4 | 66,149,601 | (9,711,514) | 56,438,087 |

**Payments and Credits** (see instructions)

| | | | (a) | (b) | (c) |
|---|---|---|---|---|---|
| 5a | Overpayment in prior year allowed as a credit | 5a | 46,086,008 | 0 | 46,086,008 |
| b | Estimated tax payments | 5b | 100,000,000 | 0 | 100,000,000 |
| c | Refund applied for on Form 4466 | 5c | 54,584,807 | 0 | 54,584,807 |
| d | Subtract line 5c from the sum of lines 5a and 5b | 5d | 91,501,201 | 0 | 91,501,201 |
| e | Tax deposited with Form 7004 | 5e | | 0 | |
| f | Credit from Form 2439 | 5f | | 0 | |
| g | Credit for Federal tax on fuels | 5g | | 0 | |

| | | | |
|---|---|---|---|
| 6 | Tax deposited or paid with (or after) the filing of the original return | 6 | 3,519,979 |
| 7 | Add lines 5d through 6, column (c) | 7 | 95,021,180 |
| 8 | Overpayment, if any, as shown on original return or as later adjusted | 8 | 28,871,579 |
| 9 | Subtract line 8 from line 7 | 9 | 66,149,601 |

**Tax Due or Overpayment** (see instructions)

| | | | |
|---|---|---|---|
| 10 | **Tax due.** Subtract line 9 from line 4, column (c). If paying by check, make it payable to the **"United States Treasury"** ▶ | 10 | 0 |
| 11 | **Overpayment.** Subtract line 4, column (c), from line 9 ▶ | 11 | 9,711,514 |
| 12 | Enter the amount of line 11 you want: **Credited to 20__ estimated tax ▶** **Refunded ▶** | 12 | 9,711,514 |

**Sign Here**

Under penalties of perjury I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief this amended return is true, correct and complete Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

▶ [signature] Signature of officer | 8/22/06 Date | ▶ VP Title

**Paid Preparer's Use Only**

| | | | |
|---|---|---|---|
| Preparer's signature ▶ | Date | Check if self-employed ☐ | Preparer's SSN or PTIN |
| Firm's name (or yours if self-employed) address, and ZIP code ▶ | | EIN | |
| | | Phone no. | |

**For Privacy Act and Paperwork Reduction Act Notice, see page 4.** Form **1120X** (Rev 12-2004)

ISA STF FED4298F 1

**Part II** **Explanation of Changes to Items in Part I** (Enter the line number from page 1 for the items you are changing, and give the reason for each change. Show any computation in detail. Also, see **What To Attach** on page 3 of the instructions.)

If the change is due to a net operating loss carryback, a capital loss carryback, or a general business credit carryback, see **Carryback Claims** on page 3, and check here ▶ ☐

Federal Income Tax (line 4) decreased due to a Prior Year Minimum Tax Credit attributable to the taxable year ended September 30, 1997. Please refer to Attachment 1 for an explanation of the change in taxable income and tax.

**CERTIFICATE OF SERVICE**

It is hereby certified that service of the foregoing PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO RCFC 41(a)(2) AND FOR DISMISSAL OF COUNTERCLAIM PURSUANT TO RCFC 12(b)(1) was made on this 12th day of September, 2006, by electronically filing a copy of the same with the Court under the CM/ECF system with notification of such filing to Defendant's counsel, Stuart J. Bassin.

*/s/ Philip Karter*

PHILIP KARTER
Miller & Chevalier Chartered
300 Conshohocken State Road, Suite 570
West Conshohocken, PA 19428
610/729-7820 Telephone
610/729-7805 Facsimile