IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---

No. 05-738 T
(Judge Wheeler)

BROWNING-FERRIS INDUSTRIES, INC. & SUBSIDIARIES,

Plaintiff

v.

THE UNITED STATES,

Defendant

---

# APPENDIX OF STATUTES AND REGULATIONS TO OPPOSITION BY THE UNITED STATES TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO RCFC 41(a)(2) AND FOR DISMISSAL OF COUNTERCLAIM PURSUANT TO RCFC 12(b)(1)

---

EILEEN J. O'CONNOR
Assistant Attorney General

DAVID GUSTAFSON
STUART J. BASSIN
JENNIFER D. SPRIGGS
JACOB E. CHRISTENSEN
Attorneys
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6418
(202) 307-2504 (fax)

APPENDIX OF STATUTES AND REGULATIONS:

Index

Page

**United States Code:**
26 U.S.C. §7422 . . . . . 1
28 U.S.C. §1503 . . . . . 3

**Treasury Regulations:**
Treas. Reg. § 1.6012-2 . . . . . 4
Treas. Reg. § 301.6402-2 . . . . . 10
Treas. Reg. § 301.7701-2 . . . . . 12
Treas. Reg. § 301.7701-3 . . . . . 20

**Miscellaneous:**
Delaware Corporate Statutes . . . . . 30

## United States Code:

26 U.S.C.A. § 7422

I.R.C. § 7422

**§ 7422. Civil actions for refund**

**(a) No suit prior to filing claim for refund.**--No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

**(b) Protest or duress.**--Such suit or proceeding may be maintained whether or not such tax, penalty, or sum has been paid under protest or duress.

**(c) Suits against collection officer a bar.**--A suit against any officer or employee of the United States (or former officer or employee) or his personal representative for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected shall be treated as if the United States had been a party to such suit in applying the doctrine of res judicata in all suits in respect of any internal revenue tax, and in all proceedings in the Tax Court and on review of decisions of the Tax Court.

**(d) Credit treated as payment.**--The credit of an overpayment of any tax in satisfaction of any tax liability shall, for the purpose of any suit for refund of such tax liability so satisfied, be deemed to be a payment in respect of such tax liability at the time such credit is allowed.

**(e) Stay of proceedings.**--If the Secretary prior to the hearing of a suit brought by a taxpayer in a district court or the United States Claims Court for the recovery of any income tax, estate tax, gift tax, or tax imposed by chapter 41, 42, 43, or 44 (or any penalty relating to such taxes) mails to the taxpayer a notice that a deficiency has been determined in respect of the tax which is the subject matter of taxpayer's suit, the proceedings in taxpayer's suit shall be stayed during the period of time in which the taxpayer may file a petition with the Tax Court for a redetermination of the asserted deficiency, and for 60 days thereafter. If the taxpayer files a petition with the Tax Court, the district court or the United States Claims Court, as the case may be, shall lose

jurisdiction of taxpayer's suit to whatever extent jurisdiction is acquired by the Tax Court of the subject matter of taxpayer's suit for refund. If the taxpayer does not file a petition with the Tax Court for a redetermination of the asserted deficiency, the United States may counterclaim in the taxpayer's suit, or intervene in the event of a suit as described in subsection (c) (relating to suits against officers or employees of the United States), within the period of the stay of proceedings notwithstanding that the time for such pleading may have otherwise expired. The taxpayer shall have the burden of proof with respect to the issues raised by such counterclaim or intervention of the United States except as to the issue of whether the taxpayer has been guilty of fraud with intent to evade tax. This subsection shall not apply to a suit by a taxpayer which, prior to the date of enactment of this title, is commenced, instituted, or pending in a district court or the United States Claims Court for the recovery of any income tax, estate tax, or gift tax (or any penalty relating to such taxes).

**(f) Limitation on right of action for refund.--**

**(1) General rule.**--A suit or proceeding referred to in subsection (a) may be maintained only against the United States and not against any officer or employee of the United States (or former officer or employee) or his personal representative. Such suit or proceeding may be maintained against the United States notwithstanding the provisions of section 2502 of title 28 of the United States Code (relating to aliens' privilege to sue) and notwithstanding the provisions of section 1502 of such title 28 (relating to certain treaty cases).

**(2) Misjoinder and change of venue.**--If a suit or proceeding brought in a United States district court against an officer or employee of the United States (or former officer or employee) or his personal representative is improperly brought solely by virtue of paragraph (1), the court shall order, upon such terms as are just, that the pleadings be amended to substitute the United States as a party for such officer or employee as of the time such action commenced, upon proper service of process on the United States. Such suit or proceeding shall upon request by the United States be transferred to the district or division where it should have been brought if such action initially had been brought against the United States.

(k) Cross references.--

(1) For provisions relating generally to claims for refund or credit, see chapter 65 (relating to abatements, credit, and refund) and chapter 66 (relating to limitations).

(2) For duty of United States attorneys to defend suits, see section 507 of Title 28 of the United States Code.

(3) For jurisdiction of United States district courts, see section 1346 of Title 28 of the United States Code.

(4) For payment by the Treasury of judgments against internal revenue officers or employees, upon certificate of probable cause, see section 2006 of Title 28 of the United States Code.

## 28 U.S.C.A. § 1503

§ 1503. Set-offs

The United States Court of Federal Claims shall have jurisdiction to render judgment upon any set-off or demand by the United States against any plaintiff in such court.

## Treasury Regulations (26 C.F. R.):

### Treas. Reg. § 1.6012-2

CODE OF FEDERAL REGULATIONS
TITLE 26--INTERNAL REVENUE
CHAPTER I--INTERNAL REVENUE SERVICE, DEPARTMENT OF THE TREASURY
SUBCHAPTER A--INCOME TAX
PART 1--INCOME TAXES
PROCEDURE AND ADMINISTRATION
INFORMATION AND RETURNS
RETURNS AND RECORDS
TAX RETURNS OR STATEMENTS

1. § 1.6012-2 Corporations required to make returns of income.

**(a) In general--(1) Requirement of return.** Except as provided in paragraphs (e) and (g)(1) of this section with respect to charitable and other organizations having unrelated business income and to certain foreign corporations, respectively, every corporation, as defined in section 7701(a)(3), subject to taxation under subtitle A of the Code shall make a return of income regardless of whether it has taxable income or regardless of the amount of its gross income.

**(2) Existence of corporation.** A corporation in existence during any portion of a taxable year is required to make a return. If a corporation was not in existence throughout an annual accounting period (either calendar year or fiscal year), the corporation is required to make a return for that fractional part of a year during which it was in existence. A corporation is not in existence after it ceases business and dissolves, retaining no assets, whether or not under State law it may thereafter be treated as continuing as a corporation for certain limited purposes connected with winding up its affairs, such as for the purpose of suing and being sued. If the corporation has valuable claims for which it will bring suit during this period, it has retained assets and therefore continues in existence. A corporation does not go out of existence if it is turned over to receivers or trustees who continue to operate it. If a corporation has received a charter but has never perfected its organization and has transacted no business and has no income from any source, it may upon presentation of the facts to the district director be relieved from the necessity of making a return. In the absence of a proper showing of such facts to the district director, a corporation will be required to make a return.

**(3) Form of return.** The return required of a corporation under this section shall be made on Form 1120 unless the corporation is a type for which a special form is prescribed. The special forms of returns and schedules required of particular types of corporations are set

forth in paragraphs (b) to (g), inclusive, of this section.

**(b) Personal holding companies.** A personal holding company, as defined in section 542, including a foreign corporation within the definition of such section, shall attach Schedule PH, Computation of U.S. Personal Holding Company Tax, to the return required by paragraph (a) or (g), as the case may be, of this section.

**(c)** [Reserved]. For further guidance, see § 1.6012-2T(c).

**(d) Affiliated groups.** For the forms to be used by affiliated corporations filing a consolidated return, see § 1.1502-75.

**(e) Charitable and other organizations with unrelated business income.** Every organization described in section 511(a)(2) which is subject to the tax imposed by section 511(a)(1) on its unrelated business taxable income shall make a return on Form 990-T for each taxable year if it has gross income, included in computing unrelated business taxable income for such taxable year, of $1,000 or more. The filing of a return of unrelated business income does not relieve the organization of the duty of filing other required returns.

**(f) Farmers' cooperatives.** Farmers' cooperative organizations described in section 521 are required to make a return of income whether or not such organizations are subject to the taxes imposed by sections 11 and 1201 as prescribed in section 522 or 1381. The return shall be made on Form 990- C.

