IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-738 T
(Judge Wheeler)

BROWNING-FERRIS INDUSTRIES & SUBSIDIARIES,

Plaintiff

v.

THE UNITED STATES,

Defendant

STATEMENT FOR THE UNITED STATES OF OBJECTIONS TO PLAINTIFF'S PROPOSED FACTUAL ASSERTIONS
(Motion for Voluntary Dismissal)

The United States objects to many of the factual assertions set forth in plaintiff's motion for voluntary dismissal. Those objections are presented below in a format which generally follows the format prescribed by RCFC 56(h)(2) for presenting objections to proposed factual findings in the analogous context of summary judgment motions. For ease of future reference, we have numbered plaintiff's factual assertions.

GENERAL OBJECTIONS

Plaintiff's motion for voluntary dismissal relies upon numerous factual assertions which are not drawn from the complaint and which are not supported by affidavits or declarations. The United States is unaware of any authority authorizing a court to resolve a RCFC 41(a) motion by making factual determinations based upon unsworn statements. The requirement of sworn

testimony is particularly appropriate here where, for instance, plaintiff is asking the court to make factual findings contrary to the allegations of the complaint. *Compare*, Complaint ¶¶ 3-4 (alleging that BFI, Inc. "is" a corporation and is the "common parent" of the affiliated group) *with* the proposed finding on page 15, *infra* ("The complaint erroneously alleged that BFI, Inc. is a Delaware corporation and is an authorized agent for the group under Treas. Reg. § 1.1502-77"). Accordingly, the United States objects to any reliance upon the factual assertions set forth in plaintiff's motion papers.

## II. SPECIFIC OBJECTIONS TO STATEMENT OF FACTS

In addition to the general objection set forth above, the United States also objects to the specific factual assertions set out (at 4-6) in the "Statement of Facts" section of plaintiff's brief for the reasons set forth below.

(For purposes of clarity, the United States quotes plaintiff's individual factual assertions separately at the top of the following pages in italics, followed by a response to each factual assertion.)

*1. On or about June 16, 1998, and June 15, 1999, BFI, Inc. timely filed its original tax returns for the consolidated group of which it was the common parent (the "BFI Group") for the years 1997 and 1998, respectively, with the IRS in Houston, Texas.*

**Response:** No objection.

*2. On July 30, 1999, Allied Waste North America, Inc. ("AWNA") acquired substantially all of the outstanding stock of BFI, Inc.*

**Response:** No objection, solely for purposes of this motion. The United States recognizes that, at some point prior to December 31, 2004, AWNA acquired all of the outstanding stock of BFI, Inc. (Parker depo., Fact App. at 227-28.) The detailed mechanics of the acquisition were somewhat more complex than the proposed finding suggests.

*3. As a result of the acquisition, BFI, Inc. became a wholly-owned subsidiary of AWNA, which was and remains a wholly owned subsidiary of Allied Waste Industries, Inc. ("Allied").*

**Response:** BFI Inc. converted into an entity called "Browning-Ferris Industries, LLC" in late 2004. To that extent, BFI Inc. does not "remain[ ] a wholly owned subsidiary of Allied." Otherwise, no objection.

*4. Allied is the common parent of the consolidated group that includes AWNA (the "Allied Group"). At the time of the acquisition, all of the members of the BFI group became members of the Allied Group.*

**Response:** The members of the BFI group filed a separate consolidated return for the final pre-acquisition period during June 2000. (BFI return, Fact. App. at 125.) Otherwise, no objection.

*5. On December 31, 2004, BFI, Inc. converted from a Delaware corporation to a Delaware limited liability company known as Browning-Ferris Industries, LLC ("BFI, LLC") pursuant to § 266 of the Delaware General Corporation Law. Del. Code Ann. tit. 8, § 266. A copy of the Certificate of Conversion of BFI, Inc. to a limited liability company is attached as Exhibit 1.*

**Response:** No objection.

6. *The newly formed entity, BFI, LLC, in turn, executed and filed a Certificate of Formation pursuant to the Delaware Limited Liability Company Act on that same date. A copy of the Certificate of Formation is attached as Exhibit 2.*

**Response:** The Certificate of Formation reflects that it was filed by Jo Lynn White as an authorized person to form a limited liability company. (Certificate, Fact. App. at 134.) Otherwise, no objection.

