IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-738 T
(Judge Wheeler)

BROWNING-FERRIS INDUSTRIES & SUBSIDIARIES,

Plaintiff

v.

THE UNITED STATES,

Defendant

# PROPOSED FINDINGS OF UNCONTROVERTED FACT SUBMITTED FOR THE UNITED STATES

The United States hereby submits the following Proposed Findings of Uncontroverted Fact in support of its brief in opposition to plaintiff's motion to dismiss. (Parenthetical notations in the following paragraphs identify the factual support for each finding and cross-reference to the pages in the contemporaneously-filed factual appendix where that support is reproduced.)

1. During the years in suit, 1997 and 1998, Browning- Ferris Industries, Inc. ("BFI Inc.")[1/] was the parent company of a large corporate group consisting of more than 100 subsidiary corporations engaged in the waste disposal business, which filed consolidated federal income tax returns in the name of "Browning-Ferris Industries, Inc. & Subsidiaries" and the employer identification number of 74-1673682 (the "BFI Consolidated Group"). (Goodrich decl., ¶ 5, Fact App. at 2; Parker depo., Fact App. at 217-18; Complaint ¶¶ 16(a) and 20(a), Fact App. at 11, 13; Fact App. at 124-25.)

2. All of the members of the consolidated group of subsidiaries previously authorized BFI Inc. to act on their behalf with respect to all federal income tax matters. That authorization was not modified or revoked for the years in suit until August 2006. (Parker depo., Fact App. at 219-20, 233.)

3. On August 24, 2006, plaintiff filed a request with the Service to designate BFI Waste Systems of North America, Inc. as the substitute agent for the BFI Consolidated Group,

---

1/ Confusion can arise because several of the entities implicated by the instant motion have similar names. In the interest of clarity, this filing uses the following conventions:

| Short Form | Entity |
|---|---|
| BFI Consolidated Group | Affiliated group of related companies which filed the consolidated federal income tax return for the years in suit |
| BFI Inc. | Browning-Ferris Industries, Inc., a Delaware corporation |
| BFI LLC | Browning-Ferris Industries, LLC., a Delaware limited liability corporation |
| Plaintiff | Generic reference to the group of entities seeking to obtain tax benefits from the contingent liability tax shelter transaction |

and the Service approved that request on August 30, 2006. (Fact App. at 64.)

4. During July 1999, BFI Inc. and the other members of the BFI Consolidated Group were acquired by a competitor, Allied Waste Industries, Inc. (Allied), which itself headed its own large corporate group filing a consolidated return. (Parker depo., Fact App. at 219.)

5. On the eve of the formal acquisition, BFI Inc. and several of its subsidiaries executed the contingent liability tax shelter transaction at the core of the instant dispute. (Complaint ¶¶ 6-11, Fact App. at 9-10.)

6. Following the acquisition, BFI Inc. filed a final return on behalf of its consolidated group for the period up to the acquisition, claiming more than $900 million in capital loss deductions arising out of the contingent liability transaction. (Goodrich decl., ¶ 7, Fact App. at 2.)

7. For the post-acquisition years, Allied, Allied's subsidiaries, and the former members of the BFI Consolidated Group filed a single consolidated return in the name of "Allied Waste Industries, Inc. and Subsidiaries." (Parker depo., Fact App. at 219; Allied return, Fact App. at 135.) Those Allied returns sought to apply more than $700 million in capital losses purportedly manufactured by the contingent liability tax shelter transaction to offset capital gains earned by the Allied group from the sale of assets previously held by members of the BFI Consolidated Group, thereby allegedly reducing the Allied group's tax liability for those years by several hundred million dollars. (Goodrich decl., ¶10, Fact App. at 3.)

8. Following the acquisition, BFI Inc. continued to act as the agent for the BFI Consolidated Group with respect to matters related to its pre-acquisition tax liabilities. (Parker depo., Fact App. at 219-20, 233.) During 2000, BFI Inc. submitted documents to the Service

seeking adjustments of the BFI Consolidated Group's income and tax liability for pre-acquisition years arising out of the contingent liability tax shelter transaction at issue in this case. (Parker depo., Fact App. at 241-42; 2000 Amended return, Fact App. at 158.) During 2005, BFI Inc. resolved a long-standing controversy with the Service involving international taxation of the BFI Consolidated Group for pre-acquisition years. (Parker depo., Fact App. at 243-44, 248.)

9. The Service conducted an audit of the BFI Consolidated Group's tax returns for its final years of independent operation–including the 1997 and 1998 tax years involved in this litigation. (Parker depo., Fact App. at 240.) At the conclusion of that audit, the Service disallowed the tax benefits from the contingent liability transaction claimed by plaintiff. (Goodrich decl., ¶ 9, Fact App. at 2.)

