proceeding has no bearing on the question before the Court.

THE COURT: Well, I'm not going to say absolutely no to that. If there is any ambiguity in the tax code --

MR. KARTER: Of course.

THE COURT: -- or regulations, it could be relevant possibly what has occurred in other cases, but I'm not going to prejudge that.

MR. KARTER: Of course.

THE COURT: We will see how that plays out. So let's keep the briefing schedule that I spoke about and if the government sees a need for discovery, which may involve just maybe a phone call, can you give me the following information, A, B, and C, maybe we can do it that way. We'll deal with it at that time. But I want them first to see your motion and then we can go forward from there.

MR. KARTER: Now, maybe Mr. Bassin would be agreeable, I don't know, but I would at least raise the issue of how we handle the scheduling as to other aspects of this case. We do have a response date due. I appreciate your generosity in extending the deadline.

The discovery requests were quite extensive,

but he's been very gracious in taking that into consideration, and the question now is does Mr. Bassin have any objection if we were to address this question first, put that on hold, deal with the resolution of this question, and then resume. We have no objection to any appropriate extension along those lines.

MR. BASSIN: Your Honor, we have no objection to staying other proceedings provided that we all recognize that the deadlines established by the Court's earlier scheduling order are going to have to be revisited once this jurisdictional matter is resolved.

THE COURT: Well, I think that it makes a lot of sense to suspend other proceedings for the time being until we get this jurisdictional issue resolved. And so in the order that we issue later today or tomorrow we will provide for that.

MR. KARTER: Very good, Your Honor.

MR. BASSIN: Your Honor, the only other question I had, and I have not quite looked all the way through the rules yet, but on motions to dismiss and for summary judgment I though the briefing schedule was a -- it was a 28-day period.

THE COURT: Well, you could be right. Do you want that much time for this? I mean, can't we do

it more expeditiously?

MR. BASSIN: Why don't we see what they do, and I suspect we will be coming to you. I know we're not going to get it done in 14 days, and we'll be coming before you and we'll tell you what we propose in terms of the schedule.

THE COURT: Well, again, it seems like it ought to be pretty simple, and I want to move it along. We're not going to take months and months on this.

MR. BASSIN: Oh, of course.

THE COURT: So we'll set up the schedule as described, 14, 14 and seven, and then you get in touch with us after the motion comes in. Is that acceptable?

MR. KARTER: Yes, Your Honor. Thank you.

MR. BASSIN: Your Honor, we'll see where we are in 14 days. I understand your desire to move this along.

THE COURT: You know, many motions for summary judgment involved, really involved complex sets of facts. I'm not saying where this one falls. Because it's sort of in the middle of everything else that's going on, I would like to keep to a quick schedule if we can.

So if there is nothing further today, we'll stand adjourned. Thank you very much.

MR. KARTER: Thank you.

(Whereupon, at 11:02 a.m., the hearing in the above-entitled matter was concluded.)

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

REPORTER'S CERTIFICATE

DOCKET NO.: 05-738T

CASE TITLE: Browning Ferris Industries, Inc., Plaintiff, v- United States, Defendant.

HEARING DATE: 8/29/06

LOCATION: Washington, D.C.

I hereby certify that the proceedings and evidence are contained fully and accurately on the tapes and notes reported by me at the hearing in the above case before the U.S. Court of Federal Claims.

Date: 8/29/06

Renee Katz

Official Reporter

Heritage Reporting Corporation

Suite 600

1220 L Street, N.W.

Washington, D.C. 20005-4018

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

LARGE AND MID-SIZE BUSINESS DIVISION

Plaintiff's Exhibit

Date: August 31, 2006

Dale Barker, Vice President
BFI Waste Systems of North America, Inc.
15880 N. Greenway-Hayden Loop, Suite 100
Scottsdale, AZ 85260

Re: Rev. Proc. 2002-43: Designation by Group Members under §1.1502-77A(d)

Terminated Common Parent: Browning-Ferris Industries, Inc., EIN: 74-1673682
Designated Substitute Agent: BFI Waste Systems of North America, Inc.
EIN: 41-1696636
Tax Years: All consolidated return years ending on or before December 30, 2004

Dale Barker:

We have received the Designation by Group Members, filed pursuant to section 8 of Rev. Proc. 2002-43, designating BFI Waste Systems of North America, Inc. for the consolidated group whose common parent Browning-Ferris Industries Inc., has terminated.

In accordance with section 8.05 of Rev. Proc. 2002-43, this is to inform you that the designation is approved as of August 31, 2006.

If you have any questions, please contact Michael Ouchi, Revenue Agent, at (801) 620-5027.

Sincerely,

Dan G. Hammer

Dan G. Hammer
Chief, Planning and Special Programs
Ogden, Utah

4 SEP 2006
RECEIVED
Corp. Tax Dept.

Form **1120X** (Rev. December 2004) Department of the Treasury Internal Revenue Service

# Amended U.S. Corporation Income Tax Return

OMB No. 1545-0132

For tax year ending ▶ 9/30/97 (Enter month and year.)

Please Type or Print

Name: Browning-Ferris Industries, Inc. & Subsidiaries

Employer identification number: 74-1673682

Number, street, and room or suite no. (If a P.O. box, see instructions.): 15880 N Greenway-Hayden Loop, Suite 100

City or town, state, and ZIP code: Scottsdale, AZ 85260

Telephone number (optional): 480.627.2736

Enter name and address used on original return (If same as above, write "Same."): Browning-Ferris Industries, Inc. & Subsidiaries, 757 N. Eldridge, Houston, TX 77079

Internal Revenue Service Center where original return was filed ▶ Austin, TX

**Fill in applicable items and use Part II on the back to explain any changes**

**Part I** **Income and Deductions** (see instructions)

| | | | (a) As originally reported or as previously adjusted | (b) Net change—increase or (decrease)—explain in Part II | (c) Correct amount |
|---|---|---|---|---|---|
| 1 | Total income (Form 1120 or 1120-A, line 11) | 1 | 4,389,800,149 | 0 | 4,389,800,149 |
| 2 | Total deductions (total of lines 27 and 29c, Form 1120, or lines 23 and 25c, Form 1120-A) | 2 | 4,234,964,403 | 80,923,602 | 4,315,888,005 |
| 3 | Taxable income. Subtract line 2 from line 1 | 3 | 154,835,746 | (80,923,602) | 73,912,144 |
| 4 | Tax (Form 1120, line 31, or Form 1120-A, line 27) | 4 | 42,784,657 | (18,549,092) | 24,235,565 |

**Payments and Credits** (see instructions)

| | | | (a) | (b) | (c) |
|---|---|---|---|---|---|
| 5a | Overpayment in prior year allowed as a credit | 5a | 0 | 0 | 0 |
| b | Estimated tax payments | 5b | 102,500,670 | 0 | 102,500,670 |
| c | Refund applied for on Form 4466 | 5c | 32,709,291 | 0 | 32,709,291 |
| d | Subtract line 5c from the sum of lines 5a and 5b | 5d | 69,791,379 | 0 | 69,791,379 |
| e | Tax deposited with Form 7004 | 5e | 0 | 0 | 0 |
| f | Credit from Form 2439 | 5f | 0 | 0 | 0 |
| g | Credit for Federal tax on fuels | 5g | 0 | 0 | 0 |

| | | | |
|---|---|---|---|
| 6 | Tax deposited or paid with (or after) the filing of the original return | 6 | 19,079,286 |
| 7 | Add lines 5d through 6, column (c) | 7 | 88,870,665 |
| 8 | Overpayment, if any, as shown on original return or as later adjusted | 8 | 46,086,008 |
| 9 | Subtract line 8 from line 7 | 9 | 42,784,657 |

**Tax Due or Overpayment** (see instructions)

| | | | |
|---|---|---|---|
| 10 | **Tax due.** Subtract line 9 from line 4, column (c). If paying by check, make it payable to the "United States Treasury" ▶ | 10 | 0 |
| 11 | **Overpayment.** Subtract line 4, column (c), from line 9 ▶ | 11 | 18,549,092 |
| 12 | Enter the amount of line 11 you want: **Credited to 20__ estimated tax** ▶ **Refunded** ▶ | 12 | 18,549,092 |

**Sign Here**

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

▶ [signature] Signature of officer | 5/12/05 Date | ▶ VP Title

**Paid Preparer's Use Only**

Preparer's signature ▶ | Date | Check if self-employed ☐ | Preparer's SSN or PTIN

Firm's name (or yours if self-employed), address, and ZIP code ▶ | EIN | Phone no.

**For Privacy Act and Paperwork Reduction Act Notice, see page 4.** Form **1120X** (Rev. 12-2004)

ISA STF FED4298F.1

GOVERNMENT EXHIBIT 5

PENGAD-Bayonne, N. J.

**Part II** **Explanation of Changes to Items in Part I** (Enter the line number from page 1 for the items you are changing, and give the reason for each change. Show any computation in detail. Also, see **What To Attach** on page 3 of the instructions.)

If the change is due to a net operating loss carryback, a capital loss carryback, or a general business credit carryback, see **Carryback Claims** on page 3, and check here ▶ ☑

**Total Deductions (line 2) increased due to an additional net operating loss carryback from the taxable year ended July 30, 1999. Please refer to Attachment I for an explanation of the change in Total Deductions.**

**Taxable Income (line 3) has decreased due to the additional net operating loss carryback included in line 2 as explained above.**

**Federal Income Tax (line 4) has decreased due to the additional net operating loss carryback as explained above.**

**BROWNING-FERRIS INDUSTRIES, INC. & SUBSIDIARIES**
**EMPLOYER IDENTIFICATION NUMBER 74-1673682**
**9/30/97 FORM 1120X EXPLANATION OF CHANGES**
**INDEX OF ATTACHMENTS**

1 Explanation of Changes

2 As Amended Schedules

3 IRS Audit Statement (Form 3610)

4 IRS Examination Report (Form 886A)

5 Copy of 7/30/99 Claim for Refund (Form 1120X)

**BROWNING-FERRIS INDUSTRIES, INC. & SUBSIDIARIES**
**EMPLOYER IDENTIFICATION NUMBER 74-1673682**
**9/30/97 FORM 1120X EXPLANATION OF CHANGES**
**ATTACHMENT 1**

The bases for the changes requested in this claim for refund are set forth below. The term "Claimant" as used herein refers to Browning-Ferris Industries, Inc. and the members of its consolidated group as appropriate. Unless otherwise indicated, section ("§") references are to the Internal Revenue Code of 1986 ("IRC"), as amended, as in effect for the year in issue. Based on the changes set forth below, Claimant is entitled to a refund of $18,549,092 or such greater amount as is legally refundable. In addition, Claimant asserts that it is entitled to all correlative and computational adjustments and consequential changes to any items (including, but not limited to, its alternative minimum tax, environmental tax, net operating loss deductions and net operating loss carrybacks and carryovers, capital loss deductions and capital loss carrybacks and carryovers, and tax credits and tax credit carrybacks and carryovers) affecting this year. Claimant also requests a refund of all related interest, penalties, or additions to tax that have been overpaid. Claimant also requests statutory interest on any overpayment as provided by law (including, but not limited to, the benefit of offsetting, interest netting, and the net interest rate of zero on periods of overlapping underpayment and overpayments).

