# United States Court of Federal Claims

| | | |
|---|---|---|
| BROWNING-FERRIS INDUSTRIES, INC. & SUBSIDIARIES, | ) | |
| Plaintiff, | ) | No. 05-738T |
| v. | ) | Judge Thomas C. Wheeler |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

---

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO RCFC 41(a)(2) AND FOR DISMISSAL OF COUNTERCLAIM PURSUANT TO RCFC 12(b)(1)**

---

PHILIP KARTER
Miller & Chevalier Chartered
300 Conshohocken State Road, Suite 570
West Conshohocken, PA 19428
610/729-7820 Telephone
610/729-7805 Facsimile
*Attorney of Record for Plaintiff*

December 8, 2006

# TABLE OF CONTENTS


TABLE OF CONTENTS ........ i

TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

ARGUMENT ........ 4

A. Purported Prejudice to the Defendant is of No Relevance to the Non-Discretionary Question of Subject Matter Jurisdiction ........ 4

B. Defendant's Claim that Taxpayers Cannot Rely on Legislative Treasury Regulations that Confer Authority to File Refund Claims Has No Merit ........ 7

C. The Authority to File Claims for Refund Is a Question of Federal Tax Law, Not State Law ........ 9

D. The Federal Tax Authorities Cited by Defendant Do Not Address the Authority to File Refund Claims ........ 9

E. Claims Filed by the Wrong Taxpayer Cannot Constitute Informal Claims for Refund under Code § 7422 ........ 12

F. Substitution of Parties Will Not Cure the Jurisdictional Defect ........ 13

CONCLUSION ........ 14

# TABLE OF AUTHORITIES

## CASES

Page

*American Radiator & Standard Sanitary Corp. v. United States*,

162 Ct. Cl. 106 (1963) ........ 12, 13

*Coltec Industries v. United States*, 454 F.3d 1340 (Fed. Cir. 2006) ........ 5

*Deuterium Corp. v. United States*, 21 Ct. Cl. 132 (1990) ........ 6

*Giannakos v. M/V Bravo Trader*, 762 F.2d 1295 (5th Cir. 1985) ........ 4

*Interlake Corp. v. Commissioner*, 112 T.C. 103 (1999) ........ 7, 11

*Kontrick v. Ryan*, 540 U.S. 443 (2004) ........ 7

*Mulholland v. United States*, 175 Ct. Cl. 832 (1966) ........ 4

*O'Neill v. United States*, 281 F. Supp. 359 (D. Ohio 1968), *aff'd*, 410 F.2d 888 ........ 11

