# In the United States Court of Federal Claims

No. 05-738T

(Filed: May 10, 2007)

************************************* *
*
BROWNING FERRIS INDUSTRIES, INC. *
& SUBSIDIARIES, *
*
Plaintiff, *
*
v. *
*
THE UNITED STATES, *
*
Defendant. *
*
************************************* *

ORDER ON MOTION FOR RECONSIDERATION

Defendant, the United States, has moved under Rule 59 of the Court's Rules ("RCFC") for reconsideration of the Court's March 2, 2007 Opinion and Order, in which the Court granted Plaintiff's motion to dismiss for lack of subject matter jurisdiction. The Court found that "Browning-Ferris, Inc." was not a proper representative for a consolidated group of subsidiaries at the time of filing a tax refund claim with the Internal Revenue Service ("IRS"). Under 26 U.S.C. § 7422 and Treas. Reg. § 1.1502-77A, the Court held that it lacks jurisdiction where the wrong taxpayer filed the administrative claim. See Browning-Ferris Industries, Inc. & Subsidiaries v. United States, 75 Fed. Cl. 591, 597 (2007). The filing of a proper administrative claim with the IRS is a prerequisite to the Court's jurisdiction over a tax refund claim. Id.

Background

As grounds for its March 16, 2007 motion, Defendant asserts that: (1) the May 2005 administrative claims were "valid as a collective filing by the individual members of the consolidated group;" (2) the Court has jurisdiction under the "informal claim" doctrine where the IRS addressed the claims on their merits, and thereby waived any jurisdictional defects; and (3) the Court's Opinion imposes a new jurisdictional standard that would prejudice taxpayers in its strict enforcement of technical requirements for filing claims for refund. At

the invitation of the Court, Plaintiff filed an opposition brief on April 19, 2007, requesting that the Court deny Defendant's motion for reconsideration.

The decision to grant a motion for reconsideration lies within the sound discretion of the court. Pacific Gas and Elec. Co. v. United States, 58 Fed. Cl. 1, 2 (2003) (citing Yuba Natural Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir.1990)). To prevail on such a motion, the moving party must meet the exacting standard of identifying "a manifest error of law or mistake of fact." Pacific Gas, 58 Fed. Cl. at 2; Pikeville Coal Co. v. United States, 37 Fed. Cl. 304, 313 (1997) (citing Principal Mut. Life Ins. Co. v. United States, 29 Fed. Cl. 157, 164 (1993)). To demonstrate such an error or mistake, the movant must point to a change in circumstances, such as an intervening change in the controlling law, the availability of previously unavailable evidence, or some other reason why the motion is "necessary to prevent manifest injustice." Pacific Gas, 58 Fed. Cl. at 2 (citing Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 301 (1999)).

A party may not use a motion for reconsideration to raise arguments that it could have raised previously, but did not. See, e.g., Bernard v. United States, 12 Cl. Ct. 597, 598 (1987) ("Motions pursuant to [RCFC] 59 are not to be used as relief because an unhappy party failed to urge a theory which it could have raised in original proceedings."); Mason & Hangar-Silas Mason Co., Inc. v. United States, 207 Ct. Cl. 1031 (1975) (citing General Elec. Co. v. United States, 189 Ct. Cl. 116, 117-18 (". . . where a party adversely affected by the court's decision on the issue has had fair notice that the question may well be in the case, has had a fair chance to present its position, has failed to do so, and gives no sufficient excuse for its failure, a demand for post-decision relief will normally be rejected.")). Similarly, motions for reconsideration are not intended to allow a party to reassert arguments that the Court already has considered. See Pikeville Coal Co., 37 Fed. Cl. at 313; Pacific Gas, 58 Fed. Cl. at 2 (citing Principal Mut. Life, 29 Fed. Cl. at 164). While the Court has serious doubts that Defendant has met the foregoing standard, the Court will assume so for purposes of addressing Defendant's arguments below.