**(g) Returns by foreign corporations. (1) Requirement of return--(i) In general.** Except as otherwise provided in subparagraph (2) of this paragraph, every foreign corporation which is engaged in trade or business in the United States at any time during the taxable year or which has income which is subject to taxation under subtitle A of the Code (relating to income taxes) shall make a return on Form 1120-F. Thus, for example, a foreign corporation which is engaged in trade or business in the United States at any time during the taxable year is required to file a return on Form 1120-F even though (a) it has no income which is effectively connected with the conduct of a trade or business in the United States, (b) it has no income from sources within the United States, or (c) its income is exempt from income tax by reason of an income tax convention or any section of the Code. However, if the foreign corporation has no gross income for the taxable year, it is not required to complete the return schedules but must attach a statement to the return indicating the nature of any exclusions claimed and the amount of such exclusions to the extent such amounts are readily determinable.

**(ii) Treaty income.** If the gross income of a foreign corporation includes treaty income, as defined in paragraph (b)(1) of § 1.871-12, a statement shall be attached to the return on Form 1120-F showing with respect to that income:

(a) The amounts of tax withheld,

(b) The names and post office addresses of withholding agents, and

(c) Such other information as may be required by the return form or by the instructions issued with respect to the form, to show the taxpayer's entitlement to the reduced rate of tax under the tax convention.

**(iii) Balance sheet and reconciliation of income.** At the election of the taxpayer, the balance sheets and reconciliation of income, as shown on Form 1120-F, may be limited to:

(a) The assets of the corporation located in the United States and to its other assets used in the trade or business conducted in the United States, and

(b) Its income effectively connected with the conduct of a trade or business in the United States and its other income from sources within the United States.

**(2) Exceptions--(i) Return not required when tax is fully paid at source--**(a) In general. A foreign corporation which at no time during the taxable year is engaged in a trade or business in the United States is not required to make a return for the taxable year if its tax liability for the taxable year is fully satisfied by the withholding of tax at source under chapter 3 of the Code. For purposes of this subdivision, some of the items of income from sources within the United States upon which the tax liability will not have been fully satisfied by the withholding of tax at source under chapter 3 of the Code are:

(1) Interest upon so-called tax-free covenant bonds upon which, in accordance with section 1451 and § 1.1451-1, a tax of only 2 percent is required to be withheld at source,

(2) In the case of bonds or other evidence of indebtedness issued after September 25, 1965, amounts described in section 881(a)(3),

(3) Accrued interest received in connection with the sale of bonds between interest dates, which, in accordance with paragraph (h) of § 1.1441-4, is not subject to withholding of tax at source.

(b) Corporations not included. This subdivision (i) shall not apply:

(1) To a foreign corporation which has income for the taxable year which is treated under section 882(d) or (e) and § 1.882-2 as income which is effectively connected for the taxable year with the conduct of a trade or business in the United States by that corporation,

(2) To a foreign corporation making a claim under § 301.6402-3 of this chapter (Procedure and Administration Regulations) for the refund of an overpayment of tax for the taxable year, or

(3) To a foreign corporation described in paragraph (c)(2)(i) of § 1.532-1 whose accumulated taxable income for the taxable year is determined under paragraph (b)(2) of § 1.535-1.

**(ii) Beneficiaries of estates or trusts.** A foreign corporation which is a beneficiary of an estate or trust which is engaged in trade or business in the United States is not required to make a return for the taxable year merely because it is deemed to be engaged in trade or business within the United States under section 875(2). However, such foreign corporation will be required to make a return if it otherwise satisfies the conditions of subparagraph (1)(i) of this paragraph for making a return.

**(iii) Special returns and schedules.** The provisions of paragraphs (b) through (f) of this section shall apply to a foreign corporation except that a foreign corporation which is an insurance company to which paragraph (c)(3) of this section applies shall make a return on Form 1120-F and not on Form 1120. If a foreign corporation which is an insurance company to which paragraph (c)(1) or (2) of this section applies has income for the taxable year from sources within the United States which is not effectively connected for that year with the conduct of a trade or business in the United States by that corporation, the corporation shall attach to its return on Form 1120L or 1120M, as the case may be, a separate schedule showing the nature and amount of the items of such income, the rate of tax applicable thereto, and the amount of tax withheld therefrom under chapter 3 of the Code.

**(3) Representative or agent for foreign corporation--(i) Cases where power of attorney is not required.** The responsible representative or agent within the United States of a foreign corporation shall make on behalf of his principal a return of, and shall pay the tax on, all income coming within his control as representative or agent which is subject to the income tax under subtitle A of the Code. The agency appointment will determine how completely the agent is substituted for the principal for tax purposes. Any person who collects interest or dividends on deposited securities of a foreign corporation, executes ownership certificates in connection therewith, or sells such securities under special instructions shall not be deemed merely by reason of such acts to be the responsible representative or agent of the foreign corporation. If the responsible representative or agent does not have a specific power of attorney from the foreign corporation to file a return in its behalf, the return shall be accompanied by a statement to the effect that the representative or agent does not possess specific power of attorney to file a return for such corporation but that the return is being filed in accordance with the provisions of this subdivision.

**(ii) Cases where power of attorney is required.** Whenever a return of income of a foreign corporation is made by an agent acting under a duly authorized power of attorney for that purpose, the return shall be accompanied by the power of attorney in proper form, or a copy thereof specifically authorizing him to represent his principal in making, executing, and filing the income tax return. Form 2848 may be used for this purpose. The agent, as well as the taxpayer, may incur liability for the penalties provided for erroneous, false, or fraudulent returns. For the requirements regarding signing of returns, see § 1.6062-1. The rules of paragraph (e) of § 601.504 of this chapter (Statement of Procedural Rules) shall apply under this subparagraph in determining whether a copy of a power of attorney must be certified.

**(iii) Limitation.** A return of income shall be required under this subparagraph only if the foreign corporation is otherwise required to make a return in accordance with this paragraph.

**(4) Disallowance of deductions and credits.** For provisions disallowing deductions and credits when a return of income has not been filed by or on behalf of a foreign corporation, see section 882(c)(2) and the regulations thereunder, and paragraph (b)(2) and (3) of § 1.535-1.

**(5) Effective date.** This paragraph shall apply for taxable years beginning after December 31, 1966, except that it shall not be applied to require (i) the filing of a return for any taxable year ending before January 1, 1974, which, pursuant to instructions applicable to the return, is not required to be filed or (ii) the amendment of a return for such a taxable year which, pursuant to such instructions, is required to be filed. For corresponding rules applicable to taxable years beginning before January 1, 1967, see 26 CFR 1.6012- 2(g) (Revised as of January 1, 1967).

**(h) Electing small business corporations.** An electing small business corporation, whether or not subject to the tax imposed by section 1378, shall make a return on Form 1120-S. See also section 6037 and the regulations thereunder.

**(i) Items of tax preference--(1) In general.** Every corporation required to make a return under this section, and having items of tax preference (described in section 57 and the regulation thereunder) in an amount specified by Form 4626, shall file such form as part of its return.

**(2) Organizations with unrelated business income and foreign corporations.** Regardless of the provisions of paragraphs (e) and (g) of this section, any organization described in either such paragraph having items of tax preference (described in section 57 and the regulations thereunder) in any amount entering into the computation or unrelated business income is required to make a return on form 990-T or form 120F, respectively, and to attach the required form as part of such return.

**(j) Other provisions.** For returns by fiduciaries for corporations, see § 1.6012-3. For information returns by corporations regarding payments of dividends, see §§ 1.6042-1 to 1.6042-3, inclusive; regarding corporate dissolutions or liquidations, see § 1.6043-1; regarding distributions in liquidation, see § 1.6043-2; regarding payments of patronage dividends, see §§ 1.6044-1 to 1.6044-4, inclusive; and regarding certain payments of interest, see §§ 1.6049-1 and 1.6049-2. For information returns of officers, directors, and shareholders of foreign personal holding companies, as defined in section 552, see §§ 1.6035-1 and 1.6035-2. For returns as to formation or reorganization of foreign corporations, see §§ 1.6046-1 to 1.6046-3, inclusive.

**(k)** [Reserved]. For further guidance, see § 1.6012-2T(k)(1).

[T.D. 6500, 25 FR 12108, Nov. 26, 1960, as amended by T.D. 6523, 25 FR 13883, Dec. 29, 1960; T.D. 6533, 26 FR 405, Jan. 19, 1961; T.D. 6628, 27 FR 12794, Dec. 28, 1962; T.D. 6643, 28 FR 3163, April 2, 1963; T.D. 6960, 33 FR 9302, June 25, 1968; T.D. 7244, 37 FR 28897, Dec. 30, 1972; T.D. 7293, 38 FR 32803, Nov. 28, 1973; T.D. 7332, 39 FR 44233, Dec. 23, 1974; T.D. 7564, 43 FR 40497, Sept. 12, 1978; T.D. 7579, 43 FR 59356, Dec. 20, 1978; T.D. 7838, 47 FR 44248, Oct. 7, 1982; T. D. 71 FR 30606, May 30, 2006]

Current through November 16, 2006; 71 FR 66693

## Treas. Reg. § 301.6402-2

CODE OF FEDERAL REGULATIONS
TITLE 26--INTERNAL REVENUE
CHAPTER I--INTERNAL REVENUE SERVICE, DEPARTMENT OF THE TREASURY
SUBCHAPTER F--PROCEDURE AND ADMINISTRATION
PART 301--PROCEDURE AND ADMINISTRATION
ABATEMENTS, CREDITS, AND REFUNDS
PROCEDURE IN GENERAL

1. § 301.6402-2 Claims for credit or refund.

**(a) Requirement that claim be filed. (1)** Credits or refunds of overpayments may not be allowed or made after the expiration of the statutory period of limitation properly applicable unless, before the expiration of such period, a claim therefor has been filed by the taxpayer. Furthermore, under section 7422, a civil action for refund may not be instituted unless a claim has been filed within the properly applicable period of limitation.

**(2)** In the case of a claim filed prior to April 15, 1968, the claim together with appropriate supporting evidence shall be filed in the office of the internal revenue officer to whom the tax was paid or with the assistant regional Commissioner (alcohol, tobacco, and firearms) where the regulations respecting the particular tax to which the claim relates specifically require the claim to be filed with that officer. Except as provided in paragraph (b) of § 301.6091-1 (relating to hand-carried documents), in the case of a claim filed after April 14, 1968, the claim, together with appropriate supporting evidence, shall be filed (i) with the Director of International Operations if the tax was paid to him or (ii) with the assistant regional Commissioner (alcohol, tobacco, and firearms) where the regulations respecting the particular tax to which the claim relates specifically require the claim to be filed with that officer; otherwise, the claim with appropriate supporting evidence must be filed with the service center serving the internal revenue district in which the tax was paid. As to interest in the case of credits or refunds, see section 6611. See section 7502 for provisions treating timely mailing as timely filing and section 7503 for time for filing claim when the last day falls on Saturday, Sunday, or legal holiday.

**(b) Grounds set forth in claim. (1)** No refund or credit will be allowed after the expiration of the statutory period of limitation applicable to the filing of a claim therefor except upon one or more of the grounds set forth in a claim filed before the expiration of such period. The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof. The statement of the grounds and facts must be verified by a written declaration that it is made under the penalties of perjury. A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit.

**(2)** Neither the district director nor the director of the regional service center has authority to refund on equitable grounds penalties or other amounts legally collected.

**(c) Form for filing claim.** Except for claims filed after June 30, 1976 for the refunding of overpayment of income taxes, all claims by taxpayers for the refunding of taxes, interest, penalties, and additions to tax shall be made on Form 843. For special rules applicable to income tax, see § 301.6402-3. For other provisions relating to credits and refunds of taxes other than income tax, see the regulations relating to the particular tax.

**(d) Separate claims for separate taxable periods.** In the case of income, gift, and Federal unemployment taxes, a separate claim shall be made for each type of tax for each taxable year or period.

**(e) Proof of representative capacity.** If a return is filed by an individual and, after his death, a refund claim is filed by his legal representative, certified copies of the letters testamentary, letters of administration, or other similar evidence must be annexed to the claim, to show the authority of the legal representative to file the claim. If an executor, administrator, guardian, trustee, receiver, or other fiduciary files a return and thereafter a refund claim is filed by the same fiduciary, documentary evidence to establish the legal authority of the fiduciary need not accompany the claim, provided a statement is made in the claim showing that the return was filed by the fiduciary and that the latter is still acting. In such cases, if a refund is to be paid, letters testamentary, letters of administration, or other evidence may be required, but should be submitted only upon the receipt of a specific request therefor. If a claim is filed by a fiduciary other than the one by whom the return was filed, the necessary documentary evidence should accompany the claim. A claim may be executed by an agent of the person assessed, but in such case a power of attorney must accompany the claim.

**(f) Mailing of refund check. (1)** Checks in payment of claims allowed will be drawn in the names of the persons entitled to the money and, except as provided in subparagraph (2) of this paragraph (f), the checks may be sent direct to the claimant or to such person in care of an attorney or agent who has filed a power of attorney specifically authorizing him to receive such checks.

**(2)** Checks in payment of claims which have either been reduced to judgment or settled in the course or as a result of litigation will be drawn in the name of the person or persons entitled to the money and will be sent to the Assistant Attorney General, Tax Division, Department of Justice, for delivery to the taxpayer or the counsel of record in the court proceeding.

**(3)** For restrictions on the assignment of claims, see section 3477 of the Revised Statutes (31 U.S.C. 203).
Current through November 16, 2006; 71 FR 66693

## Treas. Reg. § 301.7701-2

CODE OF FEDERAL REGULATIONS
TITLE 26--INTERNAL REVENUE
CHAPTER I--INTERNAL REVENUE SERVICE, DEPARTMENT OF THE TREASURY
SUBCHAPTER F--PROCEDURE AND ADMINISTRATION
PART 301--PROCEDURE AND ADMINISTRATION
DEFINITIONS
§ 301.7701-2 Business entities; definitions.

**(a) Business entities.** For purposes of this section and § 301.7701-3, a business entity is any entity recognized for federal tax purposes (including an entity with a single owner that may be disregarded as an entity separate from its owner under § 301.7701-3) that is not properly classified as a trust under § 301.7701-4 or otherwise subject to special treatment under the Internal Revenue Code. A business entity with two or more members is classified for federal tax purposes as either a corporation or a partnership. A business entity with only one owner is classified as a corporation or is disregarded; if the entity is disregarded, its activities are treated in the same manner as a sole proprietorship, branch, or division of the owner.

**(b) Corporations.** For federal tax purposes, the term corporation means--

**(1)** A business entity organized under a Federal or State statute, or under a statute of a federally recognized Indian tribe, if the statute describes or refers to the entity as incorporated or as a corporation, body corporate, or body politic;

**(2)** An association (as determined under 301.7701-3);

**(3)** A business entity organized under a State statute, if the statute describes or refers to the entity as a joint-stock company or joint-stock association;

**(4)** An insurance company;

**(5)** A State-chartered business entity conducting banking activities, if any of its deposits are insured under the Federal Deposit Insurance Act, as amended, 12 U.S.C. 1811 *et seq.*, or a similar federal statute;

**(6)** A business entity wholly owned by a State or any political subdivision thereof, or a business entity wholly owned by a foreign government or any other entity described in § 1.892-2T;

**(7)** A business entity that is taxable as a corporation under a provision of the Internal Revenue Code other than section 7701(a)(3); and

**(8) Certain foreign entities--(i) In general.** Except as provided in paragraphs (b)(8)(ii) and (d) of this section, the following business entities formed in the following jurisdictions:

* * *

**(ii) Clarification of list of corporations in paragraph (b)(8)(i) of this section**--(A) Exceptions in certain cases. The following entities will not be treated as corporations under paragraph (b)(8)(i) of this section:

(1) With regard to Canada, a Nova Scotia Unlimited Liability Company (or any other company or corporation all of whose owners have unlimited liability pursuant to federal or provincial law).

(2) With regard to India, a company deemed to be a public limited company solely by operation of section 43A(1) (relating to corporate ownership of the company), section 43A(1A) (relating to annual average turnover), or section 43A(1B) (relating to ownership interests in other companies) of the Companies Act, 1956 (or any combination of these), provided that the organizational documents of such deemed public limited company continue to meet the requirements of section 3(1)(iii) of the Companies Act, 1956.

(3) With regard to Malaysia, a Sendirian Berhad.

(B) Inclusions in certain cases. With regard to Mexico, the term Sociedad Anonima includes a Sociedad Anonima that chooses to apply the variable capital provision of Mexican corporate law (Sociedad Anonima de Capital Variable).

**(iii) Public companies.** For purposes of paragraph (b)(8)(i) of this section, with regard to Cyprus, Hong Kong, and Jamaica, the term Public Limited Company includes any Limited Company that is not defined as a private company under the corporate laws of those jurisdictions. In all other cases, where the term Public Limited Company is not defined, that term shall include any Limited Company defined as a public company under the corporate laws of the relevant jurisdiction.

**(iv)** [Reserved]

**(v) Multilingual countries.** Different linguistic renderings of the name of an entity listed in paragraph (b)(8)(i) of this section shall be disregarded. For example, an entity formed under the laws of Switzerland as a Societe Anonyme will be a corporation and treated in the same manner as an Aktiengesellschaft.

**(vi) Certain European entities.** [Reserved]. For further guidance, see § 301.7701-2T.

**(9) Business entities with multiple charters. (i)** An entity created or organized under

the laws of more than one jurisdiction if the rules of this section would treat it as a corporation with reference to any one of the jurisdictions in which it is created or organized. Such an entity may elect its classification under § 301.7701-3, subject to the limitations of those provisions, only if it is created or organized in each jurisdiction in a manner that meets the definition of an eligible entity in § 301.7701-3(a). The determination of a business entity's corporate or non-corporate classification is made independently from the determination of whether the entity is domestic or foreign. See § 301.7701-5 for the rules that determine whether a business entity is domestic or foreign.

**(ii) Examples.** The following examples illustrate the rule of this paragraph (b)(9):

**Example 1.** (i) Facts. X is an entity with a single owner organized under the laws of Country A as an entity that is listed in paragraph (b)(8)(i) of this section. Under the rules of this section, such an entity is a corporation for Federal tax purposes and under § 301.7701-3(a) is unable to elect its classification. Several years after its formation, X files a certificate of domestication in State B as a limited liability company (LLC). Under the laws of State B, X is considered to be created or organized in State B as an LLC upon the filing of the certificate of domestication and is therefore subject to the laws of State B. Under the rules of this section and 301.7701-3, an LLC with a single owner organized only in State B is disregarded as an entity separate from its owner for Federal tax purposes (absent an election to be treated as an association). Neither Country A nor State B law requires X to terminate its charter in Country A as a result of the domestication, and in fact X does not terminate its Country A charter. Consequently, X is now organized in more than one jurisdiction.

(ii) Result. X remains organized under the laws of Country A as an entity that is listed in paragraph (b)(8)(i) of this section, and as such, it is an entity that is treated as a corporation under the rules of this section. Therefore, X is a corporation for Federal tax purposes because the rules of this section would treat X as a corporation with reference to one of the jurisdictions in which it is created or organized. Because X is organized in Country A in a manner that does not meet the definition of an eligible entity in § 301.7701-3(a), it is unable to elect its classification.

**Example 2.** (i) Facts. Y is an entity that is incorporated under the laws of State A and has two shareholders. Under the rules of this section, an entity incorporated under the laws of State A is a corporation for Federal tax purposes and under § 301.7701-3(a) is unable to elect its classification. Several years after its formation, Y files a certificate of continuance in Country B as an unlimited company. Under the laws of Country B, upon filing a certificate of continuance, Y is treated as organized in Country B. Under the rules of this section and § 301.7701-3, an unlimited company organized only in Country B that has more than one owner is treated as a partnership for Federal tax purposes (absent an election to be treated as an association). Neither State A nor Country B law requires Y to terminate its charter in State A as a result of the continuance, and in fact Y does not terminate its State A charter. Consequently, Y is now organized in more than one jurisdiction.

(ii) Result. Y remains organized in State A as a corporation, an entity that is treated as a corporation under the rules of this section. Therefore, Y is a corporation for Federal tax purposes because the rules of this section would treat Y as a corporation with reference to one of the jurisdictions in which it is created or organized. Because Y is organized in State A in a manner that does not meet the definition of an eligible entity in § 301.7701-3(a), it is unable to elect its classification.

**Example 3.** (i) Facts. Z is an entity that has more than one owner and that is recognized under the laws of Country A as an unlimited company organized in Country A. Z is organized in Country A in a manner that meets the definition of an eligible entity in § 301.7701-3(a). Under the rules of this section and § 301.7701-3, an unlimited company organized only in Country A with more than one owner is treated as a partnership for Federal tax purposes (absent an election to be treated as an association). At the time Z was formed, it was also organized as a private limited company under the laws of Country B. Z is organized in Country B in a manner that meets the definition of an eligible entity in § 301.7701-3(a). Under the rules of this section and § 301.7701-3, a private limited company organized only in Country B is treated as a corporation for Federal tax purposes (absent an election to be treated as a partnership). Thus, Z is organized in more than one jurisdiction. Z has not made any entity classification elections under § 301.7701-3.

(ii) Result. Z is organized in Country B as a private limited company, an entity that is treated (absent an election to the contrary) as a corporation under the rules of this section. However, because Z is organized in each jurisdiction in a manner that meets the definition of an eligible entity in § 301.7701-3(a), it may elect its classification under § 301.7701-3, subject to the limitations of those provisions.

**Example 4.** (i) Facts. P is an entity with more than one owner organized in Country A as a general partnership. Under the rules of this section and § 301.7701-3, an eligible entity with more than one owner in Country A is treated as a partnership for federal tax purposes (absent an election to be treated as an association). P files a certificate of continuance in Country B as an unlimited company. Under the rules of this section and § 301.7701-3, an unlimited company in Country B with more than one owner is treated as a partnership for federal tax purposes (absent an election to be treated as an association). P is not required under either the laws of Country A or Country B to terminate the general partnership in Country A, and in fact P does not terminate its Country A partnership. P is now organized in more than one jurisdiction. P has not made any entity classification elections under § 301.7701-3.

(ii) Result. P's organization in both Country A and Country B would result in P being classified as a partnership. Therefore, since the rules of this section would not treat P as a corporation with reference to any jurisdiction in which it is created or organized, it is not a corporation for federal tax purposes.

**(c) Other business entities.** For federal tax purposes--

**(1)** The term partnership means a business entity that is not a corporation under paragraph (b) of this section and that has at least two members.

**(2) Wholly owned entities--(i) In general.** A business entity that has a single owner and is not a corporation under paragraph (b) of this section is disregarded as an entity separate from its owner.

**(ii) Special rule for certain business entities.** If the single owner of a business entity is a bank (as defined in section 581, or, in the case of a foreign bank, as defined in section 585(a)(2)(B) without regard to the second sentence thereof), then the special rules applicable to banks under the Internal Revenue Code will continue to apply to the single owner as if the wholly owned entity were a separate entity. For this purpose, the special rules applicable to banks under the Internal Revenue Code do not include the rules under sections 864(c), 882(c), and 884.

**(iii) Tax liabilities of certain disregarded entities--**(A) In general. An entity that is otherwise disregarded as separate from its owner is treated as an entity separate from its owner for purposes of:

(1) Federal tax liabilities of the entity with respect to any taxable period for which the entity was not disregarded.

(2) Federal tax liabilities of any other entity for which the entity is liable.

(3) Refunds or credits of Federal tax.

(B) Examples. The following examples illustrate the application of paragraph (c)(2)(iii)(A) of this section:

**Example 1.** In 2001, X, a domestic corporation that reports its taxes on a calendar year basis, merges into Z, a domestic LLC wholly owned by Y that is disregarded as an entity separate from Y, in a state law merger. X was not a member of a consolidated group at any time during its taxable year ending in December 2000. Under the applicable state law, Z is the successor to X and is liable for all of X's debts. In 2004, the Internal Revenue Service (IRS) seeks to extend the period of limitations on assessment for X's 2000 taxable year. Because Z is the successor to X and is liable for X's 2000 taxes that remain unpaid, Z is the proper party to sign the consent to extend the period of limitations.

**Example 2.** The facts are the same as in Example 1, except that in 2002, the IRS determines that X miscalculated and underreported its income tax liability for 2000. Because Z is the successor to X and is liable for X's 2000 taxes that remain unpaid, the deficiency may be assessed against Z and, in the event that Z fails to pay the liability

after notice and demand, a general tax lien will arise against all of Z's property and rights to property.

**(d) Special rule for certain foreign business entities--(1) In general.** Except as provided in paragraph (d)(3) of this section, a foreign business entity described in paragraph (b)(8)(i) of this section will not be treated as a corporation under paragraph (b)(8)(i) of this section if--

**(i)** The entity was in existence on May 8, 1996;

**(ii)** The entity's classification was relevant (as defined in § 301.7701- 3(d)) on May 8, 1996;

**(iii)** No person (including the entity) for whom the entity's classification was relevant on May 8, 1996, treats the entity as a corporation for purposes of filing such person's federal income tax returns, information returns, and withholding documents for the taxable year including May 8, 1996;

**(iv)** Any change in the entity's claimed classification within the sixty months prior to May 8, 1996, occurred solely as a result of a change in the organizational documents of the entity, and the entity and all members of the entity recognized the federal tax consequences of any change in the entity's classification within the sixty months prior to May 8, 1996;

**(v)** A reasonable basis (within the meaning of section 6662) existed on May 8, 1996, for treating the entity as other than a corporation; and

**(vi)** Neither the entity nor any member was notified in writing on or before May 8, 1996, that the classification of the entity was under examination (in which case the entity's classification will be determined in the examination).

**(2) Binding contract rule.** If a foreign business entity described in paragraph (b)(8)(i) of this section is formed after May 8, 1996, pursuant to a written binding contract (including an accepted bid to develop a project) in effect on May 8, 1996, and all times thereafter, in which the parties agreed to engage (directly or indirectly) in an active and substantial business operation in the jurisdiction in which the entity is formed, paragraph (d)(1) of this section will be applied to that entity by substituting the date of the entity's formation for May 8, 1996.

**(3) Termination of grandfather status--(i) In general.** An entity that is not treated as a corporation under paragraph (b)(8)(i) of this section by reason of paragraph (d)(1) or (d)(2) of this section will be treated permanently as a corporation under paragraph (b)(8)(i) of this section from the earliest of:

(A) The effective date of an election to be treated as an association under § 301.7701-3;

(B) A termination of the partnership under section 708(b)(1)(B) (regarding sale or exchange of 50 percent or more of the total interest in an entity's capital or profits within a twelve month period);

(C) A division of the partnership under section 708(b)(2)(B); or

(D) The date any person or persons, who were not owners of the entity as of November 29, 1999, own in the aggregate a 50 percent or greater interest in the entity.

**(ii) Special rule for certain entities.** For purposes of paragraph (d)(2) of this section, paragraph (d)(3)(i)(B) of this section shall not apply if the sale or exchange of interests in the entity is to a related person (within the meaning of sections 267(b) and 707(b)) and occurs no later than twelve months after the date of the formation of the entity.

**(e) Effective date. (1)** Except as otherwise provided in this paragraph (e), the rules of this section apply as of January 1, 1997, except that paragraph (b)(6) of this section applies on or after January 14, 2002, to a business entity wholly owned by a foreign government regardless of any prior entity classification, and paragraph (c)(2)(ii) of this section applies to taxable years beginning after January 12, 2001. The reference to the Finnish, Maltese, and Norwegian entities in paragraph (b)(8)(i) of this section is applicable on November 29, 1999. The reference to the Trinidadian entity in paragraph (b)(8)(i) of this section applies to entities formed on or after November 29, 1999. Any Maltese or Norwegian entity that becomes an eligible entity as a result of paragraph (b)(8)(i) of this section in effect on November 29, 1999, may elect by February 14, 2000, to be classified for Federal tax purposes as an entity other than a corporation retroactive to any period from and including January 1, 1997. Any Finnish entity that becomes an eligible entity as a result of paragraph (b)(8)(i) of this section in effect on November 29, 1999, may elect by February 14, 2000, to be classified for Federal tax purposes as an entity other than a corporation retroactive to any period from and including September 1, 1997. However, paragraph (d)(3)(i)(D) of this section applies on or after October 22, 2003.

**(2)** Paragraph (c)(2)(iii) of this section applies on or after April 1, 2004.

**(3)(i) General rule.** Except as provided in paragraph (e)(3)(ii) of this section, the rules of paragraph (b)(9) of this section apply as of August 12, 2004, to all business entities existing on or after that date.

**(ii) Transition rule.** For business entities created or organized under the laws of more than one jurisdiction as of August 12, 2004, the rules of paragraph (b)(9) of this section apply as of May 1, 2006. These entities, however, may rely on the rules of paragraph (b)(9) of this section as of August 12, 2004.

**(4)** The reference to the Estonian, Latvian, Liechtenstein, Lithuanian, and Slovenian entities in paragraph (b)(8)(i) of this section applies to such entities formed on or after

October 7, 2004, and to any such entity formed before such date from the date any person or persons, who were not owners of the entity as of October 7, 2004, own in the aggregate a 50 percent or greater interest in the entity. The reference to the European Economic Area/European Union entity in paragraph (b)(8)(i) of this section applies to such entities formed on or after October 8, 2004.

Current through September 13, 2006; 71 FR 54194

**26 C.F.R. § 301.7701-3**

Treas. Reg. § 301.7701-3

CODE OF FEDERAL REGULATIONS
TITLE 26--INTERNAL REVENUE
CHAPTER I--INTERNAL REVENUE SERVICE, DEPARTMENT OF THE TREASURY
SUBCHAPTER F--PROCEDURE AND ADMINISTRATION
PART 301--PROCEDURE AND ADMINISTRATION
DEFINITIONS

§ 301.7701-3 Classification of certain business entities.

**(a) In general.** A business entity that is not classified as a corporation under § 301.7701-2(b)(1), (3), (4), (5), (6), (7), or (8) (an eligible entity) can elect its classification for federal tax purposes as provided in this section. An eligible entity with at least two members can elect to be classified as either an association (and thus a corporation under § 301.7701-2(b)(2)) or a partnership, and an eligible entity with a single owner can elect to be classified as an association or to be disregarded as an entity separate from its owner. Paragraph (b) of this section provides a default classification for an eligible entity that does not make an election. Thus, elections are necessary only when an eligible entity chooses to be classified initially as other than the default classification or when an eligible entity chooses to change its classification. An entity whose classification is determined under the default classification retains that classification (regardless of any changes in the members' liability that occurs at any time during the time that the entity's classification is relevant as defined in paragraph (d) of this section) until the entity makes an election to change that classification under paragraph (c)(1) of this section. Paragraph (c) of this section provides rules for making express elections. Paragraph (d) of this section provides special rules for foreign eligible entities. Paragraph (e) of this section provides special rules for classifying entities resulting from partnership terminations and divisions under section 708(b). Paragraph (f) of this section sets forth the effective date of this section and a special rule relating to prior periods.

**(b) Classification of eligible entities that do not file an election--(1) Domestic eligible entities.** Except as provided in paragraph (b)(3) of this section, unless the entity elects otherwise, a domestic eligible entity is--

**(i)** A partnership if it has two or more members; or

**(ii)** Disregarded as an entity separate from its owner if it has a single owner.

**(2) Foreign eligible entities--(i) In general.** Except as provided in paragraph (b)(3) of this section, unless the entity elects otherwise, a foreign eligible entity is--

(A) A partnership if it has two or more members and at least one member does not have limited liability;

(B) An association if all members have limited liability; or

(C) Disregarded as an entity separate from its owner if it has a single owner that does not have limited liability.

**(ii) Definition of limited liability.** For purposes of paragraph (b)(2)(i) of this section, a member of a foreign eligible entity has limited liability if the member has no personal liability for the debts of or claims against the entity by reason of being a member. This determination is based solely on the statute or law pursuant to which the entity is organized, except that if the underlying statute or law allows the entity to specify in its organizational documents whether the members will have limited liability, the organizational documents may also be relevant. For purposes of this section, a member has personal liability if the creditors of the entity may seek satisfaction of all or any portion of the debts or claims against the entity from the member as such. A member has personal liability for purposes of this paragraph even if the member makes an agreement under which another person (whether or not a member of the entity) assumes such liability or agrees to indemnify that member for any such liability.

**(3) Existing eligible entities--(i) In general.** Unless the entity elects otherwise, an eligible entity in existence prior to the effective date of this section will have the same classification that the entity claimed under §§ 301.7701-1 through 301.7701-3 as in effect on the date prior to the effective date of this section; except that if an eligible entity with a single owner claimed to be a partnership under those regulations, the entity will be disregarded as an entity separate from its owner under this paragraph (b)(3)(i). For special rules regarding the classification of such entities prior to the effective date of this section, see paragraph (h)(2) of this section.

**(ii) Special rules.** For purposes of paragraph (b)(3)(i) of this section, a foreign eligible entity is treated as being in existence prior to the effective date of this section only if the entity's classification was relevant (as defined in paragraph (d) of this section) at any time during the sixty months prior to the effective date of this section. If an entity claimed different classifications prior to the effective date of this section, the entity's classification for purposes of paragraph (b)(3)(i) of this section is the last classification claimed by the entity. If a foreign eligible entity's classification is relevant prior to the effective date of this section, but no federal tax or information return is filed or the federal tax or information return does not indicate the classification of the entity, the entity's classification for the period prior to the effective date of this section is determined under the regulations in effect on the date prior to the effective date of this section.

**(c) Elections--(1) Time and place for filing--(i) In general.** Except as provided in paragraphs (c)(1)(iv) and (v) of this section, an eligible entity may elect to be classified

other than as provided under paragraph (b) of this section, or to change its classification, by filing Form 8832, Entity Classification Election, with the service center designated on Form 8832. An election will not be accepted unless all of the information required by the form and instructions, including the taxpayer identifying number of the entity, is provided on Form 8832. See § 301.6109-1 for rules on applying for and displaying Employer Identification Numbers.

**(ii)** [Reserved]. For further guidance, see § 301.7701-3T(c)(1)(ii).

**(iii) Effective date of election.** An election made under paragraph (c)(1)(i) of this section will be effective on the date specified by the entity on Form 8832 or on the date filed if no such date is specified on the election form. The effective date specified on Form 8832 can not be more than 75 days prior to the date on which the election is filed and can not be more than 12 months after the date on which the election is filed. If an election specifies an effective date more than 75 days prior to the date on which the election is filed, it will be effective 75 days prior to the date it was filed. If an election specifies an effective date more than 12 months from the date on which the election is filed, it will be effective 12 months after the date it was filed. If an election specifies an effective date before January 1, 1997, it will be effective as of January 1, 1997. If a purchasing corporation makes an election under section 338 regarding an acquired subsidiary, an election under paragraph (c)(1)(i) of this section for the acquired subsidiary can be effective no earlier than the day after the acquisition date (within the meaning of section 338(h)(2)).

**(iv) Limitation.** If an eligible entity makes an election under paragraph (c)(1)(i) of this section to change its classification (other than an election made by an existing entity to change its classification as of the effective date of this section), the entity cannot change its classification by election again during the sixty months succeeding the effective date of the election. However, the Commissioner may permit the entity to change its classification by election within the sixty months if more than fifty percent of the ownership interests in the entity as of the effective date of the subsequent election are owned by persons that did not own any interests in the entity on the filing date or on the effective date of the entity's prior election. An election by a newly formed eligible entity that is effective on the date of formation is not considered a change for purposes of this paragraph (c)(1)(iv).

**(v) Deemed elections--**(A) Exempt organizations. An eligible entity that has been determined to be, or claims to be, exempt from taxation under section 501(a) is treated as having made an election under this section to be classified as an association. Such election will be effective as of the first day for which exemption is claimed or determined to apply, regardless of when the claim or determination is made, and will remain in effect unless an election is made under paragraph (c)(1)(i) of this section after the date the claim for exempt status is withdrawn or rejected or the date the determination of exempt status is revoked.

(B) Real estate investment trusts. An eligible entity that files an election under section 856(c)(1) to be treated as a real estate investment trust is treated as having made an election under this section to be classified as an association. Such election will be effective as of the first day the entity is treated as a real estate investment trust.

(C) S corporations. An eligible entity that timely elects to be an S corporation under section 1362(a)(1) is treated as having made an election under this section to be classified as an association, provided that (as of the effective date of the election under section 1362(a)(1)) the entity meets all other requirements to qualify as a small business corporation under section 1361(b). Subject to § 301.7701-3(c)(1)(iv), the deemed election to be classified as an association will apply as of the effective date of the S corporation election and will remain in effect until the entity makes a valid election, under § 301.7701-3(c)(1)(i), to be classified as other than an association.

**(vi) Examples.** The following examples illustrate the rules of this paragraph (c)(1):

**Example 1.** On July 1, 1998, X, a domestic corporation, purchases a 10% interest in Y, an eligible entity formed under Country A law in 1990. The entity's classification was not relevant to any person for federal tax or information purposes prior to X's acquisition of an interest in Y. Thus, Y is not considered to be in existence on the effective date of this section for purposes of paragraph (b)(3) of this section. Under the applicable Country A statute, all members of Y have limited liability as defined in paragraph (b)(2)(ii) of this section. Accordingly, Y is classified as an association under paragraph (b)(2)(i)(B) of this section unless it elects under this paragraph (c) to be classified as a partnership. To be classified as a partnership as of July 1, 1998, Y must file a Form 8832 by September 14, 1998. See paragraph (c)(1)(i) of this section. Because an election cannot be effective more than 75 days prior to the date on which it is filed, if Y files its Form 8832 after September 14, 1998, it will be classified as an association from July 1, 1998, until the effective date of the election. In that case, it could not change its classification by election under this paragraph (c) during the sixty months succeeding the effective date of the election.

**Example 2.** (i) Z is an eligible entity formed under Country B law and is in existence on the effective date of this section within the meaning of paragraph (b)(3) of this section. Prior to the effective date of this section, Z claimed to be classified as an association. Unless Z files an election under this paragraph (c), it will continue to be classified as an association under paragraph (b)(3) of this section.

(ii) Z files a Form 8832 pursuant to this paragraph (c) to be classified as a partnership, effective as of the effective date of this section. Z can file an election to be classified as an association at any time thereafter, but then would not be permitted to change its classification by election during the sixty months succeeding the effective date of that subsequent election.

**(2) Authorized signatures--(i) In general.** An election made under paragraph (c)(1)(i)

of this section must be signed by--

(A) Each member of the electing entity who is an owner at the time the election is filed; or

(B) Any officer, manager, or member of the electing entity who is authorized (under local law or the entity's organizational documents) to make the election and who represents to having such authorization under penalties of perjury.

**(ii) Retroactive elections.** For purposes of paragraph (c)(2)(i) of this section, if an election under paragraph (c)(1)(i) of this section is to be effective for any period prior to the time that it is filed, each person who was an owner between the date the election is to be effective and the date the election is filed, and who is not an owner at the time the election is filed, must also sign the election.

**(iii) Changes in classification.** For paragraph (c)(2)(i) of this section, if an election under paragraph (c)(1)(i) of this section is made to change the classification of an entity, each person who was an owner on the date that any transactions under paragraph (g) of this section are deemed to occur, and who is not an owner at the time the election is filed, must also sign the election. This paragraph (c)(2)(iii) applies to elections filed on or after November 29, 1999.

**(d) Special rules for foreign eligible entities--(1) Definition of relevance-- (i) General rule.** For purposes of this section, a foreign eligible entity's classification is relevant when its classification affects the liability of any person for federal tax or information purposes. For example, a foreign entity's classification would be relevant if U.S. income was paid to the entity and the determination by the withholding agent of the amount to be withheld under chapter 3 of the Internal Revenue Code (if any) would vary depending upon whether the entity is classified as a partnership or as an association. Thus, the classification might affect the documentation that the withholding agent must receive from the entity, the type of tax or information return to file, or how the return must be prepared. The date that the classification of a foreign eligible entity is relevant is the date an event occurs that creates an obligation to file a federal tax return, information return, or statement for which the classification of the entity must be determined. Thus, the classification of a foreign entity is relevant, for example, on the date that an interest in the entity is acquired which will require a U.S. person to file an information return on Form 5471.

**(ii) Deemed relevance--**(A) General rule. For purposes of this section, except as provided in paragraph (d)(1)(ii)(B) of this section, the classification for Federal tax purposes of a foreign eligible entity that files Form 8832, "Entity Classification Election", shall be deemed to be relevant only on the date the entity classification election is effective.

(B) Exception. If the classification of a foreign eligible entity is relevant within the

meaning of paragraph (d)(1)(i) of this section, then the rule in paragraph (d)(1)(ii)(A) of this section shall not apply.

**(2) Entities the classification of which has never been relevant.** If the classification of a foreign eligible entity has never been relevant (as defined in paragraph (d)(1) of this section), then the entity's classification will initially be determined pursuant to the provisions of paragraph (b)(2) of this section when the classification of the entity first becomes relevant (as defined in paragraph (d)(1)(i) of this section).

**(3) Special rule when classification is no longer relevant.** If the classification of a foreign eligible entity is not relevant (as defined in paragraph (d)(1) of this section) for 60 consecutive months, then the entity's classification will initially be determined pursuant to the provisions of paragraph (b)(2) of this section when the classification of the foreign eligible entity becomes relevant (as defined in paragraph (d)(1)(i) of this section). The date that the classification of a foreign entity is not relevant is the date an event occurs that causes the classification to no longer be relevant, or, if no event occurs in a taxable year that causes the classification to be relevant, then the date is the first day of that taxable year.

**(4) Effective date.** Paragraphs (d)(1)(ii), (d)(2), and (d)(3) of this section apply on or after October 22, 2003.

**(e) Coordination with section 708(b).** Except as provided in § 301.7701- 2(d)(3) (regarding termination of grandfather status for certain foreign business entities), an entity resulting from a transaction described in section 708(b)(1)(B) (partnership termination due to sales or exchanges) or section 708(b)(2)(B) (partnership division) is a partnership.

**(f) Changes in number of members of an entity--(1) Associations.** The classification of an eligible entity as an association is not affected by any change in the number of members of the entity.

**(2) Partnerships and single member entities.** An eligible entity classified as a partnership becomes disregarded as an entity separate from its owner when the entity's membership is reduced to one member. A single member entity disregarded as an entity separate from its owner is classified as a partnership when the entity has more than one member. If an elective classification change under paragraph (c) of this section is effective at the same time as a membership change described in this paragraph (f)(2), the deemed transactions in paragraph (g) of this section resulting from the elective change preempt the transactions that would result from the change in membership.

**(3) Effect on sixty month limitation.** A change in the number of members of an entity does not result in the creation of a new entity for purposes of the sixty month limitation on elections under paragraph (c)(1)(iv) of this section.

**(4) Examples.** The following examples illustrate the application of this paragraph (f):

**Example 1.** A, a U.S. person, owns a domestic eligible entity that is disregarded as an entity separate from its owner.

On January 1, 1998, B, a U.S. person, buys a 50 percent interest in the entity from A. Under this paragraph (f), the entity is classified as a partnership when B acquires an interest in the entity. However, A and B elect to have the entity classified as an association effective on January 1, 1998. Thus, B is treated as buying shares of stock on January 1, 1998. (Under paragraph (c)(1)(iv) of this section, this election is treated as a change in classification so that the entity generally cannot change its classification by election again during the sixty months succeeding the effective date of the election.) Under paragraph (g)(1) of this section, A is treated as contributing the assets and liabilities of the entity to the newly formed association immediately before the close of December 31, 1997. Because A does not retain control of the association as required by section 351, A's contribution will be a taxable event. Therefore, under section 1012, the association will take a fair market value basis in the assets contributed by A, and A will have a fair market value basis in the stock received. A will have no additional gain upon the sale of stock to B, and B will have a cost basis in the stock purchased from A.

**Example 2.** (i) On April 1, 1998, A and B, U.S. persons, form X, a foreign eligible entity. X is treated as an association under the default provisions of paragraph (b)(2)(i) of this section, and X does not make an election to be classified as a partnership. A subsequently purchases all of B's interest in X.

(ii) Under paragraph (f)(1) of this section, X continues to be classified as an association. X, however, can subsequently elect to be disregarded as an entity separate from A. The sixty month limitation of paragraph (c)(1)(iv) of this section does not prevent X from making an election because X has not made a prior election under paragraph (c)(1)(i) of this section.

**Example 3.** (i) On April 1, 1998, A and B, U.S. persons, form X, a foreign eligible entity. X is treated as an association under the default provisions of paragraph (b)(2)(i) of this section, and X does not make an election to be classified as a partnership. On January 1, 1999, X elects to be classified as a partnership effective on that date. Under the sixty month limitation of paragraph (c)(1)(iv) of this section, X cannot elect to be classified as an association until January 1, 2004 (i.e., sixty months after the effective date of the election to be classified as a partnership).

(ii) On June 1, 2000, A purchases all of B's interest in X. After A's purchase of B's interest, X can no longer be classified as a partnership because X has only one member. Under paragraph (f)(2) of this section, X is disregarded as an entity separate from A when A becomes the only member of X. X, however, is not treated as a new entity for purposes of paragraph (c)(1)(iv) of this section. As a result, the sixty month limitation of paragraph (c)(1)(iv) of this section continues to apply to X, and X cannot elect to be classified as an association until January 1, 2004 (i.e., sixty months after January 1, 1999, the effective date of the election by X to be classified as a partnership).

**(5) Effective date.** This paragraph (f) applies as of November 29, 1999.

**(g) Elective changes in classification--(1) Deemed treatment of elective change--(i) Partnership to association.** If an eligible entity classified as a partnership elects under paragraph (c)(1)(i) of this section to be classified as an association, the following is deemed to occur: The partnership contributes all of its assets and liabilities to the association in exchange for stock in the association, and immediately thereafter, the partnership liquidates by distributing the stock of the association to its partners.

**(ii) Association to partnership.** If an eligible entity classified as an association elects under paragraph (c)(1)(i) of this section to be classified as a partnership, the following is deemed to occur: The association distributes all of its assets and liabilities to its shareholders in liquidation of the association, and immediately thereafter, the shareholders contribute all of the distributed assets and liabilities to a newly formed partnership.

**(iii) Association to disregarded entity.** If an eligible entity classified as an association elects under paragraph (c)(1)(i) of this section to be disregarded as an entity separate from its owner, the following is deemed to occur: The association distributes all of its assets and liabilities to its single owner in liquidation of the association.

**(iv) Disregarded entity to an association.** If an eligible entity that is disregarded as an entity separate from its owner elects under paragraph (c)(1)(i) of this section to be classified as an association, the following is deemed to occur: The owner of the eligible entity contributes all of the assets and liabilities of the entity to the association in exchange for stock of the association.

**(2) Effect of elective changes--(i) In general.** The tax treatment of a change in the classification of an entity for federal tax purposes by election under paragraph (c)(1)(i) of this section is determined under all relevant provisions of the Internal Revenue Code and general principles of tax law, including the step transaction doctrine.

**(ii) Adoption of plan of liquidation.** For purposes of satisfying the requirement of adoption of a plan of liquidation under section 332, unless a formal plan of liquidation that contemplates the election to be classified as a partnership or to be disregarded as an entity separate from its owner is adopted on an earlier date, the making, by an association, of an election under paragraph (c)(1)(i) of this section to be classified as a partnership or to be disregarded as an entity separate from its owner is considered to be the adoption of a plan of liquidation immediately before the deemed liquidation described in paragraph (g)(1)(ii) or (iii) of this section. This paragraph (g)(2)(ii) applies to elections filed on or after December 17, 2001. Taxpayers may apply this paragraph (g)(2)(ii) retroactively to elections filed before December 17, 2001, if the corporate owner claiming treatment under section 332 and its subsidiary making the election take consistent positions with respect to the federal tax consequences of the election.

**(3) Timing of election--(i) In general.** An election under paragraph (c)(1)(i) of this section that changes the classification of an eligible entity for federal tax purposes is treated as occurring at the start of the day for which the election is effective. Any transactions that are deemed to occur under this paragraph (g) as a result of a change in classification are treated as occurring immediately before the close of the day before the election is effective. For example, if an election is made to change the classification of an entity from an association to a partnership effective on January 1, the deemed transactions specified in paragraph (g)(1)(ii) of this section (including the liquidation of the association) are treated as occurring immediately before the close of December 31 and must be reported by the owners of the entity on December 31. Thus, the last day of the association's taxable year will be December 31 and the first day of the partnership's taxable year will be January 1.

**(ii) Coordination with section 338 election.** A purchasing corporation that makes a qualified stock purchase of an eligible entity taxed as a corporation may make an election under section 338 regarding the acquisition if it satisfies the requirements for the election, and may also make an election to change the classification of the target corporation. If a taxpayer makes an election under section 338 regarding its acquisition of another entity taxable as a corporation and makes an election under paragraph (c) of this section for the acquired corporation (effective at the earliest possible date as provided by paragraph (c)(1)(iii) of this section), the transactions under paragraph (g) of this section are deemed to occur immediately after the deemed asset purchase by the new target corporation under section 338.

**(iii) Application to successive elections in tiered situations.** When elections under paragraph (c)(1)(i) of this section for a series of tiered entities are effective on the same date, the eligible entities may specify the order of the elections on Form 8832. If no order is specified for the elections, any transactions that are deemed to occur in this paragraph (g) as a result of the classification change will be treated as occurring first for the highest tier entity's classification change, then for the next highest tier entity's classification change, and so forth down the chain of entities until all the transactions under this paragraph (g) have occurred. For example, Parent, a corporation, wholly owns all of the interest of an eligible entity classified as an association (S1), which wholly owns another eligible entity classified as an association (S2), which wholly owns another eligible entity classified as an association (S3). Elections under paragraph (c)(1)(i) of this section are filed to classify S1, S2, and S3 each as disregarded as an entity separate from its owner effective on the same day. If no order is specified for the elections, the following transactions are deemed to occur under this paragraph (g) as a result of the elections, with each successive transaction occurring on the same day immediately after the preceding transaction S1 is treated as liquidating into Parent, then S2 is treated as liquidating into Parent, and finally S3 is treated as liquidating into Parent.

**(4) Effective date.** Except as otherwise provided in paragraph (g)(2)(ii) of this section, this paragraph (g) applies to elections that are filed on or after November 29, 1999. Taxpayers may apply this paragraph (g) retroactively to elections filed before November

29, 1999 if all taxpayers affected by the deemed transactions file consistently with this paragraph (g).

**(h) Effective date--(1) In general.** Except as otherwise provided in this section, the rules of this section are applicable as of January 1, 1997.

**(2) Prior treatment of existing entities.** In the case of a business entity that is not described in § 301.7701-2(b)(1), (3), (4), (5), (6), or (7), and that was in existence prior to January 1, 1997, the entity's claimed classification(s) will be respected for all periods prior to January 1, 1997, if--

**(i)** The entity had a reasonable basis (within the meaning of section 6662) for its claimed classification;

**(ii)** The entity and all members of the entity recognized the federal tax consequences of any change in the entity's classification within the sixty months prior to January 1, 1997; and

**(iii)** Neither the entity nor any member was notified in writing on or before May 8, 1996, that the classification of the entity was under examination (in which case the entity's classification will be determined in the examination).

**(3) Deemed elections for S corporations.** Paragraph (c)(1)(v)(C) of this section applies to timely S corporation elections under section 1362(a) filed on or after July 20, 2004. Eligible entities that filed timely S elections before July 20, 2004 may also rely on the provisions of the regulation.

# Delaware Statutes, Chapter 8

**§ 266. Conversion of a domestic corporation to other entities**

(a) A corporation of this State may, upon the authorization of such conversion in accordance with this section, convert to a limited liability company, statutory trust, business trust or association, real estate investment trust, common-law trust or any other unincorporated business including a partnership (whether general (including a limited liability partnership) or limited (including a limited liability limited partnership)) or a foreign corporation.

(b) The board of directors of the corporation which desires to convert under this section shall adopt a resolution approving such conversion, specifying the type of entity into which the corporation shall be converted and recommending the approval of such conversion by the stockholders of the corporation. Such resolution shall be submitted to the stockholders of the corporation at an annual or special meeting. Due notice of the time, and purpose of the meeting shall be mailed to each holder of stock, whether voting or nonvoting, of the corporation at the address of the stockholder as it appears on the records of the corporation, at least 20 days prior to the date of the meeting. At the meeting, the resolution shall be considered and a vote taken for its adoption or rejection. If all outstanding shares of stock of the corporation, whether voting or nonvoting, shall be voted for the adoption of the resolution, the conversion shall be authorized.
(1) to (4) Repealed.

(c) If a corporation shall convert in accordance with this section to another entity organized, formed or created under the laws of a jurisdiction other than the State of Delaware, the corporation shall file with the Secretary of State a certificate of conversion executed in accordance with § 103 of this title, which certifies:

(1) The name of the corporation, and if it has been changed, the name under which it was originally incorporated;
(2) The date of filing of its original certificate of incorporation with the Secretary of State;
(3) The name and jurisdiction of the entity to which the corporation shall be converted;
(4) That the conversion has been approved in accordance with the provisions of this section;
(5) The agreement of the corporation that it may be served with process in the State of Delaware in any action, suit or proceeding for enforcement of any obligation of the corporation arising while it was a corporation of this State, and that it irrevocably appoints the Secretary of State as its agent to accept service of process in any such action, suit or proceeding; and
(6) The address to which a copy of the process referred to in subsection (c)(5) of this

section shall be mailed to it by the Secretary of State. In the event of such service upon the Secretary of State in accordance with subsection (c)(5) of this section, the Secretary of State shall forthwith notify such corporation that has converted out of the State of Delaware by letter, certified mail, return receipt requested, directed to such corporation that has converted out of the State of Delaware at the address so specified, unless such corporation shall have designated in writing to the Secretary of State a different address for such purpose, in which case it shall be mailed to the last address designated. Such letter shall enclose a copy of the process and any other papers served on the Secretary of State pursuant to this subsection. It shall be the duty of the plaintiff in the event of such service to serve process and any other papers in duplicate, to notify the Secretary of State that service is being effected pursuant to this subsection and to pay the Secretary of State the sum of $50 for the use of the State, which sum shall be taxed as part of the costs in the proceeding, if the plaintiff shall prevail therein. The Secretary of State shall maintain an alphabetical record of any such service setting forth the name of the plaintiff and the defendant, the title, docket number and nature of the proceeding in which process has been served, the fact that service has been effected pursuant to this subsection, the return date thereof, and the day and hour service was made. The Secretary of State shall not be required to retain such information longer than 5 years from receipt of the service of process.

(d) Upon the filing in the Office of the Secretary of State of a certificate of conversion to non-Delaware entity in accordance with subsection (c) of this section or upon the future effective date or time of the certificate of conversion to non-Delaware entity and payment to the Secretary of State of all fees prescribed under this title, the Secretary of State shall certify that the corporation has filed all documents and paid all fees required by this title, and thereupon the corporation shall cease to exist as a corporation of this State at the time the certificate of conversion becomes effective in accordance with § 103 of this title. Such certificate of the Secretary of State shall be prima facie evidence of the conversion by such corporation out of the State of Delaware.

(e) The conversion of a corporation out of the State of Delaware in accordance with this section and the resulting cessation of its existence as a corporation of this State pursuant to a certificate of conversion to non-Delaware entity shall not be deemed to affect any obligations or liabilities of the corporation incurred prior to such conversion or the personal liability of any person incurred prior to such conversion, nor shall it be deemed to affect the choice of law applicable to the corporation with respect to matters arising prior to such conversion.

(f) Unless otherwise provided in a resolution of conversion adopted in accordance with this section, the converting corporation shall not be required to wind up its affairs or pay its liabilities and distribute its assets, and the conversion shall not constitute a dissolution of such corporation .

(g) In connection with a conversion of a domestic corporation to another entity pursuant to this section, shares of stock, of the corporation of this State which is to be converted may be exchanged for or converted into cash, property, rights or securities of, or interests in, the entity to which the corporation of this State is being converted or, in addition to or in lieu thereof, may be exchanged for or converted into cash, property, shares of stock, rights or securities of, or interests in, another domestic corporation or other entity or may be cancelled.

(h) When a corporation has been converted to another entity or business form pursuant to this section, the other entity or business form shall, for all purposes of the laws of the State of Delaware, be deemed to be the same entity as the corporation. When any conversion shall have become effective under this section, for all purposes of the laws of the State of Delaware, all of the rights, privileges and powers of the corporation that has converted, and all property, real, personal and mixed, and all debts due to such corporation, as well as all other things and causes of action belonging to such corporation, shall remain vested in the other entity or business form to which such corporation has converted and shall be the property of such other entity or business form, and the title to any real property vested by deed or otherwise in such corporation shall not revert or be in any way impaired by reason of this chapter; but all rights of creditors and all liens upon any property of such corporation shall be preserved unimpaired, and all debts, liabilities and duties of the corporation that has converted shall remain attached to the other entity or business form to which such corporation has converted, and may be enforced against it to the same extent as if said debts, liabilities and duties had originally been incurred or contracted by it in its capacity as such other entity or business form. The rights, privileges, powers and interest in property of the corporation that has converted, as well as the debts, liabilities and duties of such corporation, shall not be deemed, as a consequence of the conversion, to have been transferred to the other entity or business form to which such corporation has converted for any purpose of the laws of the State of Delaware.

**§ 278. Continuation of corporation after dissolution for purposes of suit and winding up affairs**

All corporations, whether they expire by their own limitation or are otherwise dissolved, shall nevertheless be continued, for the term of 3 years from such expiration or dissolution or for such longer period as the Court of Chancery shall in its discretion direct, bodies corporate for the purpose of prosecuting and defending suits, whether civil, criminal or administrative, by or against them, and of enabling them gradually to settle and close their business, to dispose of and convey their property, to discharge their liabilities and to distribute to their stockholders any remaining assets, but not for the purpose of continuing the business for which the corporation was organized. With respect to any action, suit or proceeding begun by or against the corporation either prior to or within 3 years after the date of its expiration or dissolution, the action shall not abate by

reason of the dissolution of the corporation; the corporation shall, solely for the purpose of such action, suit or proceeding, be continued as a body corporate beyond the 3-year period and until any judgments, orders or decrees therein shall be fully executed, without the necessity for any special direction to that effect by the Court of Chancery.