*7. As a result of that conversion, BFI, Inc. liquidated for tax purposes into AWNA in a transaction that qualified under § 332 of the Code.*

**Response:** No liquidation took place for corporate law purposes and no assets or liabilities were, in fact, distributed. Plaintiff contends only that a "deemed" liquidation occurred. (Parker depo., Fact. App. at 255-56.) Further, the statutory language of Section 332(a) describes the treatment of a "complete liquidation" of the type described in Section 332(b). Plaintiff has not shown how the "conversion" of BFI Inc. into BFI LLC constitutes a "complete liquidation" within the meaning of the statute.

*8. A copy of the disclosure attached to Allied's 2004 tax return pursuant to Treas. Reg. § 1.332-6(b) is attached as Exhibit 3.*

**Response:** Allied attached several disclosure statements regarding liquidations of other subsidiaries to its 2004 tax return. The disclosure statements attached to the return for these other subsidiaries were supported by attached "Certificates of Dissolution" filed or issued by the relevant state authorities. No similar certificate was filed for the BFI Inc. conversion into BFI LLC. (Allied return, Fact. App. at 135-57.)

*9. Approximately four months after the liquidation of BFI, Inc., on or about April 25, 2005, payments of $19,079,286 and $3,519,979 were made to the IRS with respect to the BFI Group's 1997 and 1998 tax years, respectively.*

**Response:** These payments were made through checks drawn on the account of "AWIN Management, Inc."–an Allied subsidiary. On their face, the checks identified AWIN Management as an affiliate of BFI Inc. and carried a hand-written notation indicating the payor's desire to apply the payment to BFI Inc. tax liabilities for the tax years in issue. An accompanying transmittal letter, written on Allied stationery, requested application of the payments to liabilities of BFI Inc. (Transmittal and Payment, Fact. App. at 159.)

*10. On or about May 5, 2005, BFI, Inc., as the putative agent for the BFI Group, attempted to file formal refund claims for the consolidated taxable years 1997 and 1998 of the BFI Group. (Copies of the attempted claims are attached to the Complaint, Docket Item No. 1, as Exhibits A and C.)*

**Response:** These refund claims were, in fact, filed with the Internal Revenue Service and were treated as refund claims by the Service. (Parker depo., Fact. App. at 46-47.) The references to a "putative" agent which "attempted to" file formal refund claims constitute argument–not fact. Mr. Parker actually signed these claims under penalties of perjury and later signed the other claims presented on behalf of the BFI Consolidated Group.

*11. On May 10, 2005, the IRS sent a notice of claim disallowance to BFI, Inc. with respect to these attempted refund claims.*

**Response:** The reference to "attempted refund claims" is argumentative. The referenced refund claims were in fact submitted to the Service. (Parker depo., Fact. App. at 47-47.)

*12. On July 8, 2005, a complaint for the refund of taxes for BFI, Inc.'s 1997 and 1998 tax years was filed in this Court in the name of "Browning-Ferris Industries, Inc. & Subsidiaries," as the putative plaintiff.*

**Response:** No objection, except to the argumentative and confusing reference to a “putative” plaintiff.

*13. The complaint erroneously alleged that BFI, Inc. is a Delaware corporation and is an authorized agent for the group under Treas. Reg. § 1.1502-77.*

**Response:** This statement represents nothing more than legal argument based upon the fact that the conversion occurred. Further, plaintiff has offered no reason why this unsworn statement should be credited, while a contrary unsworn statement in the complaint should be ignored, as should the signature on the refund claims acknowledging their accuracy under penalties of perjury.

*14. In fact, both the refund claims and the subsequently filed refund suit were improperly filed in the name of BFI, Inc., whose existence as the common parent of the BFI Group had ended on December 31, 2004.*

**Response:** This statement is legal argument based upon the allegation–disputed by defendant–that BFI Inc.'s existence ended in 2004. In fact, the entity continued to exist, although in the form of an LLC.

*15. In August of 2006, in the course of its own due diligence, current counsel for Allied, who had been retained a few months earlier to represent the company in the instant action, discovered the error and advised Allied to file corrected refund claims in the name of the proper designee of the BFI Group pursuant to applicable regulations.*

**Response:** The Federal Circuit issued its ruling in *Coltec* on July 12, 2006, determining that the contingent liability tax shelter transaction did not produce the remarkable tax benefits claimed by taxpayers like plaintiff. Weeks later, plaintiff discovered the so-called "jurisdictional issue" addressed by the instant motion. At that time, plaintiff and its counsel recognized that, because of the *Coltec* decision, plaintiff would benefit if it could arrange to litigate its contingent liability claims outside the Court of Federal Claims. Plaintiff and its counsel further recognized that a contention that the First BFI Claims were invalid might be a vehicle to have plaintiff's substantive claims litigated outside the Court of Federal Claims. (Parker depo., Fact App. at 259, 283.)

Further, unless plaintiff has waived attorney-client privilege and will be subjected to discovery about the retention of its new counsel, the occasion for counsel's inquiry, the nature of counsel's "due diligence," and the substance of counsel's communications with plaintiff, this self-serving description of plaintiff's change in position must be disregarded, and the observable facts (i.e., plaintiff's "discovery" of the so-called jurisdictional question soon after the Federal Circuit's decision in *Coltec*) must be allowed to speak for themselves.

*16. On or about August 24, 2006, members of the BFI Group designated BFI Waste Systems of North America, Inc. ("BFI Waste Systems") as substitute agent for the BF1 Group pursuant to Treas. Reg. § 1.1502-77A(d) and the procedures for designation set forth in Rev. Proc. 2002-43, 2002-2 C.B. 99. A copy of Rev. Proc. 2002-43 is attached as Exhibit 4.*

**Response:** The papers submitted by the BFI Group with its new designation erroneously stated that BFI Inc. had terminated on December 31, 2004. (Designation request, Fact App. at 64.) Moreover, a designation that took place after this suit was filed (and long after the pertinent claims were filed) is irrelevant here.

*17. On August 31, 2006, the IRS approved the designation. A copy of the IRS's approval of BFI Waste Systems of North America, Inc. as the proper designee under § 1.1502-77A(d) is attached as Exhibit 5.*

**Response:** The IRS approval was explicitly based upon the BFI Group's representation that BFI, Inc. had terminated. (Approval notice, Fact App. at 64.)

*18. As the duly authorized agent, BFI Waste Systems filed claims for refund for the consolidated tax years 1997 and 1998 for the BFI Group on or about August 24, 2006. Copies of Form 1120X of the 1997 and 1998 refund claims are attached as Exhibits 6 and 7, respectively.*

**Response:** The designation of BFI Waste Systems as the authorized agent for the BFI Group was not approved until August 31, 2006. Under Rev. Proc. 2002-43 (at §3.03), the designation "is not effective until the IRS approves the designation." Thus, BFI Waste Systems was not the duly authorized agent of the BFI Group at the time it filed these refund claims.

In addition, the proposed finding is misleading and incomplete; the claims for refund were filed by "BFI Waste Systems of North America, Inc., Designee for Consolidated Group f/k/a [formerly known as] Browning Ferris Industries, Inc. & Subsidiaries." (Second BFI Claims, Fact App. at 87-103.) In addition, virtually identical refund claims were filed at the same time by "Browning-Ferris Industries, LLC for consolidated Group f/k/a Browning-Ferris Industries, Inc. & Subsidiaries." (Third BFI Claims, Fact App. at 104-20.) These refund claims, along with the original refund claims attached to the complaint, reference the same Employer Identification Number and seek a refund of identical amounts for the same periods.

Respectfully submitted,

s/ STUART J. BASSIN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6418
(202) 307-2504 (fax)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
JENNIFER D. SPRIGGS
Senior Trial Attorney
JACOB E. CHRISTENSEN
Trial Attorney

November 22, 2006