10. Allied paid these deficiencies on behalf of BFI Inc. for 1997 and 1998 in the amounts of $19,079,286 and $3,519,979, respectively, in April 2005, using a check drawn on the account of AWIN Management, Inc.–another Allied subsidiary. (Parker depo., Fact App. at 252-53; Payment transmittal, Fact App. at 159-62.)

11. On or about May 6, 2005, plaintiff filed formal claims in the name of "Browning-Ferris Industries, Inc. & Subsidiaries" (using the employer identification number of 74-1673682), seeking a refund of $18.5 million for 1997 and $9.7 million for 1998 (the "First BFI Claims"). These refund claims were signed, under penalty of perjury, by Dale Parker–Allied's vice president for taxes–and were cited in the original complaint in this case. (Complaint at pages 11, 113; Parker depo., Fact App. at 248-49; Refund claims, Fact App. at 65-83.) In those refund claims, plaintiff contended that the BFI Consolidated Group was entitled to a tax refund because the Service's disallowance of the claimed $901.6 million capital loss from the contingent liability tax shelter transaction was improper. (Refund claims, Fact App. at 70, 76,

83.)

12. Plaintiff contemporaneously requested the Service to immediately disallow the First BFI Claims, and the Service denied the First BFI Claims on May 10, 2005, by a letter issued to "Browning-Ferris Industries, Inc. and Subsidiaries." (Letter, Fact App. at 84-86; Complaint at pages 18, 116) (Parker depo., Fact App. at 250.)

13. On July 8, 2005, plaintiff filed the instant suit challenging the Service's disallowance of the First BFI Claims. The complaint asserted that–

> 3. BFI [Browning-Ferris Industries, Inc. & Subsidiaries] is a corporation organized under the laws of the State of Delaware. BFI's employer identification number is 74-1673682.
> 4. BFI was the common parent of an affiliated group of corporations that filed consolidated federal income tax returns for the tax years at issue. Pursuant to Treas. Reg. §1.1502-77(a), BFI is duly authorized to act in its own name with respect to all matters relating to the tax liability of the affiliated group of corporations of which it was the common parent for all periods relevant to this action.
> * * *
> 16(e). On or about May 5, 2005, BFI timely filed a timely claim for refund of . . . taxes paid for the 1997 tax year with the IRS. . . .

(Complaint, Fact App. at 8-9; *see also* ¶ 20(e).) The complaint was signed by counsel.

14. The United States filed its amended answer on December 21, 2005, asserting a counterclaim to recover assessed restricted plaintiff's 1997 and 1998 years of more than $18 million, plus statutory interest. (Amended answer, Fact App. at 20-22.)

15. Plaintiff filed a reply on December 29, 2005, which denied liability on the counterclaim and asserted various "Affirmative Defenses and Other Matter," but which did not challenge the Court's jurisdiction over the counterclaim. (Reply, Fact App. at 24-26.)

16. BFI Inc. was formed as a Delaware corporation during 1970. (Tax return, Fact App. at 124.)

17. At the end of 2004, Allied decided to convert BFI Inc. from a Delaware corporation into a Delaware limited liability company (LLC) because it believed that the conversion would reduce its tax liabilities. (Parker depo., Fact App. at 221-22, 224.) BFI's Board of Directors adopted a resolution authorizing the conversion, which stated–

> RESOLVED, that after the time the Certificate of Conversion becomes effective <u>the converted Company shall continue to exist</u> as a limited liability company . . . and the laws of the State of Delaware shall apply to the convert Company to the same extent as prior to [the conversion]; and
> RESOLVED, that the converted Company shall not be required to wind up its affairs . . ., and <u>the Conversion shall not constitute a dissolution of the Company</u> and shall constitute a continuation . . . .

(Board resolution, Fact App. at 127) (emphasis added).

18. Even after the conversion, Allied continued to publish separate financial statements for the former BFI Consolidated Group as part of its SEC Form 10-K filings–as required by covenants in its borrowing agreements with its lenders. The financial statements thereafter published for BFI LLC were just a continuation of the financial statements published for BFI Inc. prior to the conversion. (Parker depo., Fact App. at 231-32.)

19. From a corporate law perspective, BFI Inc. never actually filed for dissolution (Kuether depo., Fact App. at 201) but rather was converted in legal form from a corporation to an LLC. The conversion was accomplished by the filing of a "Certificate of Conversion From A Corporation to a Limited Liability Company Pursuant to Section 266 of the Delaware General Corporation Law" on December 31, 2004. (Certificate, Fact App. at 132.) Thereafter the name of the limited liability company was Browning-Ferris Industries, LLC (BFI LLC). (Certificate, Fact App. at 134.) Both before and after this conversion, Allied remained the owner, either directly or indirectly, of the entities which had constituted the BFI Consolidated Group. (Parker depo., Fact App. at 229; Allied annual report, Fact App. at 123 n9.)

20. In addition, BFI Inc. conducted business as a foreign corporation in Arizona. (Kuether depo., Fact App. at 195-96.) There, it incorporated under the name of "Browning-Ferris Industries, Inc." and continued in corporate existence until its charter was withdrawn in September 2006. (Kuether depo., Fact App. at 199-200.) To comply with Arizona's reporting requirements, BFI Inc. filed annual reports for 2004 and 2005 on October 11, 2004 and October 28, 2005 respectively–the latter of which was filed after the refund claims at issue here. (Arizona filings, Fact App. at 170-79; Kuether depo., Fact App. at 193.)

21. Both were filed in the name of "Browning-Ferris Industries, Inc.," even though the later filing occurred after BFI Inc.'s conversion in Delaware to an LLC. (Arizona filings, Fact App. B at 175.) BFI Inc. also filed other documents in Arizona under "Browning-Ferris Industries, Inc." subsequent to its conversion in Delaware, including a change of its statutory agent. (Arizona filings, Fact App. at 168.)

22. On September 12, 2006, after plaintiff informed the Court of its intent to move for dismissal of this case, simultaneous applications for the withdrawal of "Browning-Ferris Industries, Inc." and for the registration of BFI as a foreign LLC were filed with the state of Arizona. (Arizona filings, Fact App. at 163-67.)

23. The Federal Circuit issued its ruling in *Coltec* on July 12, 2006, determining that the contingent liability tax shelter transaction does not produce the remarkable tax benefits claimed by taxpayers like plaintiff.

24. Weeks later, plaintiff discovered the so-called "jurisdictional issue" addressed by the instant motion. (Parker depo., Fact App. at 259.) At that time, plaintiff and its counsel recognized that, because of the *Coltec* decision, plaintiff would benefit if it could arrange to litigate its contingent liability claims outside the Court of Federal Claims. (Parker depo. Fact

App. at 283.) Plaintiff and its counsel further recognized that a contention that the First BFI Claims were invalid might be a vehicle to have plaintiff's substantive claims litigated outside the Court of Federal Claims. (*Ibid.*)

25. Soon thereafter, on August 22, 2006, the individual entities comprising the BFI Consolidated Group filed a "Designation by Group Members Under §1.1502-77A(d)" with the Internal Revenue Service, terminating BFI Inc. as the common parent of the BFI Consolidated Group and designating BFI Waste Systems of North America, Inc. as the Substitute Agent for the group. That designation was approved by the Service on August 31, 2006. (Designation, Fact App. at 64.)

26. Plaintiff first presented its contention to the Court that the wrong entity had filed the refund claim and the complaint at a hearing conducted on August 29, 2006. At that time, Mr. Karter stated–

> we have come to the realization that the wrong plaintiff, **a plaintiff that is no longer in legal existence filed both the federal tax refund claim**, which is the prerequisite for jurisdiction for a federal tax refund suit, and the complaint in this matter.

(Transcript, Fact App. at 32) (emphasis added). Later, he added that–

> the **termination out of legal existence of Browning Ferris Industries, Inc.** in December of 2004, before the refund claims were filed and before the action was brought, was a defect that requires the dismissal without prejudice of this case.

(Transcript, Fact App. at 35) (emphasis added). At the hearing, Mr. Karter indicated that new refund claims had been filed. (*Id.* at 37-38.)

27. In fact, plaintiff had filed *two* new sets of refund claims for the years in suit on August 22, 2006. (Parker depo., Fact App. 251.) One set of refund claims was filed in the name of "Browning Ferris Industries, LLC for consolidated group f/k/a Browning Ferris Industries,

Inc. & Subsidiaries" (the "Second BFI Claims"). (Fact App. at 87-103.) The other set of refund claims was filed in the name of "BFI Waste Systems of North America, Inc. Designee for Consolidated Group f/k/a Browning Ferris Industries, Inc. and Subsidiaries" (the "Third BFI Claims"). (Fact App. at 104-120.) Just like the supposedly defective First BFI Claims, the Second BFI Claims and the Third BFI Claims identify "Browning Ferris Industries, Inc. and Subsidiaries" as the taxpayer which filed the original tax returns, reference the same taxable periods, reference the same employer identification numbers, and describe the same contingent liability tax shelter transaction as the grounds for the refund claim. The principal differences are (1) the entity submitting the claims on behalf of the BFI Consolidated Group (the First BFI Claims were filed by BFI Inc., the Second BFI Claims were filed by BFI LLC, and the Third BFI Claims were filed by BFI Waste Systems of North America), and (2) a single paragraph in the Second BFI Claims and the Third BFI Claims addressing agency of plaintiff. (Fact App. at 89, 106.)

28. The Service has taken no action on the Second and Third BFI Claims. (Parker depo., Fact App. at 251.)

Respectfully submitted,

s/ STUART J. BASSIN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6418
(202) 307-2504 (fax)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
JENNIFER D. SPRIGGS
Senior Trial Attorney
JACOB E. CHRISTENSEN
Trial Attorney

November 22, 2006