Claimant incurred an aggregate capital loss of $901,660,007 on the sale by certain members of Claimant's consolidated return group (hereinafter referred to as the "BFI Entities") of Class B Common Stock in six liability management companies, as shown on attached Exhibit 1, to unrelated investors during the taxable year ended July 30, 1999 (the "1999 tax year"). Claimant is entitled to offset this capital loss against capital gain net income of $80,923,602 in the 1999 tax year and, as a result, is entitled to an additional net operating loss carryback from the 1999 tax year to its taxable year ending September 30, 1997 (the "1997 tax year") in the

1.1

amount of $80,923,602 or such other proper amount as provided by law. This results in a reduction in Claimant's taxable income for the 1997 tax year in the amount of $80,923,602 or such other proper amount as provided by law.

On July 30, 1999, Allied Waste Industries, Inc. ("Allied") acquired substantially all of the outstanding stock of Claimant. Prior to the acquisition, Claimant utilized a large in-house staff to manage the liabilities arising from its operations. In contrast, Allied utilized a small in-house staff and outsourced most of its environmental management, risk management and other expertise.

In July 1999, shortly before the close of the acquisition, Claimant restructured the management of its contingent liabilities in a manner consistent with Allied's outsourcing approach and to provide a legal structure that would foster the effective management of the liabilities. As a replacement for Claimant's heavily staffed internal departments, Claimant established six separate liability management companies based on the specific expertise needed for the management of the liabilities and compliance with applicable regulatory laws, as shown on Exhibit 2. In order to consolidate the liabilities into the corresponding liability management companies, the BFI Entities contributed certain notes in an aggregate amount of $902,561,661 to the liability management companies in exchange for (i) Class B Common Stock, and (ii) the assumption by the liability management companies of contingent liabilities in the aggregate amount of $901,660,007. The above transactions were tax-free exchanges pursuant to § 351.

Each of the BFI Entities then sold their shares of Class B Common Stock to environmental and insurance consultants with considerable expertise in the liabilities managed by the respective liability management company (hereinafter referred to the "Consulting Investors"). See identities of Consulting Investors at Exhibit 2. The ownership of the stock

1.2

provides an equity incentive for the Consulting Investors to aggressively identify and take advantage of cost-saving opportunities in managing the liabilities.

The aggregate amount realized by the BFI Entities on the sale of the Class B Common Stock during the 1999 tax year was $901,654. The BFI Entities' tax basis in the Class B Common Stock was a substitute basis equal to the sum of the tax basis of the property which the BFI Entities contributed to the liability management companies and unreduced by the liability management companies' assumption of the liabilities in accordance with § 358. As shown on Exhibit 1, the BFI Entities' aggregate tax basis in the Class B Common Stock was $902,561,661. The liabilities do not reduce stock basis because they are excluded under § 357(c)(3) and, therefore, § 358(d)(2) applies. Alternatively, the liabilities are not taken into account under § 358(d) because such contingent liabilities are not "liabilities" for federal income tax purposes. Consequently, as shown on Exhibit 1, the BFI Entities' sales of the Class B Common Stock resulted in an aggregate capital loss of $901,660,007 in the 1999 tax year.

Claimant's deduction of the capital loss resulting from the sale of the Class B Common Stock during the 1999 tax year was disallowed by the Internal Revenue Service's (the "Service") examination team. The disallowance of the capital loss is reflected in Issue 71 of the Examination Report dated May 31, 2002 and revised September 3, 2002. The disallowance of the capital loss is incorrect and without merit. Claimant hereby incorporates by reference all documents, letters, schedules, explanations, protests, and other correspondence on this issue supplied to the Service.

As a result of the changes herein, Claimant's tax liability is reduced by $18,549,092 or such greater amount as is legally refundable.

1.3

Form **1120X** (Rev. December 2004) Department of the Treasury Internal Revenue Service

# Amended U.S. Corporation Income Tax Return

OMB No. 1545-0132

For tax year ending ▶ 9/30/98 (Enter month and year.)

Please Type or Print

Name: Browning-Ferris Industries, Inc. & Subsidiaries

Employer identification number: 74-1673682

Number, street, and room or suite no. (If a P.O. box, see instructions.): 15880 N Greenway-Hayden Loop, Suite 100

City or town, state, and ZIP code: Scottsdale, AZ 85260

Telephone number (optional): 480.627.2736

Enter name and address used on original return (If same as above, write "Same."): Browning-Ferris Industries, Inc. & Subsidiaries, 757 N. Eldridge, Houston, TX 77079

Internal Revenue Service Center where original return was filed ▶ Austin, TX

**Fill in applicable items and use Part II on the back to explain any changes**

| **Part I** Income and Deductions (see instructions) | | (a) As originally reported or as previously adjusted | (b) Net change—increase or (decrease)—explain in Part II | (c) Correct amount |
|---|---|---|---|---|
| 1 Total income (Form 1120 or 1120-A, line 11) | 1 | 4,409,436,882 | 0 | 4,409,436,882 |
| 2 Total deductions (total of lines 27 and 29c, Form 1120, or lines 23 and 25c, Form 1120-A) | 2 | 3,948,907,315 | 0 | 3,948,907,315 |
| 3 Taxable income. Subtract line 2 from line 1 | 3 | 460,529,567 | 0 | 460,529,567 |
| 4 Tax (Form 1120, line 31, or Form 1120-A, line 27) | 4 | 66,149,601 | (9,711,514) | 56,438,087 |
| **Payments and Credits** (see instructions) | | | | |
| 5a Overpayment in prior year allowed as a credit | 5a | 46,086,008 | 0 | 46,086,008 |
| b Estimated tax payments | 5b | 100,000,000 | 0 | 100,000,000 |
| c Refund applied for on Form 4466 | 5c | 54,584,807 | 0 | 54,584,807 |
| d Subtract line 5c from the sum of lines 5a and 5b | 5d | 91,501,201 | 0 | 91,501,201 |
| e Tax deposited with Form 7004 | 5e | 0 | 0 | 0 |
| f Credit from Form 2439 | 5f | 0 | 0 | 0 |
| g Credit for Federal tax on fuels | 5g | 0 | 0 | 0 |
| 6 Tax deposited or paid with (or after) the filing of the original return | 6 | | | 3,519,979 |
| 7 Add lines 5d through 6, column (c) | 7 | | | 95,021,180 |
| 8 Overpayment, if any, as shown on original return or as later adjusted | 8 | | | 28,871,579 |
| 9 Subtract line 8 from line 7 | 9 | | | 66,149,601 |
| **Tax Due or Overpayment** (see instructions) | | | | |
| 10 **Tax due.** Subtract line 9 from line 4, column (c). If paying by check, make it payable to the "United States Treasury" ▶ | 10 | | | 0 |
| 11 **Overpayment.** Subtract line 4, column (c), from line 9 ▶ | 11 | | | 9,711,514 |
| 12 Enter the amount of line 11 you want: **Credited to 20__ estimated tax** ▶ **Refunded** ▶ | 12 | | | 9,711,514 |

**Sign Here**

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

▶ [signature] Signature of officer | 5/20/05 Date | ▶ VP Title

**Paid Preparer's Use Only**

Preparer's signature ▶ | Date | Check if self-employed ☐ | Preparer's SSN or PTIN

Firm's name (or yours if self-employed), address, and ZIP code ▶ | EIN | Phone no.

**For Privacy Act and Paperwork Reduction Act Notice, see page 4.** Form **1120X** (Rev. 12-2004)

ISA STF FED4298F.1

GOVERNMENT EXHIBIT 6

PENGAD-Bayonne, N. J.

**Part II** **Explanation of Changes to Items in Part I** (Enter the line number from page 1 for the items you are changing, and give the reason for each change. Show any computation in detail. Also, see **What To Attach** on page 3 of the instructions.)

If the change is due to a net operating loss carryback, a capital loss carryback, or a general business credit carryback, see **Carryback Claims** on page 3, and check here . . . . ▶ ☐

Federal Income Tax (line 4) decreased due to a Prior Year Minimum Tax Credit attributable to the taxable year ended September 30, 1997. Please refer to Attachment 1 for an explanation of the change in taxable income and tax.

**BROWNING-FERRIS INDUSTRIES, INC. & SUBSIDIARIES**
**EMPLOYER IDENTIFICATION NUMBER 74-1673682**
**9/30/98 FORM 1120X EXPLANATION OF CHANGES**
**INDEX OF ATTACHMENTS**

1 Explanation of Changes

2 As Amended Schedules

3 IRS Audit Statement (Form 3610)

4 IRS Examination Report (Form 886A)

5 Copy of 7/30/99 Claim for Refund (Form 1120X)

**BROWNING-FERRIS INDUSTRIES, INC. & SUBSIDIARIES**
**EMPLOYER IDENTIFICATION NUMBER 74-1673682**
**9/30/98 FORM 1120X EXPLANATION OF CHANGES**
**ATTACHMENT 1**

The bases for the changes requested in this claim for refund are set forth below. The term "Claimant" as used herein refers to Browning-Ferris Industries, Inc. and the members of its consolidated group as appropriate. Unless otherwise indicated, section ("§") references are to the Internal Revenue Code of 1986 ("IRC"), as amended, as in effect for the year in issue. Based on the changes set forth below, Claimant is entitled to a refund of $9,711,514 or such greater amount as is legally refundable. In addition, Claimant asserts that it is entitled to all correlative and computational adjustments and consequential changes to any items (including, but not limited to, its alternative minimum tax, environmental tax, net operating loss deductions and net operating loss carrybacks and carryovers, capital loss deductions and capital loss carrybacks and carryovers, and tax credits and tax credit carrybacks and carryovers) affecting this year. Claimant also requests a refund of all related interest, penalties, or additions to tax that have been overpaid. Claimant also requests statutory interest on any overpayment as provided by law (including, but not limited to, the benefit of offsetting, interest netting, and the net interest rate of zero on periods of overlapping underpayment and overpayments).

Claimant incurred an aggregate capital loss of $901,660,007 on the sale by certain members of Claimant's consolidated return group (hereinafter referred to as the "BFI Entities") of Class B Common Stock in six liability management companies, as shown on attached Exhibit 1, to unrelated investors during the taxable year ended July 30, 1999 (the "1999 tax year"). Claimant is entitled to offset this capital loss against capital gain net income of $80,923,602 in the 1999 tax year and, as a result, is entitled to an additional net operating loss carryback from the 1999 tax year to its taxable year ending September 30, 1997 (the "1997 tax year") in the

1.1

amount of $80,923,602 or such other proper amount as provided by law. As a result thereof, Claimant is entitled to a credit in the taxable year ending September 30, 1998 (the "1998 tax year") for prior year minimum tax of $9,711,514 or such other proper amount as provided by law, consisting of prior year alternative minimum tax of $3,325,937 and prior year unallowed nonconventional source fuel credit of $6,385,577. This results in a reduction in Claimant's taxable income for the 1998 tax year in the amount of $9,711,514 or such other proper amount as provided by law.

On July 30, 1999, Allied Waste Industries, Inc. ("Allied") acquired substantially all of the outstanding stock of Claimant. Prior to the acquisition, Claimant utilized a large in-house staff to manage the liabilities arising from its operations. In contrast, Allied utilized a small in-house staff and outsourced most of its environmental management, risk management and other expertise.

In July 1999, shortly before the close of the acquisition, Claimant restructured the management of its contingent liabilities in a manner consistent with Allied's outsourcing approach and to provide a legal structure that would foster the effective management of the liabilities. As a replacement for Claimant's heavily staffed internal departments, Claimant established six separate liability management companies based on the specific expertise needed for the management of the liabilities and compliance with applicable regulatory laws, as shown on Exhibit 2. In order to consolidate the liabilities into the corresponding liability management companies, the BFI Entities contributed certain notes in an aggregate amount of $902,561,661 to the liability management companies in exchange for (i) Class B Common Stock, and (ii) the assumption by the liability management companies of contingent liabilities in the aggregate amount of $901,660,007. The above transactions were tax-free exchanges pursuant to § 351.

1.2

Each of the BFI Entities then sold their shares of Class B Common Stock to environmental and insurance consultants with considerable expertise in the liabilities managed by the respective liability management company (hereinafter referred to the "Consulting Investors"). See identities of Consulting Investors at Exhibit 2. The ownership of the stock provides an equity incentive for the Consulting Investors to aggressively identify and take advantage of cost-saving opportunities in managing the liabilities.

The aggregate amount realized by the BFI Entities on the sale of the Class B Common Stock during the 1999 tax year was $901,654. The BFI Entities' tax basis in the Class B Common Stock was a substitute basis equal to the sum of the tax basis of the property which the BFI Entities contributed to the liability management companies and unreduced by the liability management companies' assumption of the liabilities in accordance with § 358. As shown on Exhibit 1, the BFI Entities' aggregate tax basis in the Class B Common Stock was $902,561,661. The liabilities do not reduce stock basis because they are excluded under § 357(c)(3) and, therefore, § 358(d)(2) applies. Alternatively, the liabilities are not taken into account under § 358(d) because such contingent liabilities are not "liabilities" for federal income tax purposes. Consequently, as shown on Exhibit 1, the BFI Entities' sales of the Class B Common Stock resulted in an aggregate capital loss of $901,660,007 in the 1999 tax year.

Claimant's deduction of the capital loss resulting from the sale of the Class B Common Stock during the 1999 tax year was disallowed by the Internal Revenue Service's (the "Service") examination team. The disallowance of the capital loss is reflected in Issue 71 of the Examination Report dated May 31, 2002 and revised September 3, 2002. The disallowance of the capital loss is incorrect and without merit. Claimant hereby incorporates by reference all

1.3

documents, letters, schedules, explanations, protests, and other correspondence on this issue supplied to the Service.

As a result of the changes herein, Claimant's tax liability is reduced by $9,711,514 or such greater amount as is legally refundable.

1.4

Form **1120X** (Rev. December 2004) Department of the Treasury Internal Revenue Service

# Amended U.S. Corporation Income Tax Return

OMB No. 1545-0132

For tax year ending ▶ 7/30/99 (Enter month and year.)

Please Type or Print

Name: Browning-Ferris Industries, Inc. & Subsidiaries

Employer identification number: 74-1673682

Number, street, and room or suite no. (If a P.O. box, see instructions.): 15880 N Greenway-Hayden Loop, Suite 100

City or town, state, and ZIP code: Scottsdale, AZ 85260

Telephone number (optional): 480.627.2736

Enter name and address used on original return (If same as above, write "Same."): Browning-Ferris Industries, Inc. & Subsidiaries, 757 N. Eldridge, Houston, TX 77079

Internal Revenue Service Center where original return was filed ▶ Austin, TX

**Fill in applicable items and use Part II on the back to explain any changes**

**Part I Income and Deductions** (see instructions)

| | | (a) As originally reported or as previously adjusted | (b) Net change—increase or (decrease)—explain in Part II | (c) Correct amount |
|---|---|---|---|---|
| 1 Total income (Form 1120 or 1120-A, line 11) | 1 | 3,193,591,494 | (80,923,602) | 3,112,667,892 |
| 2 Total deductions (total of lines 27 and 29c, Form 1120, or lines 23 and 25c, Form 1120-A) | 2 | 3,271,762,828 | 0 | 3,271,762,828 |
| 3 Taxable income. Subtract line 2 from line 1 | 3 | (78,171,334) | (80,923,602) | (159,094,936) |
| 4 Tax (Form 1120, line 31, or Form 1120-A, line 27) | 4 | 0 | 0 | 0 |
| **Payments and Credits** (see instructions) | | | | |
| 5a Overpayment in prior year allowed as a credit | 5a | 0 | 0 | 0 |
| b Estimated tax payments | 5b | 90,500,000 | 0 | 90,500,000 |
| c Refund applied for on Form 4466 | 5c | 80,000,000 | 0 | 80,000,000 |
| d Subtract line 5c from the sum of lines 5a and 5b | 5d | 10,500,000 | 0 | 10,500,000 |
| e Tax deposited with Form 7004 | 5e | 0 | 0 | 0 |
| f Credit from Form 2439 | 5f | 0 | 0 | 0 |
| g Credit for Federal tax on fuels | 5g | 5,447 | 0 | 5,447 |
| 6 Tax deposited or paid with (or after) the filing of the original return | 6 | | | 0 |
| 7 Add lines 5d through 6, column (c) | 7 | | | 10,505,447 |
| 8 Overpayment, if any, as shown on original return or as later adjusted | 8 | | | 10,505,447 |
| 9 Subtract line 8 from line 7 | 9 | | | 0 |
| **Tax Due or Overpayment** (see instructions) | | | | |
| 10 Tax due. Subtract line 9 from line 4, column (c). If paying by check, make it payable to the "United States Treasury" ▶ | 10 | | | 0 |
| 11 Overpayment. Subtract line 4, column (c), from line 9 ▶ | 11 | | | 0 |
| 12 Enter the amount of line 11 you want: Credited to 20__ estimated tax ▶ Refunded ▶ | 12 | | | 0 |

**Sign Here**

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

▶ [signature] Signature of officer | 5/12/05 Date | ▶ VP Title

**Paid Preparer's Use Only**

Preparer's signature ▶ | Date | Check if self-employed ☐ | Preparer's SSN or PTIN

Firm's name (or yours if self-employed), address, and ZIP code ▶ | EIN | Phone no.

For Privacy Act and Paperwork Reduction Act Notice, see page 4. Form **1120X** (Rev. 12-2004)

ISA STF FED4296F.1

PENGAD-Bayonne, N. J. GOVERNMENT EXHIBIT 7

**Part II** **Explanation of Changes to Items in Part I** (Enter the line number from page 1 for the items you are changing, and give the reason for each change. Show any computation in detail. Also, see **What To Attach** on page 3 of the instructions.)

If the change is due to a net operating loss carryback, a capital loss carryback, or a general business credit carryback, see **Carryback Claims** on page 3, and check here ▶ ☐

Total Income (line 1) decreased due to the capital loss requested in this claim for refund applicable to the taxable year ended July 30, 1999. Please refer to Attachment 1 for an explanation of the change in Total Income.

Taxable Income (line 3) has decreased due to the capital loss requested in line 1 as explained above.



STF FED4298F.2

**BROWNING-FERRIS INDUSTRIES, INC. & SUBSIDIARIES**
**EMPLOYER IDENTIFICATION NUMBER 74-1673682**
**7/30/99 FORM 1120X EXPLANATION OF CHANGES**
**INDEX OF ATTACHMENTS**

1 Explanation of Changes

2 As Amended Schedules

3 IRS Audit Statement (Form 3610)

4 IRS Examination Report (Form 886A)

CHI:1527368.1

**BROWNING-FERRIS INDUSTRIES, INC. & SUBSIDIARIES**
**EMPLOYER IDENTIFICATION NUMBER 74-1673682**
**7/30/99 FORM 1120X EXPLANATION OF CHANGE**
**ATTACHMENT 1**

The bases for the changes requested in this claim for refund are set forth below. The term "Claimant" as used herein refers to Browning-Ferris Industries, Inc. and the members of its consolidated group as appropriate. Unless otherwise indicated, section ("§") references are to the Internal Revenue Code of 1986 ("IRC"), as amended, as in effect for the year in issue. Based on the changes set forth below, Claimant is entitled to a refund of $-0- or such greater amount as is legally refundable. In addition, Claimant asserts that it is entitled to all correlative and computational adjustments and consequential changes to any items (including, but not limited to, its alternative minimum tax, environmental tax, net operating loss deductions and net operating loss carrybacks and carryovers, capital loss deductions and capital loss carrybacks and carryovers, and tax credits and tax credit carrybacks and carryovers) affecting this year. Claimant also requests a refund of all related interest, penalties, or additions to tax that have been overpaid. Claimant also requests statutory interest on any overpayment as provided by law (including, but not limited to, the benefit of offsetting, interest netting, and the net interest rate of zero on periods of overlapping underpayment and overpayments).

Claimant incurred an aggregate capital loss of $901,660,007 on the sale by certain members of Claimant's consolidated return group (hereinafter referred to as the "BFI Entities") of Class B Common Stock in six liability management companies, as shown on attached Exhibit 1, to unrelated investors during the taxable year ended July 30, 1999 (the "1999 tax year"). As a result, Claimant is entitled to offset this capital loss against capital gain net income of $80,923,602 in the 1999 tax year. This results in a reduction in Claimant's taxable income for the 1999 tax year in the amount of $80,923,602 or such other proper amount as provided by law.

1.1

On July 30, 1999, Allied Waste Industries, Inc. ("Allied") acquired substantially all of the outstanding stock of Claimant. Prior to the acquisition, Claimant utilized a large in-house staff to manage the liabilities arising from its operations. In contrast, Allied utilized a small in-house staff and outsourced most of its environmental management, risk management and other expertise.

In July 1999, shortly before the close of the acquisition, Claimant restructured the management of its contingent liabilities in a manner consistent with Allied's outsourcing approach and to provide a legal structure that would foster the effective management of the liabilities. As a replacement for Claimant's heavily staffed internal departments, Claimant established six separate liability management companies based on the specific expertise needed for the management of the liabilities and compliance with applicable regulatory laws, as shown on Exhibit 2. In order to consolidate the liabilities into the corresponding liability management companies, the BFI Entities contributed certain notes in an aggregate amount of $902,561,661 to the liability management companies in exchange for (i) Class B Common Stock, and (ii) the assumption by the liability management companies of contingent liabilities in the aggregate amount of $901,660,007. The above transactions were tax-free exchanges pursuant to § 351.

Each of the BFI Entities then sold their shares of Class B Common Stock to environmental and insurance consultants with considerable expertise in the liabilities managed by the respective liability management company (hereinafter referred to the "Consulting Investors"). See identities of Consulting Investors at Exhibit 2. The ownership of the stock provides an equity incentive for the Consulting Investors to aggressively identify and take advantage of cost-saving opportunities in managing the liabilities.

1.2

The aggregate amount realized by the BFI Entities on the sale of the Class B Common Stock during the 1999 tax year was $901,654. The BFI Entities' tax basis in the Class B Common Stock was a substitute basis equal to the sum of the tax basis of the property which the BFI Entities contributed to the liability management companies and unreduced by the liability management companies' assumption of the liabilities in accordance with § 358. As shown on Exhibit 1, the BFI Entities' aggregate tax basis in the Class B Common Stock was $902,561,661. The liabilities do not reduce stock basis because they are excluded under § 357(c)(3) and, therefore, § 358(d)(2) applies. Alternatively, the liabilities are not taken into account under § 358(d) because such contingent liabilities are not "liabilities" for federal income tax purposes. Consequently, as shown on Exhibit 1, the BFI Entities' sales of the Class B Common Stock resulted in an aggregate capital loss of $901,660,007 in the 1999 tax year.

Claimant's deduction of the capital loss resulting from the sale of the Class B Common Stock during the 1999 tax year was disallowed by the Internal Revenue Service's (the "Service") examination team. The disallowance of the capital loss is reflected in Issue 71 of the Examination Report dated May 31, 2002 and revised September 3, 2002. The disallowance of the capital loss is incorrect and without merit. Claimant hereby incorporates by reference all documents, letters, schedules, explanations, protests, and other correspondence on this issue supplied to the Service.

As a result of the changes herein, Claimant's tax liability is reduced by $-0- or such greater amount as is legally refundable.

1.3

WINSTON & STRAWN LLP

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

BUCKLERSBURY HOUSE
3 QUEEN VICTORIA STREET
LONDON EC4N 8NH

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

(312) 558-5600

FACSIMILE (312) 558-5700

www.winston.com

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

21 AVENUE VICTOR HUGO
75116 PARIS, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5894

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

JAMES M. LYNCH
312-558-5935
JLYNCH@WINSTON.COM

May 5, 2005

**VIA FEDERAL EXPRESS**

Mr. Dominic Mastracchio
Appeals Team Case Leader
Internal Revenue Service - Appeals Office
8701 South Gessner, Suite 750
Stop 8000 HAL
Houston, TX 77074-2942

Re: **Browning-Ferris Industries, Inc. (EIN: 74-1673682) and Subsidiaries -- Claims for Refund and Request for Prompt Issuance of Notice of Claim Disallowance**

Dear Mr. Mastracchio:

Enclosed are the Amended U.S. Corporation Income Tax Returns of Browning-Ferris Industries, Inc. and Subsidiaries ("Claimant") for the tax years ending (i) September 30, 1997, (ii) September 30, 1998, and (iii) July 30, 1999. The sole issue involved in each amended return is the capital loss from the sale of stock in six liability management companies, which was disallowed after the examination of Claimant's 09/30/96 - 07/30/99 tax years pursuant to Issue 71 of the Examination Report dated May 31, 2002 and revised September 3, 2002.

Please be advised that pursuant to IRS Publication 556, *Examination of Returns, Appeal Rights, and Claims for Refund*, p.14 (Aug. 2004), and Internal Revenue News Release IR-1600 (Apr. 26, 1976), copies of which are attached, Claimant respectfully requests that the Internal Revenue Service (the "Service") immediately reject this claim for refund and promptly issue a notice of claim disallowance. IRS Publication 556 and Internal Revenue News Release IR-1600 provide that a taxpayer filing claims for refund based on contested tax issues considered in previously examined returns can request in writing that the claim be immediately rejected. IRS Publication 556 and Internal Revenue News Release IR-1600 also provide that following the taxpayer's written request for immediate rejection, the Service will promptly send the taxpayer a notice of claim of disallowance.

PENGAD-Bayonne, N.J. GOVERNMENT EXHIBIT 8

Enclosed is a copy of this letter. Please have the copy of this letter stamped received and returned to me in the enclosed, self-addressed envelope.

Respectfully submitted,

James M. Lynch

Attachments
Enclosures

cc: Dale L. Parker
Lawrence Focazio
Robert F. Denvir
Peter W. Poulos

[¶ 6609] Internal Revenue News Release IR-1600, April 26, 1976.

**[*Code Secs. 6402 and 7422*]**

**Refunds and credits: Suits by taxpayer: Special procedure.—Taxpayers filing claims for refund of contested income, estate or gift taxes may choose to move their cases to the courts faster by using a special procedure. If they do not wish to pursue an appeal within the IRS, they should request in writing that the claim be immediately rejected. A notice of claim disallowance will then be promptly sent to the taxpayer. This special procedure applies to Forms 1040X, 1120X or other claims for refund. Back references: ¶ 5408.01 and 5781.19.**

Taxpayers filing claims for refund based solely on contested income, estate or gift tax issues considered in previously examined returns, may choose to move their cases to the courts faster by using a special procedure, the Internal Revenue Service today said.

The special procedure applies to Forms 1040X, 1120X or other claims for refund.

A taxpayer, in such a case, who does not wish to pursue an appeal within the IRS should request in writing that the claim be immediately rejected. A notice of claim disallowance will then be promptly sent to the taxpayer. Upon receipt of the disallowance the taxpayer has two years to file a refund suit in the United States District Court having jurisdiction or the United States Court of Claims.

---

[¶ 6610] Commissioner's Delegation Order No. 41 (Rev. 6), filed with the Federal Register on March 30, 1976.

**[*Code Sec. 7803*]**

**Internal Revenue Service: Delegation of authority: Imprest funds.—Authority to determine the need for imprest funds to be used for making small cash purchases has been delegated. Back reference: ¶ 5975.01.**

Pursuant to authority vested in the Commissioner of Internal Revenue by Treasury Department Order No. 152 (Revised), dated October 15, 1959, there is hereby delegated to the officials named below the authority to determine the need for imprest funds to be used for making small cash purchases and the locations at which such imprest funds are required; to request the designation of officers and employees to serve as cashiers with authority to hold cash for the making of small cash purchases; to request the revocation of such designations; and to request the amount of advance to be carried by each such cashier:

Fiscal Management Officer

Assistant Fiscal Management Officer

Chief, Accounting Branch, Fiscal Management Division

Chief, Fiscal Section, Fiscal Management Division

Regional Commissioners

Assistant Regional Commissioners (Administration)

Chiefs, Fiscal Management Branches

Chiefs, Fiscal Sections, Fiscal Management Branches

The authority delegated herein may not be redelegated.

This Order supersedes Delegation Order No. 41 (Rev. 5), issued September 3, 1965.

Date of issue: January 20, 1976.

Effective: February 20, 1976.

DONALD C. ALEXANDER,
*Commissioner.*

---

[¶ 6611] Internal Revenue Service News Release IR-1601, April 28, 1976.

**[*Code Sec. 4942*]**

**Private foundations: Minimum investment return: Applicable percentage.—For taxable years beginning in 1976, the applicable percentage to be used by private foundations in determining their minimum investment returns has been increased from 6% to 6.75%. Back reference: ¶ 4997U.53.**

The percentage to be used by private foundations in determining minimum investment return for taxable years beginning in 1976 has been increased from 6 percent to 6.75 percent, the Internal Revenue Service today announced.

The minimum investment return is a factor in determining the amount of income


© 1976, Commerce Clearing House, Inc.

Form **1120X** (Rev December 2004) Department of the Treasury Internal Revenue Service

# Amended U.S. Corporation Income Tax Return

OMB No. 1545-0132

For tax year ending ▶ 9/30/97 (Enter month and year.)

Please Type or Print

Name: Browning-Ferris Industries, LLC for consolidated group f/k/a Browning-Ferris Industries, Inc. & Subsidiaries

Employer identification number: 74-1673682

Number, street, and room or suite no. (If a P.O. box, see instructions.): 15880 N Greenway-Hayden Loop, Suite 100

City or town, state, and ZIP code: Scottsdale, AZ 85260

Telephone number (optional): 480-627-2736

Enter name and address used on original return (If same as above, write "Same."): Browning-Ferris Industries, Inc. & Subsidiaries, 757 N Eldridge, Houston, TX 77079

Internal Revenue Service Center where original return was filed ▶ Austin, TX

**Fill in applicable items and use Part II on the back to explain any changes**

**Part I Income and Deductions** (see instructions)

| | | (a) As originally reported or as previously adjusted | (b) Net change—increase or (decrease)—explain in Part II | (c) Correct amount |
|---|---|---|---|---|
| 1 Total income (Form 1120 or 1120-A, line 11) | 1 | 4,389,800,149 | 0 | 4,389,800,149 |
| 2 Total deductions (total of lines 27 and 29c, Form 1120, or lines 23 and 25c, Form 1120-A) | 2 | 4,234,964,403 | 80,923,602 | 4,315,888,005 |
| 3 Taxable income. Subtract line 2 from line 1 | 3 | 154,835,746 | (80,923,602) | 73,912,144 |
| 4 Tax (Form 1120, line 31, or Form 1120-A, line 27) | 4 | 42,784,657 | (18,549,092) | 24,235,565 |

**Payments and Credits** (see instructions)

| | | (a) | (b) | (c) |
|---|---|---|---|---|
| 5a Overpayment in prior year allowed as a credit | 5a | 0 | 0 | 0 |
| b Estimated tax payments | 5b | 102,500,670 | 0 | 102,500,670 |
| c Refund applied for on Form 4466 | 5c | 32,709,291 | 0 | 32,709,291 |
| d Subtract line 5c from the sum of lines 5a and 5b | 5d | 69,791,379 | 0 | 69,791,379 |
| e Tax deposited with Form 7004 | 5e | | 0 | |
| f Credit from Form 2439 | 5f | | 0 | |
| g Credit for Federal tax on fuels | 5g | | 0 | |

| | | |
|---|---|---|
| 6 Tax deposited or paid with (or after) the filing of the original return | 6 | 19,079,286 |
| 7 Add lines 5d through 6, column (c) | 7 | 88,870,665 |
| 8 Overpayment, if any, as shown on original return or as later adjusted | 8 | 46,086,008 |
| 9 Subtract line 8 from line 7 | 9 | 42,784,657 |

**Tax Due or Overpayment** (see instructions)

| | | |
|---|---|---|
| 10 **Tax due.** Subtract line 9 from line 4, column (c). If paying by check, make it payable to the **"United States Treasury"** ▶ | 10 | 0 |
| 11 **Overpayment.** Subtract line 4, column (c), from line 9 ▶ | 11 | 18,549,092 |
| 12 Enter the amount of line 11 you want: **Credited to 20__ estimated tax** ▶ **Refunded** ▶ | 12 | 18,549,092 |

**Sign Here**

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

▶ [signature] Signature of officer — Date: 6/22/06 — ▶ Vice President - Tax Title

**Paid Preparer's Use Only**

Preparer's signature ▶ — Date — Check if self-employed ☐ — Preparer's SSN or PTIN

Firm's name (or yours if self-employed), address, and ZIP code ▶ — EIN — Phone no.

**For Privacy Act and Paperwork Reduction Act Notice, see page 4.** Form **1120X** (Rev 12-2004)

ISA
STF FED4298F 1

PROTECTIVE REFUND CLAIM

Form **1120X** (Rev December 2004) Department of the Treasury Internal Revenue Service

# Amended U.S. Corporation Income Tax Return

OMB No. 1545-0132

For tax year ending 9/30/97 (Enter month and year.)

Please Type or Print

Name: Browning-Ferris Industries, LLC for consolidated group f/k/a Browning-Ferris Industries, Inc. & Subsidiaries

Employer identification number: 74-1673682

Number, street, and room or suite no. (If a P.O. box, see instructions.): 15880 N Greenway-Hayden Loop, Suite 100

City or town, state, and ZIP code: Scottsdale, AZ 85260

Telephone number (optional): 480-627-2736

Enter name and address used on original return (If same as above write "Same"): Browning-Ferris Industries, Inc. & Subsidiaries, 757 N Eldridge, Houston, TX 77079

Internal Revenue Service Center where original return was filed ▶ Austin, TX

**Fill in applicable items and use Part II on the back to explain any changes**

| **Part I** Income and Deductions (see instructions) | | (a) As originally reported or as previously adjusted | (b) Net change—increase or (decrease)—explain in Part II | (c) Correct amount |
|---|---|---|---|---|
| 1 Total income (Form 1120 or 1120-A, line 11) | 1 | 4,389,800,149 | 0 | 4,389,800,149 |
| 2 Total deductions (total of lines 27 and 29c, Form 1120, or lines 23 and 25c, Form 1120-A) | 2 | 4,234,964,403 | 80,923,602 | 4,315,888,005 |
| 3 Taxable income. Subtract line 2 from line 1 | 3 | 154,835,746 | (80,923,602) | 73,912,144 |
| 4 Tax (Form 1120, line 31, or Form 1120-A, line 27) | 4 | 42,784,657 | (18,549,092) | 24,235,565 |
| **Payments and Credits** (see instructions) | | | | |
| 5a Overpayment in prior year allowed as a credit | 5a | 0 | 0 | 0 |
| b Estimated tax payments | 5b | 102,500,670 | 0 | 102,500,670 |
| c Refund applied for on Form 4466 | 5c | 32,709,291 | 0 | 32,709,291 |
| d Subtract line 5c from the sum of lines 5a and 5b | 5d | 69,791,379 | 0 | 69,791,379 |
| e Tax deposited with Form 7004 | 5e | | 0 | |
| f Credit from Form 2439 | 5f | | 0 | |
| g Credit for Federal tax on fuels | 5g | | 0 | |
| 6 Tax deposited or paid with (or after) the filing of the original return | 6 | | | 19,079,286 |
| 7 Add lines 5d through 6, column (c) | 7 | | | 88,870,665 |
| 8 Overpayment, if any, as shown on original return or as later adjusted | 8 | | | 46,086,008 |
| 9 Subtract line 8 from line 7 | 9 | | | 42,784,657 |
| **Tax Due or Overpayment** (see instructions) | | | | |
| 10 Tax due. Subtract line 9 from line 4, column (c). If paying by check, make it payable to the "United States Treasury" ▶ | 10 | | | 0 |
| 11 Overpayment. Subtract line 4, column (c), from line 9 ▶ | 11 | | | 18,549,092 |
| 12 Enter the amount of line 11 you want: Credited to 20__ estimated tax ▶ Refunded ▶ | 12 | | | 18,549,092 |

**Sign Here** Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge

▶ [signature] Signature of officer | 6/22/06 Date | ▶ Vice President - Tax Title

**Paid Preparer's Use Only** Preparer's signature ▶ | Date | Check if self-employed ☐ | Preparer's SSN or PTIN

Firm's name (or yours if self-employed), address, and ZIP code ▶ | EIN | Phone no.

For Privacy Act and Paperwork Reduction Act Notice, see page 4. Form **1120X** (Rev 12-2004)

ISA STF FED4298F 1

Form 1120X (Rev. 12-2004) Page 2

**Part II** **Explanation of Changes to Items in Part I** (Enter the line number from page 1 for the items you are changing, and give the reason for each change. Show any computation in detail. Also, see What To Attach on page 3 of the instructions.)

If the change is due to a net operating loss carryback, a capital loss carryback, or a general business credit carryback, see Carryback Claims on page 3, and check here ▶ ☑

Total Deductions (line 2) increased due to an additional net operating loss carryback from the taxable year ended July 30, 1999. Please refer to Attachment I for an explanation of the change in Total Deductions.

Taxable Income (line 3) has decreased due to the additional net operating loss carryback included in line 2 as explained above.

Federal Income Tax (line 4) has decreased due to the additional net operating loss carryback as explained above.

Form 1120X (Rev. 12-2004)



GOVERNMENT EXHIBIT 9

PENGAD-Bayonne, N. J.

## PROTECTIVE REFUND CLAIM

**BROWNING-FERRIS INDUSTRIES, LLC**
**FOR CONSOLIDATED GROUP F/K/A**
**BROWNING-FERRIS INDUSTRIES, INC. & SUBSIDIARIES**

**EMPLOYER IDENTIFICATION NUMBER 74-1673682**
**9/30/97 FORM 1120X EXPLANATION OF CHANGES**

### INDEX OF ATTACHMENTS

1. Explanation of Changes
2. As Amended Schedules
3. IRS Audit Statement (Form 3610)
4. IRS Examination Report (Form 886A)
5. Copy of 7/30/99 Claim for Refund (Form 1120X)
6. Copy of Rev. Proc. 2002-43 Designation



## PROTECTIVE REFUND CLAIM

**BROWNING-FERRIS INDUSTRIES, LLC**
**FOR CONSOLIDATED GROUP F/K/A**
**BROWNING-FERRIS INDUSTRIES, INC. & SUBSIDIARIES**

**EMPLOYER IDENTIFICATION NUMBER 74-1673682**
**9/30/97 FORM 1120X EXPLANATION OF CHANGES**

### ATTACHMENT 1

The bases for the changes requested in this claim for refund are set forth below. The term "Claimant" as used herein refers to Browning-Ferris Industries, LLC and the members of its consolidated group as appropriate. Unless otherwise indicated, section ("§") references are to the Internal Revenue Code of 1986 ("IRC"), as amended, as in effect for the year in issue. Based on the changes set forth below, Claimant is entitled to a refund of $18,549,092 or such greater amount as is legally refundable. In addition, Claimant asserts that it is entitled to all correlative and computational adjustments and consequential changes to any items (including, but not limited to, its alternative minimum tax, environmental tax, net operating loss deductions and net operating loss carrybacks and carryovers, capital loss deductions and capital loss carrybacks and carryovers, and tax credits and tax credit carrybacks and carryovers) affecting this year. Claimant also requests a refund of all related interest, penalties, or additions to tax that have been overpaid. Claimant also requests statutory interest on any overpayment as provided by law (including, but not limited to, the benefit of offsetting, interest netting, and the net interest rate of zero on periods of overlapping underpayment and overpayment).

Pursuant to Treas. Reg. § 1.1502-77A(d), effective for the taxable year ended September 30, 1997 (the "1997 tax year"), and the Designation filed at Ogden, Utah on or about August 24, 2006, in accordance with Rev. Proc. 2002-43, BFI Waste Systems of North America,

Inc. ("BFI Waste") is the duly authorized agent of the consolidated group (the "BFI Group") of which Browning-Ferris Industries, Inc. ("BFI Inc.") was the common parent prior to its termination on December 30, 2004. BFI Waste filed refund claims for the 1997 tax year on behalf of the BFI Group at Austin, Texas on or about August 24, 2006. The protective refund claim filed herein by Claimant for the 1997 tax year is intended to be effective only in the event that Claimant, and not BFI Waste, is determined to be the proper agent for the BFI Group.

Prior to the Designation pursuant to Rev. Proc. 2002-43, the BFI Group incurred an aggregate capital loss of $901,660,007 on the sale by certain of its members (hereinafter referred to as the "BFI Sellers") of Class B Common Stock in six liability management companies, as shown on attached Exhibit 1, to unrelated investors during the taxable year ended July 30, 1999 (the "1999 tax year"). Claimant is entitled to offset this capital loss against capital gain net income of $80,923,602 in the 1999 tax year and, as a result, is entitled to an additional net operating loss carryback from the 1999 tax year to the 1997 tax year in the amount of $80,923,602 or such other proper amount as provided by law. This results in a reduction in Claimant's taxable income for the 1997 tax year in the amount of $80,923,602 or such other proper amount as provided by law.

In July 30, 1999, Allied Waste Industries, Inc. ("Allied") acquired substantially all of the outstanding stock of BFI Inc. Prior to the acquisition, BFI Inc. utilized a large in-house staff to manage the liabilities arising from its operations. In contrast, Allied utilized a small in-house staff and outsourced most of its environmental management, risk management and other expertise.

In July 1999, shortly before the close of the acquisition, BFI Inc. restructured the management of its contingent liabilities in a manner consistent with Allied's outsourcing



approach and to provide a legal structure that would foster the effective management of the liabilities. As a replacement for BFI Inc.'s heavily staffed internal departments, BFI Inc. established six separate liability management companies based on the specific expertise needed for the management of the liabilities and compliance with applicable regulatory laws, as shown on Exhibit 2. In order to consolidate the liabilities into the corresponding liability management companies, the BFI Sellers contributed certain notes in an aggregated amount of $902,561,661 to the liability management companies in exchange for (i) Class B Common Stock, and (ii) the assumption by the liability management companies of contingent liabilities in the aggregate amount of $901,660,007. The above transactions were tax-free exchanges pursuant to § 351.

Each of the BFI Sellers then sold their shares of Class B Common Stock to environmental and insurance consultants with considerable expertise in the liabilities managed by the respective liability management company (hereinafter referred to the "Consulting Investors"). <u>See</u> identities of Consulting Investors at Exhibit 2. The ownership of the stock provides an equity incentive for the Consulting Investors to aggressively identify and take advantage of cost-saving opportunities in managing the liabilities.

The aggregate amount realized by the BFI Sellers on the sale of the Class B Common Stock during the 1999 tax year was $901,654. The BFI Sellers' tax basis in the Class B Common Stock was a substitute basis equal to the sum of the tax basis of the property which the BFI Entities contributed to the liability management companies and unreduced by the liability management companies' assumption of the liabilities in accordance with § 358. As shown on Exhibit 1, the BFI Sellers' aggregate tax basis in the Class B Common Stock was $902,561,661. The liabilities do not reduce stock basis because they are excluded under § 357(c)(3) and, therefore, § 358(d)(2) applies. Alternatively, the liabilities are not taken into

account under § 358(d) because such contingent liabilities are not "liabilities" for federal income tax purposes. Consequently, as shown on Exhibit 1, the BFI Sellers' sales of the Class B Common Stock resulted in an aggregate capital loss of $901,660,007 in the 1999 tax year.

Claimant's deduction of the capital loss resulting from the sale of the Class B Common Stock during the 1999 tax year by the BFI Group was disallowed by the Internal Revenue Service's (the "Service") examination team. The disallowance of the capital loss is reflected in Issue 71 of the Examination Report dated May 31, 2002 and revised September 3, 2002. The disallowance of the capital loss is incorrect and without merit. Claimant hereby incorporates by reference all documents, letters, schedules, explanation, protests, and other correspondence on this issue supplied to the Service.

As a result of the changes herein, Claimant's tax liability is reduced by $18,549,092 or such greater amount as is legally refundable.

**BROWNING-FERRIS INDUSTRIES, LLC for CONSOLIDATED GROUP f/k/a BROWNING-FERRIS INDUSTRIES, INC. & SUBSIDIARIES**
**EMPLOYER IDENTIFICATION NUMBER 74-1673682**
**FORM 1120X EXPLANATION OF CHANGES**
**ATTACHMENT 1**
**EXHIBIT 1**

| Shares Sold of: | Seller | Seller's FEIN | Sales Price | Basis | Gain (Loss) |
|---|---|---|---|---|---|
| Browning-Ferris Industries Europe, Inc. | Browning-Ferris Industries, Inc. | 74-1673682 | 155,840 | 155,995,840 | (155,840,000) |
| Entity Total | | | 155,840 | 155,995,840 | (155,840,000) |
| BFI Trans River (LP), Inc. | Browning-Ferris Industries, Inc. | 74-1673682 | 121 | 120,120 | (119,999) |
| BFI Trans River (LP), Inc. | Attwoods of North America, Inc. | 98-0068273 | 2,022 | 2,022,020 | (2,019,998) |
| BFI Trans River (LP), Inc. | BFI Waste Systems of New Jersey, Inc. | 22-1755133 | 9,842 | 9,849,840 | (9,839,998) |
| BFI Trans River (LP), Inc. | BFI Waste Systems of North America, Inc. | 41-1696636 | 72,871 | 72,952,880 | (72,880,009) |
| BFI Trans River (LP), Inc. | Browning-Ferris Industries Chem. Services | 74-1362353 | 6,552 | 6,556,550 | (6,549,998) |
| BFI Trans River (LP), Inc. | Browning-Ferris Industries of California, Inc. | 95-2772010 | 4,949 | 4,954,950 | (4,950,001) |
| BFI Trans River (LP), Inc. | Browning-Ferris Industries of Ohio, Inc. | 74-6186941 | 941 | 940,940 | (939,999) |
| BFI Trans River (LP), Inc. | Browning-Ferris Industries, Inc. (Mass) | 04-1254350 | 2,563 | 2,562,560 | (2,559,997) |
| BFI Trans River (LP), Inc. | CECOS International, Inc. (New York) | 16-1069544 | 1,417 | 1,421,420 | (1,420,003) |
| BFI Trans River (LP), Inc. | Woodlake Sanitary Service, Inc. | 41-0673360 | 28 | 30,030 | (30,002) |
| Entity Total | | | 101,306 | 101,411,310 | (101,310,004) |
| BFI Energy Systems of Plymouth, Inc. | BFI Waste Systems of North America, Inc. | 41-1696636 | 278,417 | 278,698,420 | (278,420,003) |
| BFI Energy Systems of Plymouth, Inc. | Browning-Ferris Industries of California, Inc. | 95-2772010 | 16,125 | 16,126,110 | (16,109,985) |
| BFI Energy Systems of Plymouth, Inc. | Browning-Ferris Industries of Ohio, Inc. | 74-6186941 | 49,040 | 49,099,050 | (49,050,010) |
| BFI Energy Systems of Plymouth, Inc. | Browning-Ferris Industries, Inc. (Mass) | 04-1254350 | 4,164 | 4,164,160 | (4,159,996) |
| BFI Energy Systems of Plymouth, Inc. | International Disposal Corp. of California | 94-2229885 | 6,063 | 6,066,060 | (6,059,997) |
| BFI Energy Systems of Plymouth, Inc. | New Morgan Landfill Company, Inc. | 23-2645522 | 15,991 | 16,016,000 | (16,000,009) |
| Entity Total | | | 369,800 | 370,169,800 | (369,800,000) |
| Browning-Ferris Industries Asia Pacific, Inc. | CECOS International, Inc. (New York) | 16-1069544 | 69,810 | 69,879,810 | (69,810,000) |
| Entity Total | | | 69,810 | 69,879,810 | (69,810,000) |
| BFI Services Group, Inc. | BFI Waste Systems of New Jersey, Inc. | 22-1755133 | 7,438 | 7,437,430 | (7,429,992) |
| BFI Services Group, Inc. | BFI Waste Systems of North America, Inc. | 41-1696636 | 138,661 | 138,808,670 | (138,670,009) |
| BFI Services Group, Inc. | Browning-Ferris Industries Chem. Services | 74-1362353 | 314 | 310,310 | (309,996) |
| BFI Services Group, Inc. | Browning-Ferris Industries of California, Inc. | 95-2772010 | 7,072 | 7,077,070 | (7,069,998) |
| BFI Services Group, Inc. | Browning-Ferris Industries of Ohio, Inc. | 74-6186941 | 21,084 | 21,111,090 | (21,090,006) |
| BFI Services Group, Inc. | Browning-Ferris, Inc. (MD) | 74-1990098 | 6,181 | 6,176,170 | (6,169,989) |
| BFI Services Group, Inc. | Browning-Ferris Industries, Inc. (Mass) | 04-1254350 | 11,210 | 11,221,210 | (11,210,000) |
| BFI Services Group, Inc. | Woodlake Sanitary Service, Inc. | 41-0673360 | 1,860 | 1,871,870 | (1,870,010) |
| Entity Total | | | 193,820 | 194,013,820 | (193,820,000) |
| BFI Energy Systems of Boston, Inc. | BFI Waste Systems of North America, Inc. | 41-1696636 | 830 | 830,830 | (830,000) |
| BFI Energy Systems of Boston, Inc. | Browning-Ferris Industries Chem. Services | 74-1362353 | 5,670 | 5,675,670 | (5,670,000) |
| BFI Energy Systems of Boston, Inc. | Browning-Ferris Industries of Ohio, Inc. | 74-6186941 | 4,580 | 4,584,580 | (4,580,000) |
| Entity Total | | | 11,080 | 11,091,090 | (11,080,000) |
| Combined Entities Total | | | 901,656 | 902,561,660 | (901,660,004) |

PROTECTIVE REFUND CLAIM

Form **1120X** (Rev. December 2004)
Department of the Treasury Internal Revenue Service

# Amended U.S. Corporation Income Tax Return

OMB No. 1545-0132

For tax year ending ▶ 9/30/98 (Enter month and year.)

Please Type or Print

Name: Browning-Ferris Industries, LLC for consolidated group f/k/a Browning-Ferris Industries, Inc. & Subsidiaries

Employer identification number: 74-1673682

Number, street, and room or suite no. (If a P.O. box, see instructions.): 15880 N Greenway-Hayden Loop, Suite 100

City or town, state, and ZIP code: Scottsdale, AZ 85260

Telephone number (optional): 480-627-2736

Enter name and address used on original return (If same as above, write "Same.")

Browning-Ferris Industries, Inc. & Subsidiaries, 757 N Eldridge, Houston, TX 77079

Internal Revenue Service Center where original return was filed ▶ Austin, TX

## Fill in applicable items and use Part II on the back to explain any changes

| Part I Income and Deductions (see instructions) | | (a) As originally reported or as previously adjusted | (b) Net change—increase or (decrease)—explain in Part II | (c) Correct amount |
|---|---|---|---|---|
| 1 Total income (Form 1120 or 1120-A, line 11) | 1 | 4,409,436,882 | 0 | 4,409,436,882 |
| 2 Total deductions (total of lines 27 and 29c, Form 1120, or lines 23 and 25c, Form 1120-A) | 2 | 3,948,907,315 | 0 | 3,948,907,315 |
| 3 Taxable income. Subtract line 2 from line 1 | 3 | 460,529,567 | 0 | 460,529,567 |
| 4 Tax (Form 1120, line 31, or Form 1120-A, line 27) | 4 | 66,149,601 | (9,711,514) | 56,438,087 |
| **Payments and Credits** (see instructions) | | | | |
| 5a Overpayment in prior year allowed as a credit | 5a | 46,086,008 | 0 | 46,086,008 |
| b Estimated tax payments | 5b | 100,000,000 | 0 | 100,000,000 |
| c Refund applied for on Form 4466 | 5c | 54,584,807 | 0 | 54,584,807 |
| d Subtract line 5c from the sum of lines 5a and 5b | 5d | 91,501,201 | 0 | 91,501,201 |
| e Tax deposited with Form 7004 | 5e | | 0 | |
| f Credit from Form 2439 | 5f | | 0 | |
| g Credit for Federal tax on fuels | 5g | | 0 | |

| | | |
|---|---|---|
| 6 Tax deposited or paid with (or after) the filing of the original return | 6 | 3,519,979 |
| 7 Add lines 5d through 6, column (c) | 7 | 95,021,180 |
| 8 Overpayment, if any, as shown on original return or as later adjusted | 8 | 28,871,579 |
| 9 Subtract line 8 from line 7 | 9 | 66,149,601 |
| **Tax Due or Overpayment** (see instructions) | | |
| 10 **Tax due.** Subtract line 9 from line 4, column (c). If paying by check, make it payable to the "**United States Treasury**" ▶ | 10 | 0 |
| 11 **Overpayment.** Subtract line 4, column (c), from line 9 ▶ | 11 | 9,711,514 |
| 12 Enter the amount of line 11 you want: **Credited to 20__ estimated tax** ▶ **Refunded** ▶ | 12 | 9,711,514 |

**Sign Here**

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

▶ [signature] Signature of officer — Date: 8/22/06 — ▶ Vice President - Tax Title

**Paid Preparer's Use Only**

Preparer's signature ▶ — Date — Check if self-employed ☐ — Preparer's SSN or PTIN

Firm's name (or yours if self-employed), address, and ZIP code ▶ — EIN — Phone no.

**For Privacy Act and Paperwork Reduction Act Notice, see page 4.** Form **1120X** (Rev. 12-2004)

ISA STF FED4298F 1

PROTECTIVE REFUND CLAIM

Form **1120X** (Rev. December 2004) Department of the Treasury Internal Revenue Service

# Amended U.S. Corporation Income Tax Return

OMB No. 1545-0132

For tax year ending 9/30/98 (Enter month and year.)

Please Type or Print

Name: Browning-Ferris Industries, LLC for consolidated group f/k/a Browning-Ferris Industries, Inc. & Subsidiaries

Employer identification number: 74-1673682

Number, street, and room or suite no. (If a P.O. box, see instructions.): 15880 N Greenway-Hayden Loop, Suite 100

City or town, state, and ZIP code: Scottsdale, AZ 85260

Telephone number (optional): 480-627-2736

Enter name and address used on original return (If same as above, write "Same"): Browning-Ferris Industries, Inc. & Subsidiaries, 757 N Eldridge, Houston, TX 77079

Internal Revenue Service Center where original return was filed: Austin, TX

## Fill in applicable items and use Part II on the back to explain any changes

**Part I** **Income and Deductions** (see instructions)

| | | (a) As originally reported or as previously adjusted | (b) Net change—increase or (decrease)—explain in Part II | (c) Correct amount |
|---|---|---|---|---|
| 1 Total income (Form 1120 or 1120-A, line 11) | 1 | 4,409,436,882 | 0 | 4,409,436,882 |
| 2 Total deductions (total of lines 27 and 29c, Form 1120, or lines 23 and 25c, Form 1120-A) | 2 | 3,948,907,315 | 0 | 3,948,907,315 |
| 3 Taxable income. Subtract line 2 from line 1 | 3 | 460,529,567 | 0 | 460,529,567 |
| 4 Tax (Form 1120, line 31, or Form 1120-A, line 27) | 4 | 66,149,601 | (9,711,514) | 56,438,087 |

**Payments and Credits** (see instructions)

| | | (a) | (b) | (c) |
|---|---|---|---|---|
| 5a Overpayment in prior year allowed as a credit | 5a | 46,086,008 | 0 | 46,086,008 |
| b Estimated tax payments | 5b | 100,000,000 | 0 | 100,000,000 |
| c Refund applied for on Form 4466 | 5c | 54,584,807 | 0 | 54,584,807 |
| d Subtract line 5c from the sum of lines 5a and 5b | 5d | 91,501,201 | 0 | 91,501,201 |
| e Tax deposited with Form 7004 | 5e | | 0 | |
| f Credit from Form 2439 | 5f | | 0 | |
| g Credit for Federal tax on fuels | 5g | | 0 | |
| 6 Tax deposited or paid with (or after) the filing of the original return | 6 | | | 3,519,979 |
| 7 Add lines 5d through 6, column (c) | 7 | | | 95,021,180 |
| 8 Overpayment, if any, as shown on original return or as later adjusted | 8 | | | 28,871,579 |
| 9 Subtract line 8 from line 7 | 9 | | | 66,149,601 |

**Tax Due or Overpayment** (see instructions)

| | | |
|---|---|---|
| 10 **Tax due.** Subtract line 9 from line 4, column (c). If paying by check, make it payable to the "**United States Treasury**" | 10 | 0 |
| 11 **Overpayment.** Subtract line 4, column (c), from line 9 | 11 | 9,711,514 |
| 12 Enter the amount of line 11 you want: **Credited to 20__ estimated tax** ▶ **Refunded** ▶ | 12 | 9,711,514 |

**Sign Here** Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

[signature] Signature of officer — Date: 11/22/06 — Title: Vice President - Tax

**Paid Preparer's Use Only** Preparer's signature | Date | Check if self-employed ☐ | Preparer's SSN or PTIN
Firm's name (or yours if self-employed), address, and ZIP code | EIN | Phone no.

For Privacy Act and Paperwork Reduction Act Notice, see page 4. Form **1120X** (Rev. 12-2004)

ISA STF FED4288F 1

93

Form 1120X (Rev. 12-2004) Page 2

**Part II** **Explanation of Changes to Items in Part I** (Enter the line number from page 1 for the items you are changing, and give the reason for each change. Show any computation in detail. Also, see What To Attach on page 3 of the instructions.)

If the change is due to a net operating loss carryback, a capital loss carryback, or a general business credit carryback, see Carryback Claims on page 3, and check here ▶ ☐

Federal Income Tax (line 4) decreased due to a Prior Year Minimum Tax Credit attributable to the taxable year ended September 30, 1997. Please refer to Attachment 1 for an explanation of the change in taxable income and tax.

STF FED4288F.2 Form **1120X** (Rev. 12-2004)

PENGAD-Bayonne, N. J. GOVERNMENT EXHIBIT 10

**PROTECTIVE REFUND CLAIM**

**BROWNING-FERRIS INDUSTRIES, LLC**
**FOR CONSOLIDATED GROUP F/K/A**
**BROWNING-FERRIS INDUSTRIES, INC. & SUBSIDIARIES**

**EMPLOYER IDENTIFICATION NUMBER 74-1673682**
**9/30/98 FORM 1120X EXPLANATION OF CHANGES**

**INDEX OF ATTACHMENTS**

1. Explanation of Changes
2. As Amended Schedules
3. IRS Audit Statement (Form 3610)
4. IRS Examination Report (Form 886A)
5. Copy of 7/30/99 Claim for Refund (Form 1120X)
6. Copy of Rev. Proc. 2002-43 Designation



**PROTECTIVE REFUND CLAIM**

**BROWNING-FERRIS INDUSTRIES, LLC**
**FOR CONSOLIDATED GROUP F/K/A**
**BROWNING-FERRIS INDUSTRIES, INC. & SUBSIDIARIES**

**EMPLOYER IDENTIFICATION NUMBER 74-1673682**
**9/30/98 FORM 1120X EXPLANATION OF CHANGES**

**ATTACHMENT 1**

The bases for the changes requested in this claim for refund are set forth below. The term "Claimant" as used herein refers to Browning-Ferris Industries, LLC and the members of its consolidated group as appropriate. Unless otherwise indicated, section ("§") references are to the Internal Revenue Code of 1986 ("IRC"), as amended, as in effect for the year in issue. Based on the changes set forth below, Claimant is entitled to a refund of $9,711,514 or such greater amount as is legally refundable. In addition, Claimant asserts that it is entitled to all correlative and computational adjustments and consequential changes to any items (including, but not limited to, its alternative minimum tax, environmental tax, net operating loss deductions and net operating loss carrybacks and carryovers, capital loss deductions and capital loss carrybacks and carryovers, and tax credits and tax credit carrybacks and carryovers) affecting this year. Claimant also requests a refund of all related interest, penalties, or additions to tax that have been overpaid. Claimant also requests statutory interest on any overpayment as provided by law (including, but not limited to, the benefit of offsetting, interest netting, and the net interest rate of zero on periods of overlapping underpayment and overpayment).

Pursuant to Treas. Reg. § 1.1502-77A(d), effective for the taxable year ended September 30, 1998 (the "1998 tax year"), and the Designation filed at Ogden, Utah on or about August 24, 2006, in accordance with Rev. Proc. 2002-43, BFI Waste Systems of North America,

Inc. ("BFI Waste") is the duly authorized agent of the consolidated group (the "BFI Group") of which Browning-Ferris Industries, Inc. ("BFI Inc.") was the common parent prior to its termination on December 30, 2004. BFI Waste filed refund claims for the 1998 tax year on behalf of the BFI Group at Austin, Texas on or about August 24, 2006. The protective refund claim filed herein by Claimant for the 1998 tax year is intended to be effective only in the event that Claimant, and not BFI Waste, is determined to be the proper agent for the BFI Group.

Prior to the Designation pursuant to Rev. Proc. 2002-43, the BFI Group incurred an aggregate capital loss of $901,660,007 on the sale by certain of its members (hereinafter referred to as the "BFI Sellers") of Class B Common Stock in six liability management companies, as shown on attached Exhibit 1, to unrelated investors during the taxable year ended July 30, 1999 (the "1999 tax year"). Claimant is entitled to offset this capital loss against capital gain net income of $80,923,602 in the 1999 tax year and, as a result, is entitled to an additional net operating loss carryback from the 1999 tax year to its taxable year ending September 30, 1997 (the "1997 tax year") in the amount of $80,923,602 or such other proper amount as provided by law. As a result thereof, Claimant is entitled to a credit in the 1998 tax year for prior year minimum tax of $9,711,514 or such other proper amount as provided by law, consisting of prior year alternative minimum tax of $3,325,937 and prior year unallowed nonconventional source fuel credit of $6,385,577. This results in a reduction in Claimant's taxable income for the 1998 tax year in the amount of $9,711,514 or such other proper amount as provided by law.

In July 30, 1999, Allied Waste Industries, Inc. ("Allied") acquired substantially all of the outstanding stock of BFI Inc. Prior to the acquisition, BFI Inc. utilized a large in-house staff to manage the liabilities arising from its operations. In contrast, Allied utilized a small in-



house staff and outsourced most of its environmental management, risk management and other expertise.

In July 1999, shortly before the close of the acquisition, BFI Inc. restructured the management of its contingent liabilities in a manner consistent with Allied's outsourcing approach and to provide a legal structure that would foster the effective management of the liabilities. As a replacement for BFI Inc.'s heavily staffed internal departments, BFI Inc. established six separate liability management companies based on the specific expertise needed for the management of the liabilities and compliance with applicable regulatory laws, as shown on Exhibit 2. In order to consolidate the liabilities into the corresponding liability management companies, the BFI Sellers contributed certain notes in an aggregated amount of $902,561,661 to the liability management companies in exchange for (i) Class B Common Stock, and (ii) the assumption by the liability management companies of contingent liabilities in the aggregate amount of $901,660,007. The above transactions were tax-free exchanges pursuant to § 351.

Each of the BFI Sellers then sold their shares of Class B Common Stock to environmental and insurance consultants with considerable expertise in the liabilities managed by the respective liability management company (hereinafter referred to the "Consulting Investors"). <u>See</u> identities of Consulting Investors at Exhibit 2. The ownership of the stock provides an equity incentive for the Consulting Investors to aggressively identify and take advantage of cost-saving opportunities in managing the liabilities.

The aggregate amount realized by the BFI Sellers on the sale of the Class B Common Stock during the 1999 tax year was $901,654. The BFI Sellers' tax basis in the Class B Common Stock was a substitute basis equal to the sum of the tax basis of the property which the BFI Entities contributed to the liability management companies and unreduced by the

1.5

liability management companies' assumption of the liabilities in accordance with § 358. As shown on Exhibit 1, the BFI Sellers' aggregate tax basis in the Class B Common Stock was $902,561,661. The liabilities do not reduce stock basis because they are excluded under § 357(c)(3) and, therefore, § 358(d)(2) applies. Alternatively, the liabilities are not taken into account under § 358(d) because such contingent liabilities are not "liabilities" for federal income tax purposes. Consequently, as shown on Exhibit 1, the BFI Sellers' sales of the Class B Common Stock resulted in an aggregate capital loss of $901,660,007 in the 1999 tax year.

Claimant's deduction of the capital loss resulting from the sale of the Class B Common Stock during the 1999 tax year by the BFI Group was disallowed by the Internal Revenue Service's (the "Service") examination team. The disallowance of the capital loss is reflected in Issue 71 of the Examination Report dated May 31, 2002 and revised September 3, 2002. The disallowance of the capital loss is incorrect and without merit. Claimant hereby incorporates by reference all documents, letters, schedules, explanation, protests, and other correspondence on this issue supplied to the Service.

As a result of the changes herein, Claimant's tax liability is reduced by $9,711,514 or such greater amount as is legally refundable.

**BROWNING-FERRIS INDUSTRIES, LLC for CONSOLIDATED GROUP f/k/a BROWNING-FERRIS INDUSTRIES, INC. & SUBSIDIARIES**
**EMPLOYER IDENTIFICATION NUMBER 74-1673682**
FORM 1120X EXPLANATION OF CHANGES
ATTACHMENT 1
EXHIBIT 1

| Shares Sold of: | Seller | Seller's FEIN | Sales Price | Basis | Gain (Loss) |
|---|---|---|---|---|---|
| Browning-Ferris Industries Europe, Inc. | Browning-Ferris Industries, Inc. | 74-1673682 | 155,840 | 155,995,840 | (155,840,000) |
| Entity Total | | | 155,840 | 155,995,840 | (155,840,000) |
| BFI Trans River (LP), Inc. | Browning-Ferris Industries, Inc. | 74-1673682 | 121 | 120,120 | (119,999) |
| BFI Trans River (LP), Inc. | Attwoods of North America, Inc. | 98-0086273 | 2,022 | 2,022,020 | (2,019,998) |
| BFI Trans River (LP), Inc. | BFI Waste Systems of New Jersey, Inc. | 22-1755133 | 9,842 | 9,849,840 | (9,839,998) |
| BFI Trans River (LP), Inc. | BFI Waste Systems of North America, Inc. | 41-1696636 | 72,871 | 72,952,880 | (72,880,009) |
| BFI Trans River (LP), Inc. | Browning-Ferris Industries Chem. Services | 74-1362353 | 6,552 | 6,556,550 | (6,549,998) |
| BFI Trans River (LP), Inc. | Browning-Ferris Industries of California, Inc. | 95-2772010 | 4,949 | 4,954,950 | (4,950,001) |
| BFI Trans River (LP), Inc. | Browning-Ferris Industries of Ohio, Inc. | 74-6186941 | 941 | 940,940 | (939,999) |
| BFI Trans River (LP), Inc. | Browning-Ferris Industries, Inc. (Mass) | 04-1254350 | 2,563 | 2,562,560 | (2,559,997) |
| BFI Trans River (LP), Inc. | CECOS International, Inc. (New York) | 16-1069544 | 1,417 | 1,421,420 | (1,420,003) |
| BFI Trans River (LP), Inc. | Woodlake Sanitary Service, Inc. | 41-0673360 | 28 | 30,030 | (30,002) |
| Entity Total | | | 101,306 | 101,411,310 | (101,310,004) |
| BFI Energy Systems of Plymouth, Inc. | BFI Waste Systems of North America, Inc. | 41-1696636 | 278,417 | 278,698,420 | (278,420,003) |
| BFI Energy Systems of Plymouth, Inc. | Browning-Ferris Industries of California, Inc. | 95-2772010 | 16,125 | 16,126,110 | (16,109,985) |
| BFI Energy Systems of Plymouth, Inc. | Browning-Ferris Industries of Ohio, Inc. | 74-6186941 | 49,040 | 49,099,050 | (49,050,010) |
| BFI Energy Systems of Plymouth, Inc. | Browning-Ferris Industries, Inc. (Mass) | 04-1254350 | 4,164 | 4,164,160 | (4,159,996) |
| BFI Energy Systems of Plymouth, Inc. | International Disposal Corp. of California | 94-2229685 | 6,063 | 6,066,060 | (6,059,997) |
| BFI Energy Systems of Plymouth, Inc. | New Morgan Landfill Company, Inc. | 23-2645522 | 15,991 | 16,016,000 | (16,000,009) |
| Entity Total | | | 369,800 | 370,169,800 | (369,800,000) |
| Browning-Ferris Industries Asia Pacific, Inc. | CECOS International, Inc. (New York) | 16-1069544 | 69,810 | 69,879,810 | (69,810,000) |
| Entity Total | | | 69,810 | 69,879,810 | (69,810,000) |
| BFI Services Group, Inc. | BFI Waste Systems of New Jersey, Inc. | 22-1755133 | 7,438 | 7,437,430 | (7,429,992) |
| BFI Services Group, Inc. | BFI Waste Systems of North America, Inc. | 41-1696636 | 138,661 | 138,808,670 | (138,670,009) |
| BFI Services Group, Inc. | Browning-Ferris Industries Chem. Services | 74-1362353 | 314 | 310,310 | (309,996) |
| BFI Services Group, Inc. | Browning-Ferris Industries of California, Inc. | 95-2772010 | 7,072 | 7,077,070 | (7,069,998) |
| BFI Services Group, Inc. | Browning-Ferris Industries of Ohio, Inc. | 74-6186941 | 21,084 | 21,111,090 | (21,090,006) |
| BFI Services Group, Inc. | Browning-Ferris, Inc. (MD) | 74-1990096 | 6,181 | 6,176,170 | (6,169,989) |
| BFI Services Group, Inc. | Browning-Ferris Industries, Inc. (Mass) | 04-1254350 | 11,210 | 11,221,210 | (11,210,000) |
| BFI Services Group, Inc. | Woodlake Sanitary Service, Inc. | 41-0673360 | 1,860 | 1,871,870 | (1,870,010) |
| Entity Total | | | 193,820 | 194,013,820 | (193,820,000) |
| BFI Energy Systems of Boston, Inc. | BFI Waste Systems of North America, Inc. | 41-1696636 | 830 | 830,830 | (830,000) |
| BFI Energy Systems of Boston, Inc. | Browning-Ferris Industries Chem. Services | 74-1362353 | 5,670 | 5,675,670 | (5,670,000) |
| BFI Energy Systems of Boston, Inc. | Browning-Ferris Industries of Ohio, Inc. | 74-6186941 | 4,580 | 4,584,580 | (4,580,000) |
| Entity Total | | | 11,080 | 11,091,080 | (11,080,000) |
| Combined Entities Total | | | 901,656 | 902,561,660 | (901,660,004) |

**BROWNING-FERRIS INDUSTRIES, LLC for CONSOLIDATED GROUP f/k/a BROWNING-FERRIS INDUSTRIES, INC. & SUBSIDIARIES**
**EMPLOYER IDENTIFICATION NUMBER 74-1673682**
**ATTACHMENT 1**
**EXHIBIT 2**

| Liability Management Company | Description of Liabilities Assumed | Consulting Investors |
|---|---|---|
| BFI Services Group, Inc. | Routine post-closure costs associated with closed landfills | Foster Environmental<br>Herst & Associates<br>Power Strategies, Inc. |
| Browning-Ferris Industries Asia Pacific, Inc. | Costs associated with hazardous waste management | COMCOR Environmental, Ltd.<br>Herst & Associates<br>Nelson Perel<br>Tim Webster |
| BFI Energy Systems of Boston, Inc. | Remediation costs associated with chemical waste management | COMCOR Environmental Ltd.<br>Herst & Associates<br>Nelson Perel<br>Tim Webster |
| BFI Trans River (LP), Inc. | Transaction costs for Superfund matters, remediation costs, potential legal settlements, and related legal and engineering costs | COMCOR Environmental Ltd.<br>Herst & Associates<br>Nelson Perel<br>Tim Webster |
| BFI Energy Systems of Plymouth, Inc. | Closing costs, capping costs and storm water control costs associated with operating active landfills | COMCOR Environmental Ltd.<br>Foster Environmental<br>Herst & Associates |
| Browning-Ferris Industries Europe, Inc. | Contingent Insurance Liabilities (auto, general, and workman's compensation) | Willis Corroon Corp. of Arizona |

1.6