*Rosengarten v. United States*, 149 Ct. Cl. 287 (1960) ........ 12, 13

*Sams v. Beech Aircraft Corp.*, 625 F.2d 273 (9th Cir. 1980) ........ 7

*Southern Pacific Co. v. Commissioner*, 84 T.C. 395 (1985) ........ 2, 7, 13

*Union Oil Co. v. Commissioner*, 101 T.C. 130 (1993) ........ 2

*United States v. Dalm*, 494 U.S. 596 (1990) ........ 13

## STATUTES

26 U.S.C. § 7422 ........ passim

I.R.C. § 1502 ........ 7

## REGULATIONS

Treas. Reg. § 1.1502-77A ........ passim

Treas. Reg. § 1.1502-77A(a) ........ 7

Treas. Reg. §§ 1.1502-77A(d) ........ 8

Treas. Reg. §§ 1.1502-77A(e) .......... 9

Treas. Reg. §§ 1.1502-77A(e)(2) .......... 3

Treas. Reg. §§ 1.1502-77A(e)(3) .......... 3

Treas. Reg. § 1.6012-2 .......... 9, 10

Treas. Reg. § 301.7701 .......... 10

Treas. Reg. § 301.7701-2(c)(2)(iii) .......... 11

Treas. Reg. § 301.7701-2(c)(2)(iii)(A) .......... 10, 11, 12

**TAX MATERIALS**

65 Fed.Reg. 57755 (Sept. 26, 2000) .......... 8

65 Fed.Reg. at 57756 (Sept. 26, 2000) .......... 8, 11

FSA 200210012 (Nov. 19, 2001) .......... 8

FSA 200027026 (April 10, 2000) .......... 8

**RULES**

RCFC 17(a) .......... 13

RCFC 25(c) .......... 13

RCFC 41(a) .......... 4

RCFC 41(a)(2) .......... 7

**OTHER AUTHORITIES**

2001 NSAR 126, 2001 WL 34056128 (Mar. 12, 2001) .......... 8

2001 NSAR 142, 2001 WL 34056134 (Oct. 22, 2001) .......... 8

# United States Court of Federal Claims

| | | |
|---|---|---|
| BROWNING-FERRIS INDUSTRIES, INC. & SUBSIDIARIES, | ) | |
| Plaintiff, | ) | No. 05-738T |
| v. | ) | Judge Thomas C. Wheeler |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO RCFC 41(a)(2) AND FOR DISMISSAL OF COUNTERCLAIM PURSUANT TO RCFC 12(b)(1)**

## INTRODUCTION

Plaintiff's pending motion to dismiss contends that the court lacks subject matter jurisdiction over the instant federal tax refund action because of Plaintiff's failure to satisfy the jurisdictional prerequisites for commencing suit mandated by 26 U.S.C. § 7422.[1] In this case, those prerequisites required the filing of valid refund claims by the duly authorized agent of the Browning-Ferris Industries, Inc. consolidated group (the "BFI Group").

Because of the application of Treas. Reg. § 1.1502-77A, which provides that when the common parent of a consolidated group terminates, the remaining members of the group must designate an agent to represent the group, no entity was authorized to file refund claims on

---

1 Unless otherwise stated, all citations to the "Code" or "sections" refer to the Internal Revenue Code of 1986 (26 U.S.C.), as amended and applicable to the taxable periods involved. Unless otherwise stated, all references to "Treasury Regulations" or "Regulations" or "Treasury Regulation sections" are to the Treasury Regulations operative in the taxable periods involved.

behalf of the BFI Group after Browning-Ferris Industries, Inc. ("BFI, Inc.") terminated on December 31, 2004, until the BFI Group designated BFI Waste Systems of North America, Inc. ("BFI Waste Systems") as the new agent. Only the duly authorized agent for the group may file claims for refund. This is what the regulation unambiguously provides and, as a legislative regulation, it has the force and effect of law. *See Southern Pacific Co. v. Comm'r*, 84 T.C. 395, 400 (1985); *Union Oil Co. v. Comm'r*, 101 T.C. 130, 137-38 (1993). Because BFI, Inc. terminated by liquidating for federal tax purposes, it had no authority to file claims for refund on behalf of the BFI Group, rendering the original refund claims filed on or about May 5, 2005, invalid.

Defendant argues that Plaintiff's motion, which is framed as a motion for voluntary dismissal without prejudice, would be inappropriate because such a dismissal would result in "plain legal prejudice" to Defendant. Defendant's posits that the court has discretion to decide whether to grant a voluntary dismissal in this case and argues that, in the exercise of such discretion, the court should not deny the motion because of the prejudice that would result. The problem with Defendant's argument is that it is based on a faulty premise; i.e., that the court has discretion, in the absence of subject matter jurisdiction, to weigh considerations such as prejudice to a party in deliberating over whether to grant or deny a motion to dismiss.

Notwithstanding whether such prejudice actually exists, the issue of whether the court lacks subject matter jurisdiction is a legal question over which the court has no discretion. Therefore, even assuming *arguendo* that Defendant's claim of prejudice is meritorious, such claim, along with its various other claims about Plaintiff's motives underlying the motion, are completely irrelevant. What is relevant is that Defendant does not dispute (i) that the key legal authority, Treas. Reg. § 1.1502-77A, applies to the BFI Group for the tax years in question, and

(ii) that this regulation requires the designation of an agent for a consolidated group in the manner described in Plaintiff's brief.

In addition to its claim of prejudice, Defendant floats several other arguments. It argues, for example, that Treas. Reg. § 1.1502-77A is a regulation whose sole purpose is to protect the interests of the Internal Revenue Service; it cannot be relied upon by taxpayers. In fact, as pointed out in Plaintiff's opening brief, Treas. Reg. §§ 1.1502-77A(e)(2) and (e)(3) contain exceptions to the general agency requirements that are, by their flush language, clearly intended to protect the interests of the IRS. Pl.'s Br. at 8. However, these alternative agent provisions are limited to receiving notices of deficiencies and waiving the statute of limitations; they do not include claims for refund.

Third, although Defendant acknowledges that BFI, Inc. liquidated for federal tax purposes, it argues that BFI, Inc. continued to have authority to file claims for refund because the liquidation did not constitute a dissolution for purposes of state law. The authority to file claims for refund, however, is a question of federal law whose answer, in the consolidated return context, is found in Treas. Reg. § 1.1502-77A. State law, just as Defendant's claim of unfair prejudice, is of no relevance to this question,

Fourth, Defendant argues that Plaintiff has misinterpreted the applicable federal law, citing regulations and cases pertaining to the requirements of a corporation to pay federal income taxes after dissolution. These authorities, like their state law counterparts, are inapposite to the issue here; whether BFI, Inc. was capable of filing *refund claims* on behalf of the BFI Group after it terminated for federal tax purposes.

Finally, Defendant argues that even if BFI, Inc. had no authority to file refund claims, the claims filed in the name of BFI, Inc. on or about May 5, 2005, constituted informal refund claims

that are sufficient to bestow jurisdiction on this court. The case law from which the informal claims doctrine arises, including authorities cited by Defendant, confirms, however, that a refund claim filed by the wrong taxpayer cannot provide a basis for subject matter jurisdiction. Those authorities instead pertain to circumstances where the right taxpayer filed a claim that had some other type of defect.

Defendant's proposed solution to the defective refund claims, that the Court substitute the proper party in interest for BFI, Inc., begs the question. Such a proposal presumes the court possesses the discretion to fashion a remedy to cure the defect. Of course, if the defect is jurisdictional, the Court has no such discretion.

For purposes of dealing with all of the claims before the court, Defendant concedes that its own counterclaim is dependent on the maintenance of the underlying suit. *See* Def.'s Opp. Br. at 14, *citing Mulholland v. United States*, 175 Ct. Cl. 832, 836-37 (1966). Therefore, the resolution of the jurisdictional question as to Plaintiff's complaint will determine whether Defendant's counterclaim must also be dismissed.

## ARGUMENT

### A. Purported Prejudice to the Defendant is of No Relevance to the Non-Discretionary Question of Subject Matter Jurisdiction

Defendant argues that Rule 41(a) does not authorize voluntary dismissal of Plaintiff's action because dismissal "would prejudice the United States and require dismissal of its counterclaim." Def.'s Opp. Br. at 13. However, because Plaintiff's motion for voluntary dismissal is premised on the Court's lack of subject matter jurisdiction over the action, any purported prejudice to the United States is of no relevance to the legal question at hand. *See Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985) (rejecting argument that "equities" should be considered in evaluating subject matter jurisdiction because the "question of

subject matter jurisdiction must be resolved by the application of proper legal principles to the facts"). The Court should determine whether it has subject matter jurisdiction without regard to any of the factual assertions raised by Defendant regarding Plaintiff's motives in alerting the court to this jurisdictional issue. Moreover, the pendency of Defendant's counterclaim should not prevent voluntary dismissal because the counterclaim, like the claim itself, is jurisdictionally defective.

In advancing its prejudice argument, Defendant points to a variety of supposedly supportive facts, Plaintiff's historic dealings with the IRS, the filings made in the name of BFI, Inc. and Browning-Ferris Industries, LLC ("BFI, LLC") to various state corporate regulatory authorities, and Plaintiff's assessment of the decision in *Coltec Industries v. United States*, 454 F.3d 1340 (Fed. Cir. 2006), which Defendant has concluded represents a motive for the motion to dismiss.[2] This Court itself has observed that Plaintiff's motives, whatever they were, have no

---

[2] Notwithstanding the irrelevancy of its "motives" arguments, one particularly egregious example of Defendant's attempt to impugn Plaintiff's and counsel's motives is in its representation of the facts concerning BFI, Inc.'s and BFI, LLC's filings in the State of Arizona on September 12, 2006. Defendant asserts that BFI, Inc. and BFI, LLC did not follow certain corporate formalities in Arizona involving the withdrawal of BFI, Inc. as a foreign corporation transacting business in the State and the registration of BFI, LLC until "after plaintiff informed the Court of its intent to move for dismissal of this case." Def.'s Opp. Br. at 10. *See also*, Defendant's Proposed Findings of Uncontroverted Fact, at ¶ 22. The clear inference from Defendant's reference to these filings is that they were undertaken only after Plaintiff had decided to seek dismissal of its own case.

This is an inference that Defendant knows full well is misrepresentative of the true facts. Indeed, during discovery, Plaintiff produced documents and an affidavit from an employee of Allied Waste Industries, Inc., the person responsible for overseeing these filings, which explained that the September 12, 2006 filing date on the Arizona applications was the result of administrative error. In fact, these applications were initially submitted in January 2005 to the statutory agent of BFI, Inc. and BFI, LLC (contemporaneous with the termination of BFI, Inc.) for filing with the State of Arizona, which is plainly evident from the date they were signed. In May 2006, duplicates of these applications (bearing signature dates of January 25, 2005 and January 26, 2006) were submitted to the statutory agent only after it was discovered that the

(footnote continued on next page)

bearing on the question about whether subject matter jurisdiction exists and the discussion should end there. *See*, *e.g.*, Hearing Tr. at 13: 9-11. (Aug. 29, 2006).

Defendant also asserts that it would be prejudiced "based on the considerable time and effort in litigating the case thus far." Def.'s Opp. Br. at 15. Again, the time and effort spent by the Defendant is irrelevant to the question of subject matter jurisdiction, but it is nonetheless axiomatic that a dismissal without prejudice will not cause the Defendant's efforts to go to waste. If BFI Waste Systems files a new suit based on the refund claims it filed as designee for the BFI Group, the same factual and legal issues will be in dispute and Defendant's time and effort in this action will not have been wasted.[3]

Furthermore, Defendant's concerns about forum shopping notwithstanding, there would have been nothing to prevent Defendant from raising the same jurisdictional challenge in this

(footnote continued from previous page)
statutory agent inadvertently and erroneously failed to file the applications with the Arizona Corporation Commission back in January 2005. Additionally, the documents produced by Plaintiff demonstrate that BFI, Inc. successfully made similar filings in the state of Texas and received confirmation of withdrawal as a foreign corporation from Texas in March 2005, before Plaintiff even filed its complaint in this case. *See* Affidavit of Elaine E. Kuether and Attachments, excerpted from Plaintiff's discovery response, attached hereto as Exhibit 1.

Plaintiff provided Defendant with an affidavit of an Allied employee explaining these events in order to clarify any confusion that might be caused by the filing date stamp on the documents. Moreover, this explanation was the very reason why Defendant subsequently sought and took the deposition of Ms. Kuether. Therefore, as to the suggestion that the Arizona filing in August 2006 is an indication of Plaintiff's contrivance, Defendant knows better and, irrelevancy aside, it should not have misled the Court in furtherance of this argument.

[3] Despite the time that has passed since the initial pleadings were filed, very little has transpired in this case other than the initial disclosures and the instant motions. The current situation is, therefore, distinguishable from cases where plaintiffs sought voluntary dismissal very late in the proceedings. *See*, *e.g.*, *Deuterium Corp. v. United States*, 21 Ct. Cl. 132, 135 (1990) (voluntary dismissal denied where "after eight years of litigation, plaintiff has moved to withdraw on the eve of trial.")

case or in the case of other similarly situated taxpayers if a dismissal were in the interests of the Defendant. Such might be the case, for example, if the statute of limitations for filing new corrected refund claims had run. Because a defect in subject matter jurisdiction may be raised at any time, even on appeal, this consideration is not a trivial one. *See Kontrick v. Ryan*, 540 U.S. 443, 455 (2004). A dismissal without prejudice in this case would simply put Plaintiff in the same position it was initially, and the duly authorized agent for the BFI Group would have available to it the same choice of fora that are available all taxpayers.[4]

**B. <u>Defendant's Claim that Taxpayers Cannot Rely on Legislative Treasury Regulations that Confer Authority to File Refund Claims Has No Merit</u>**

Under the consolidated return regulations, the common parent of a consolidated group is the "sole agent for each subsidiary in the group" and the "common parent will file claims for refund or credit." Treas. Reg. § 1.1502-77A(a). These regulations were promulgated under the express authority of I.R.C. § 1502 and are therefore legislative regulations that have the force and effect of law. *See Southern Pacific*, 84 T.C. at 400. As described in Plaintiff's opening brief, courts have observed that "[a] central feature of the consolidated return regulations is the role of the common parent as the exclusive agent for the consolidated group with respect to all procedural matters". *Interlake Corp. v. Comm'r*, 112 T.C. 103, 113 (1999). *See* Pl.'s Br. at 7.

---

[4] Also incorporated into Defendant's prejudice argument is a claim that the pendency of its counterclaim is another factor that should preclude voluntary dismissal. As explained in Plaintiff's opening brief, an action may be voluntarily dismissed despite the pendency of a counterclaim if the counterclaim, like the claim itself, is jurisdictionally defective. Pl.'s Br. at 3-4. *See Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980) ("an objection premised upon an improper counterclaim (that is, in the sense that the court lacks subject matter jurisdiction over it) cannot prevent dismissal under Rule 41(a)(2) because the counterclaim is not entitled to independent adjudication." Defendant's objection that its counterclaim is a source of plain legal prejudice that should bar voluntary dismissal is therefore erroneous. It is also contradicted by Defendant's own acknowledgement that the counterclaim is dependent on the maintenance of the underlying suit.

These regulations provide a specific procedure pursuant to which the members of a consolidated group whose common parent has terminated may designate another member to act as agent. *See* Treas. Reg. § 1.1502-77A(d). This procedure is the sole mechanism by which the regulations authorize a corporation to act as agent for a consolidated group whose common parent has terminated.

As described in Plaintiff's opening brief, the IRS and Treasury Department have confirmed in numerous rulings and other publications that, absent a designation under Treas. Reg. § 1.1502-77A, a consolidated group whose common parent has liquidated is left with no agent that is authorized to file claims for refund. *See* Pl.'s Br. at 9-11, citing 65 Fed. Reg. 57755, 57756 (Sept. 26, 2000); FSA 200210012 (Nov. 19, 2001); 2001 NSAR 142, 2001 WL 34056134 (Oct. 22, 2001); 2001 NSAR 126, 2001 WL 34056128 (Mar. 12, 2001); and FSA 200027026 (April 10, 2000). For this reason, following the liquidation of BFI, Inc., the remaining members of the BFI Group designated BFI Waste Systems as the Group's agent pursuant to Treas. Reg. § 1.1502-77A(d). BFI Waste Systems filed claims for refund on behalf of the BFI Group on or about August 24, 2006.[5]

Defendant does not dispute that subsidiaries or other entities have no authority to file claims for refund for a consolidated group. Instead, Defendant argues that Treas. Reg. § 1.1502-77A merely "imposes obligations upon taxpayers when the common parent has dissolved or terminated, and gives the IRS rights in the event taxpayers fail to fulfill those obligations."

---

[5] In its Statement of Objections, at Def.'s Statement of Objections, at 20, Defendant points out that the IRS approved the designation of BFI Waste Systems on August 31, 2006, *i.e.*, seven days after BFI Waste Systems filed refund claims on August 24, 2006. The point is irrelevant because the validity of the refund claims filed by BFI Waste Systems has nothing to do with whether the refund claims filed by *BFI, Inc.* in May 2005 were valid claims on which jurisdiction of the present case under § 7422 can be based.

Def.'s Opp. Br. at 22 n.9. There is no support for such a limited interpretation of Treas. Reg. § 1.1502-77A. The regulation explicitly provides certain protections for the IRS in Treas. Reg. § 1.1502-77A(e). These protections allow the IRS to treat certain corporations as alternative agents for the limited purposes of receiving notices of deficiency and signing waivers of the statute of limitations. An alternative agent under Treas. Reg. § 1.1502-77A(e) has no authority to file claims for refund.

### C. **The Authority to File Claims for Refund Is a Question of Federal Tax Law, Not State Law**

Defendant concedes that BFI, Inc. liquidated for federal income tax purposes as a result of the conversion of BFI, Inc. into BFI, LLC under Delaware law. Def.'s Opp. Br. at 21. Defendant argues, however, that BFI, Inc. continued to have authority to file claims for refund because it continued to be a legal entity with capacity to sue under state law. Def.'s Opp. Br. at 18-19. Defendant ignores the fact that the authority to file claims for refund on behalf of a consolidated group is expressly determined under federal tax law, specifically Treas. Reg. § 1.1502-77A, as described above. Capacity to sue under state law is irrelevant to the question of whether an entity had authority to file a claim for refund within the meaning of § 7422, particularly where legislative Treasury regulations define whether an entity may file such a claim.

### D. **The Federal Tax Authorities Cited by Defendant Do Not Address the Authority to File Refund Claims**

Perhaps because it is aware that authority to file claims for refund is a matter of federal tax law and not state law, Defendant also points to Treas. Reg. § 1.6012-2 to support its position. This regulation does not bestow authority to file claims for refund; it merely provides that a corporation is required to file income tax returns. Defendant nonetheless argues, based on Treas.

Reg. § 1.6012-2, that the existence of the BFI Group's tax claims establish the "continued existence of BFI, Inc." for purposes of filing refund claims on behalf of the BFI Group. Def.'s Opp. Br. at 20. Even if it were true that the rules for filing income tax returns are analogous to those for filing claims for refund, the existence of the BFI Group's tax claims would, by Defendant's logic, merely establish the continued existence of the BFI Group, not BFI, Inc. itself as agent for the group.

Defendant additionally points to the "entity classification regulations" set forth under Treas. Reg. § 301.7701 to establish that BFI, LLC had authority to file refund claims on behalf of the BFI Group. In particular, Defendant relies on Treas. Reg. § 301.7701-2(c)(2)(iii)(A), which provides:

> In general. An entity that is otherwise disregarded as separate from its owner is treated as an entity separate from its owner for purposes of:
>
> …
>
> (1) Federal tax liabilities of the entity with respect to any taxable period for which the entity was not disregarded,
>
> …
>
> (3) Refunds or credits of Federal tax.

This regulation, however, does not allow BFI, Inc. to file refund claims *on behalf of the BFI Group* after it terminated for tax purposes by converting to a limited liability company, particularly when the controlling consolidated return regulations define a specific procedure for designating an agent for a consolidated group after a common parent terminates. In other words, all this regulation provides is that BFI, LLC is treated as an entity separate and apart from its parent, Allied Waste North America, Inc. ("Allied"), for purposes of its own tax liabilities or refunds. It does not contemplate agency in the consolidated return context nor does it supersede the consolidated return regulations, specifically the requirement imposed by Treas. Reg. §

1.1502-77A that a consolidated group whose common parent terminates *must* designate a replacement agent for the group. It should also be noted that there is no basis to conclude that an interpretive regulation, such as Treas. Reg. § 301.7701-2(c)(2)(iii)(A), can preempt a legislative regulation having the force of law. *See*, *e.g., O'Neill v. United States*, 281 F. Supp. 359, 363 (D. Ohio 1968), *aff'd*, 410 F.2d 888 (6th Cir. 1969) ("Regulations are not entitled to equal weight before the courts. A court has greater freedom when passing on an interpretative rule than a legislative one").

For purposes of the consolidated return regulations, the liquidation of BFI, Inc. constituted a termination of the common parent, regardless of whether a liquidation generally would allow a disregarded entity to file refund claims on its own behalf under Treas. Reg. § 301.7701-2(c)(2)(iii)(A), the interpretive regulation cited by Defendant. Treas. Reg. § 301.7701-2(c)(2)(iii)(A) does not define a termination of a common parent for purposes of the consolidated return regulations. *See* 65 Fed. Reg. at 57756 (designation of an agent under consolidated return regulations is required "where the common parent has ceased to exist (*e.g.*, due to a merger or *liquidation*)" (emphasis added); *see also Interlake Corp.*, 112 T.C. at 114-15 (authority of a former common parent that was spun off but continued in legal existence "terminated when its affiliation with the group terminated.")

Plaintiff notes further that BFI, LLC, the disregarded entity in question, did not file the claims for refund upon which the complaint in this action was based. Those claims were filed by BFI, Inc. At most, Treas. Reg. § 301.7701-2(c)(2)(iii)(A) defines whether a disregarded entity such as BFI, LLC is liable for prior tax liabilities or entitled to tax refunds. It does not permit a converted corporation to disavow its liquidation for purposes of the consolidated return

regulations. For this additional reason, Treas. Reg. § 301.7701-2(c)(2)(iii)(A), like Defendant's other arguments, is irrelevant to the jurisdictional issue that is the subject of Plaintiff's motion.[6]

### E. <u>Claims Filed by the Wrong Taxpayer Cannot Constitute Informal Claims for Refund under Code § 7422</u>

Defendant notes that a failure by a taxpayer to file a refund claim in strict compliance with the applicable regulations "is not necessarily fatal" to a court's subject matter jurisdiction under § 7422. Plaintiff agrees that a claim lacking in specificity and detail may constitute an "informal claim." *See American Radiator & Standard Sanitary Corp. v. United States*, 162 Ct. Cl. 106 (1963). In this case, there is no question as to the specificity or level of detail in the requests filed by BFI, Inc.; rather, the requests were filed by the wrong taxpayer. The designee, BFI Waste Systems, should have filed (and eventually did file) refund claims, not BFI, Inc.

Defendant fails to cite a single case in which the informal claim doctrine applied to treat a request filed by the wrong taxpayer as a valid claim for refund. On the contrary, in one case cited by the Defendant, the court expressly stated, "nor is it sufficient that a claim involving the same ground has been filed for another year or by a different taxpayer." *American Radiator*, 162 Ct. Cl. at 114 (cited in Def.'s Opp. Br. at 24). *See also Rosengarten v. United States*, 149 Ct. Cl. 287, 293-294 (1960) ("We are aware of no case, however, where a court has held that a request

---

[6] In this regard, we note that BFI, LLC filed *protective* refund claims on behalf of the BFI Group on August 22, 2006. Defendant refers to these protective claims as the "Second BFI Claims" in its brief. Def.'s Opp. Br. at 11. In fact, each of these claims was designated a "PROTECTIVE REFUND CLAIM", a designation obscured in the copies of such claims provided by Defendant in the Factual Appendix to its Opposition at 87-103. Unobscured copies of the protective refund claims are attached hereto as Exhibit 2. As protective refund claims, these claims were intended to protect the interests of the BFI Group in the event that the IRS took the position that BFI, LLC, and not the designated agent, BFI Waste Systems, was the proper claimant. Even assuming Treas. Reg. § 301.7701-2(c)(2)(iii)(A) were to apply in the manner described by Defendant, these protective refund claims would serve as the jurisdictional prerequisite required under § 7422, not the claims filed by *BFI, Inc.* on May 5, 2005.

for refund for a particular year constituted a claim for another year, nor any case in which a claim for refund by a specific taxpayer constituted an informal claim for that year on behalf of a different taxpayer.") Accordingly, a request for refund filed by BFI, Inc. cannot constitute an informal claim on behalf of BFI Waste Systems.

Defendant's further contention that the requests made by BFI, Inc. constitute valid informal refund claims because the IRS has waived "strict compliance" with the consolidated return regulations similarly has no merit. The informal claims authorities do not permit the IRS to waive the contention that a claim for refund be made by the proper taxpayer. *See American Radiator*, 162 Ct. Cl. at 114; *Rosengarten*, 149 Ct. Cl. at 294. Moreover, as discussed above, the consolidated return regulations are legislative in character and have the force and effect of law. *See Southern Pacific*, 84 T.C. at 400.

Defendant's argues that "technical flaws" in the requests filed by BFI, Inc. should not preclude jurisdiction, but a request filed by the wrong taxpayer in contravention of legislative regulations cannot confer jurisdiction. Def.'s Opp. Br. at 25. As the Supreme Court has noted, in one of the cases relied upon by Defendant, "[a] distinction that has jurisdiction as its central concept is not meaningless." *United States v. Dalm*, 494 U.S. 596, 606 (1990).

**F. Substitution of Parties Will Not Cure the Jurisdictional Defect**

Finally, it is incorrect that a substitution of parties under RCFC 17(a) and RCFC 25(c), as proposed by Defendant, is the proper procedure to rectify the errors in the requests for refund filed by BFI, Inc. The issue currently in dispute is whether BFI, Inc. had authority to file refund claims on behalf of the BFI Group and whether a request filed by BFI, Inc. in this connection constitutes a "claim for refund" that has been "duly filed" within the meaning of § 7422. If the

answer to these questions is no, then the court lacks subject matter jurisdiction, and substitution of parties cannot rectify this jurisdictional defect.

## CONCLUSION

For the foregoing reasons, as well as those set forth in Plaintiff's initial brief, the court lacks subject matter jurisdiction over this suit and should dismiss the action, including Defendant's counterclaims, without prejudice.

Respectfully submitted,

*/s/ Philip Karter*

PHILIP KARTER
Miller & Chevalier Chartered
300 Conshohocken State Road, Suite 570
West Conshohocken, PA 19428
610/729-7820 Telephone
610/729-7805 Facsimile
*Attorney of Record for Plaintiff*

HERBERT ODELL
Miller & Chevalier Chartered
300 Conshohocken State Road, Suite 570
West Conshohocken, PA 19428
610/729-7810 Telephone
610/729-7805 Facsimile
*Of Counsel*

Dated: December 8, 2006