## Discussion

Defendant first cites Treas. Reg. § 1.1502-77A(d) as authority for the proposition that the individual members of the consolidated group "collectively" claimed the refunds at issue. (Motion at 2). That section provides, "if the Commissioner has reason to believe that the existence of the common parent has terminated, he may, if he deems it advisable, deal directly with any member in respect of its liability." There is nothing in the record to indicate that the Commissioner exercised any authority under § 1.1502-77A(d). As Plaintiff correctly notes, Defendant's argument "confuses what the IRS is permitted to do with what taxpayers may do." (Response at 3).

Defendant next reasserts its argument that the "informal claim" doctrine applies to the claim for refund in the present case. The Court considered this argument and ruled that "the fact that the IRS considered Plaintiff's administrative claim on the merits is not a basis for the Court to waive a jurisdictional defect." Browning Ferris, 75 Fed. Cl. at 598. To elaborate on that conclusion, the Court notes that the informal claim doctrine operates to preserve a taxpayer's claim for refund in situations where the claim is in some respect defective, but nonetheless adequately apprises the Internal Revenue Service in writing that a refund is sought. See, e.g., Computervision Corp. v. United States, 445 F.3d 1355, 1365 (Fed. Cir. 2006) (citing United States v. Kales, 314 U.S. 186 (1941)). In such circumstances, where the taxpayer subsequently corrects the defective claim, this Court's predecessor has regarded the "informal claim" as properly filed. "An informal claim which is partially informative may be treated as valid even though 'too general' or suffering from a 'lack of specificity'. . . where those defects have been remedied by a formal claim filed after the lapse of the statutory period but before the rejection of the informal request." Wertz v. United States, 51 Fed. Cl. 443, 447 (2002) (citing American Radiator & Standard Sanitary Corp. v. United States, 162 Ct. Cl. 106, 318 F.2d 915 (1963)).

The informal claim doctrine is not so expansive, however, as to excuse a defect of a jurisdictional nature (*e.g.,* a claim for refund filed by a common parent that has ceased to exist). The cases reviewed by the Court and cited by the parties on this issue view jurisdictional defects for what they are. See, e.g., Wertz, 51 Fed. Cl. at 447 ("Even in its most forgiving form . . . the informal claim doctrine proves unavailing to plaintiff because [his claim] clearly was untimely."). See also Kidde Industries, Inc. v. United States, 40 Fed. Cl. 42, 61 (1997) (citing American Radiator, 162 Ct. Cl. at 113-14, 318 F.2d at 920) ("It is not enough . . . that a claim [for refund] involving the same ground has been filed for another year or by a different taxpayer."). Thus, a claim for refund containing an error concerning the identity of the taxpayer stands on the same footing as a claim filed outside the statute of limitations: both are jurisdictionally infirm, and beyond the reach of the informal claim doctrine. In the present case, the defect in the claim for refund, while manifested *on* Form 1120X, is not merely a defect *in* form, as contemplated in the informal claim jurisprudence. Rather, the passing out of existence of the common parent implicates the essence of the regulatory scheme for consolidated returns.

As for Defendant's third argument, the Court does not agree that its March 2, 2007 decision "reflects a new standard that would prejudice taxpayers" through strict enforcement of technical imperfections in their administrative claims. Rule 12(b)(1) is by design a strict legal standard, and leaves the Court no discretion to invent subject matter jurisdiction where it does not exist. Nor can the Court disregard 26 U.S.C. § 7422, which imposes the jurisdictional prerequisite that taxpayers file their claims for refund "according to the provisions of law . . . and regulations of the [IRS]." The IRS regulation relevant to this decision, § 1.1502-77A, was thoroughly reviewed by the Department of the Treasury in the

amendments proposed in September 2000. The public reviewed the proposed amendments and submitted written comments, which were in turn considered by Treasury. The provisions of the resulting regulations are deliberate, if elaborate.

Finally, regarding Defendant's concern that the Court's decision will in other cases "bar the taxpayer from litigating its claims," the Court notes that the regulations construed in its decision apply narrowly to claims for refund concerning taxable years beginning before June 28, 2002. Moreover, the present action involves a relatively unique factual setting. As it has done with this case, the Court will review all cases before it on their particular facts.

For the foregoing reasons, Defendant's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge